IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT
PARTNERS, LLC,

        Plaintiff,

  vs.

BRANTLEY COUNTY, GEORGIA by and
through its CHAIRMAN and MEMBERS
OF THE BRANTLEY COUNTY BOARD OF
COMMISSIONERS: CHRIS "SKIPPER"
HARRIS; RANDY DAVIDSON;
BRIAN HENDRIX; JESSE MOBLEY and
RAY GRIFFIN, all in their individual and
official capacities as commissioners,

        Defendants.

Case No.: 5:19-cv-109
(Jury Trial Demanded)

## COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

COMES NOW Brantley County Development Partners, LLC (herein referred to as "Plaintiff")
and hereby files this Complaint against Brantley County, Georgia, Chris "Skipper" Harris,
Randy Davidson, Brian Hendrix, Jesse Mobley and Ray Griffin (herein collectively referred to as
"Defendants") seeking relief under the United States Constitution and 42 U.S.C. Section 1983. In
support of Plaintiff's claims for legal and equitable relief, Plaintiff shows the following:

### Parties

1.

Plaintiff, Brantley County Development Partners, LLC is a limited liability company
organized and registered to do business under the laws of the State of Georgia, having its principal

place of business at 2255 Cumberland Parkway Building 1700, Atlanta, Georgia 31029. The Plaintiff is licensed to do business in the State of Georgia.

2.

Defendant, Brantley County, Georgia is a Georgia local governmental body established and existing under the Georgia Constitution, which acts through its board of commissioners. The Defendant Brantley County, Georgia and its Board of Commissioners reside in Brantley County, Georgia.

3.

Defendants Chris "Skipper" Harris, Randy Davidson, Brian Hendrix, Jesse Mobley and Ray Griffin (herein referred to as "Individual Defendants") are individuals residing in Brantley County, Georgia, are elected officials constituting members of the Brantley Board of Commissioners, and are all citizens residing in Brantley County, Georgia. The individual defendants named in paragraph 3 of this Complaint for Legal and Equitable Relief are being sued in their individual and official capacities.

4.

Plaintiff is the owner of 2,389 acres of real property located on the North and South sides of Highway 83 in an unincorporated area of Brantley County. A true and correct copy of the Limited Warranty Deed vesting title in said property dated December 22, 2014 is attached as Exhibit "A." and is incorporated herein by reference. (Said property is herein referred to as the "Subject Property" or "Property").

5.

Jurisdiction is proper as to all of the Defendants.

## Jurisdiction

### 6.

This Court has jurisdiction under 28 U.S.C. Section 1331 because Plaintiff has asserted claims under the Fifth and Fourteenth Amendments of the United States Constitution, under 42 U.S.C. Section 1983 which provides causes of action for the protection of civil and constitutional rights and damages, under 28 U.S.C. Section 1343 (a)(3) because the Plaintiff challenges the Defendants' deprivation of rights under the color of state law and under 28 U.S.C. Section 2201 because Plaintiff seeks declaratory and injunctive relief, as well as other legal and equitable remedies. This Court has supplemental jurisdiction over Plaintiff's Georgia constitutional and state law claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein, pursuant to 28 U.S.C. Section 1367.

## Venue

### 7.

The United States District Court of the Southern District of Georgia is the appropriate venue because the Defendants reside in this district, 28 U.S.C. Section 1391 (b)(1), and a substantial part of all the events, actions and omissions giving rise to the claims occurred within the district. 28 U.S.C. Section 1391(b)(2). Moreover, according to the local rules of the Southern District, the Waycross Division is the appropriate venue, because the cause of action arises in Brantley County, Georgia.

## General Allegations

### 8.

In 2014, Plaintiff's members and their representatives were contacted by officials, managers, employees, agents, and professionals of Brantley County to discuss siting a landfill in Brantley County. The County wanted a municipal solid waste landfill sited in the unincorporated

- 3 -

area of the county, so that it could contract with the Plaintiff and receive monetary consideration in the form of "host fees."

9.

Plaintiff began discussions with representatives of the County and decided to pursue the business opportunity. Plaintiff retained consultants, engineers, geologists, hydrogeologists, planners, and attorneys to determine the best location and the available properties in Brantley County. On December 22, 2014, the Plaintiff purchased 2,839 acres in Brantley County to pursue siting, construction and operation of its municipal solid waste handling facility ("Subject Property"). At the time Plaintiff began to develop the Subject Property, Brantley County had not adopted any local land use ordinances; however, it did have a 2010 Brantley County Future Land Use Plan and a 2006 Solid Waste Management Plan. The 2006 Solid Waste Management Plan expired by operation of law and its terms in 2016. The development of the property as planned was consistent with the 2010 Brantley County Future Land Use Plan and the 2006 Solid Waste Management Plan.

10.

Under the provisions of the Comprehensive Solid Waste Management Act, as amended (herein referred to as the "Act") and Solid Waste Rules and Regulations promulgated pursuant to the Act, any person seeking to operate a municipal solid waste handling facility must obtain a solid waste handling permit by application to the Georgia Department of Natural Resources, Environmental Protection Division (herein referred to as "EPD"). O.C.G.A.§ 12-8-24 provides that the EPD Director "shall issue the permit" if the proposed waste disposal facility will not result in any violation of the Act or any applicable solid waste rule promulgated by the Director. In order to submit an Application for the permit, the applicant must submit an application which contains letters from the local governmental authority certifying that the proposed site in the County is in compliance with local land use laws and is consistent with the local Solid Waste Management Plan.

11.

The Act, rules and regulations provide that a condition to filing the initial Application for Site Suitability of a Solid Waste Handling Facility ("Application") with the Environmental Protection Division for a Solid Waste Handling Facility Permit requires confirmation that the proposed site is consistent with local Land Use laws at that time. This law further requires the Applicant provide with its Application a letter from the local governmental authority which indicates that the proposed facility "… is consistent with the local… Solid Waste Management Plan…". O.C.G.A. § 12-8-24. Georgia Board of Natural Resources Rule 391-3-4-.02(10) provides that "each Applicant for a Permit shall provide verification that the facility is consistent with the local or regional Solid Waste Management Plan. The verification shall consist of a letter from the Host Jurisdiction… verifying consistency with [the] approved local Solid Waste Plan." Prior to the purchase of the Subject Property, Plaintiff met with Defendants, their officials, employees, representatives and officers to be assured that the Plaintiff could obtain the necessary letters required by EPD on the Subject Property.

12.

After the purchase of the Subject Property, Plaintiff retained a surveying company to survey the entire property to establish the legal boundaries, produce a survey and prepare a legal plat. The Plaintiff retained the professional engineering services of Harbin Engineers, P.C. to prepare all the necessary information and to coordinate all the necessary professional services of various sub-contractors to produce the reports necessary to submit the Application to the EPD for the determination of the sites' suitability and issuance of the Permit.

13.

Plaintiff also retained Environmental Services, Inc., an environmental consulting firm, to conduct the necessary testing and investigation of the site and to apply to the Army Corp of

Engineers for a Section 404 Permit. This firm did site reports based upon their Endangered and Protected Species research and investigations and prepared a detailed delineation of existing wetland areas on this site along with the supervision of a representative from the Army Corp of Engineers; and, then applied for the Section 404 Permit to the Army Corp of Engineers and received the same, which is a condition to filing the EPD Application.

14.

Harbin Engineering, P.C. obtained the services of a Geologist, Hydrogeologist, Soil Scientist, and other professionals to conduct studies on the site through drilling and testing the soils, surface areas and subsurface areas to determine the geological and hydrogeological features of the site and to prepare the Geological and Hydrogeological reports signed by registered and licensed Geologist and Hydrogeologist, which are also to be submitted with the Application to the Environmental Protection Division. Harbin Engineering, P.C. began the detailed engineering drawings according to the Rules and Regulations of the State of Georgia for the construction and operation of the landfill on the Subject Property. This included where the facilities would be sited and the detailed engineering drawings of the design and operation of the various facilities.

15.

Prior to beginning the extensive engineering, geological, hydrogeological, environmental wetlands protected and endangered species investigation and compiling the various reports, Plaintiff requested the County provide it with two letters addressed to the EPD to be submitted with the Application. First, the Letter of Consistency with the local land use laws was discussed by the Commissioners in 2014, who instructed Mr. Carl Rowland, the then County Manager, to write the local land use compliance letters necessary to file with Plaintiff's Application and for Brantley County Development Partners, LLC. Defendants did the same regarding the letter

required to certify local consistency with the Solid Waste Management Plan. Subsequently, Mr. Rowland provided clarification for Brantley County Development Partners, LLC that the compliance with the local land use laws and Solid Waste Management Plan was consistent on both the Northern and Southern tracts of the Subject Property. A true and correct copy of the letters signed by Carl Rowland, County Manager dated November 21, 2014 and August 19, 2015 are hereto attached as Exhibit "B" and "C" and are incorporated herein by reference.

16.

In an abundance of caution, Plaintiff asked the County Commission to re-issue the letters. The Commission met on February 5, 2015 and voted unanimously to have the Chairman re-issue the letters from the Board of Commissioners. A true and correct copy of the official minutes from February 5, 2015 meeting are attached as Exhibit "D" and two letters signed by Chairman Charlie Summerlin dated February 6, 2015 are attached as Exhibit "E" Exhibits "D" and "E" are incorporated herein by reference.

17.

Harbin Engineering and Environmental Sciences, Inc. completed the onsite surveys and testing. The application for the Section 404 Wetlands Permit was submitted to the Corps of Engineers for jurisdictional determination. In January 2016, Harbin Engineering began its due diligence and design analysis on various technologies to be located on the Property. In August of 2016, the Geological Survey  completed the required geological report. Harbin Engineering completed and received the hydro-geological survey report from Plaintiff's consultants in the same month. In September 2016, Harbin Engineering completed all necessary requirements and assembled all data to prepare and submit to EPD the Application for site suitability and permit for

the solid waste handling facility. The final application was completed by the end of September 2016.

18.

From August 2016 through the end of November 2016, Plaintiff was informed that Brantley County was in the process of adopting a proposed Land Use Ordinance. Plaintiff was assured that the new zoning laws would not apply to their project, and Plaintiff did not have to comply. Plaintiff and Defendants were in discussion regarding a Host Fee Agreement and planning the Solid Waste Handling Facilities on the Subject Property. However, at a Work Session held on September 6, 2016, at the request of Defendants, two members of the Plaintiff attended the work session of the Brantley County Commission. At that time, they were asked how they would like their property "classified" or zoned. There was no discussion of an official zoning map. No proposed zoning maps indicating the various zoning districts existed as of the date of the work session based upon the various inquiries of Plaintiff. The members of the commission suggested that it be classified as "Heavy Industrial." Therefore, the Commission agreed that the Subject Property be shown as "Heavy Industrial" on both parcels. A true and correct copy of the minutes from the September 6, 2016 Work Session are attached as Exhibit "F" and incorporated herein by reference.

19.

On September 8, 2016, the Defendants voted in a Regular Meeting to adopt the proposed Land Use Ordinance of Brantley County, Georgia. But, there were no map or maps present

showing the various zoning districts or the land to which various zoning districts may apply and no motion was made to approve any official zoning map.

20.

The official minutes of the September 8, 2016 meeting, provided by the County Clerk as transmitted with her letter dated April 11, 2017, is devoid of any mention of the adoption of the "The Official Land Use District Maps and Major Thoroughfare Plan, Brantley County, Georgia" or "The Official Zoning Map of Brantley County, Georgia," or any four (4) quadrant maps as the "Official Land Use District Maps." A true and correct copy of the minutes from September 8, 2016 is attached hereto as Exhibit "G" and the Land Use Ordinance with Map is attached hereto as Exhibits "H" and "I" respectively. Exhibits "G", "H" and "I" are incorporated herein by reference. Section 4.2 entitled "Land Use Districts Map and Major Thoroughfare Plan" states, "The Official Land Use Districts Map and Major Thoroughfare Plan, Brantley County, Georgia shall be dated and certified by the Chairman of the County Commission and County Clerk, and said maps and all explanatory matter thereon accompanies and is hereby made a part of this Ordinance. See Exhibit "II," p. 15.

21.

The Defendant County's Land Use Ordinance dated September 8, 2016 is void due to their failure to adopt and/or properly follow the procedures established by applicable law in attempting to adopt a Land Use Ordinance and the failure to properly adopt an official zoning map, all in violation of Georgia law, the Constitution of the State of Georgia, Art I, Section 1 Paragraph 1 and Art I, Section 1 Paragraph 2 and O.C.G.A. § 32-66-1 et. seq. Zoning Procedures Act; and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Additionally, the Public Notice advertising the meeting wherein the Land Use Ordinance was

purportedly adopted is deficient. The advertisements for the September 8, 2016 meeting published in the local legal organ are attached hereto as Exhibit "J." and incorporated herein by reference. No notice of the hearing or the "purpose" or intent to adopt the Land Use Ordinance on September 8, 2016 was properly given. Therefore, the Land Use Ordinance is null and void.

22.

On November 1, 2016, Plaintiff was requested to appear and did appear at a regular meeting of the Brantley County Board of Commissioners to discuss the County's intention of participating in the landfill and other Solid Waste Handling Facilities on the Subject Property and whether the County would enter a Host Fee Agreement with Plaintiff.

23.

Plaintiff was not furnished with an agenda prior to the meeting, nor when they arrived at the meeting. The Defendants voted to go in an Executive Session and did so. After entering a "closed session," Plaintiff's representatives were asked to come in a small conference room to meet with the Board of Commissioners. Plaintiff explained that the Application was ready to be filed with Georgia EPD, and that if the County intended to participate in the landfill and other solid waste handling facilities, then a siting decision meeting would have to be properly noticed and held before the Application for Permit could be filed with EPD.

24.

At all times relevant to Plaintiff's development of the Subject Property, the Plaintiff was informed that Brantley County intended to contractually participate in the Solid Waste Handling Facilities through what is commonly known in the industry as a Host Fee Agreement.

25.

Plaintiff informed the representatives and officials of the County that if the County was going to participate, then the applicant would have to comply with Georgia law requiring a public meeting for public input as to the siting decision, as required by O.C.G.A. § 12-8-26. Plaintiff also requested the County notify the Regional Commission  and initiate the "Development Regional Impact Process."

26.

The Defendants set a date, time and place for the siting decision meeting to be held in the courtroom of the Brantley County Courthouse. After due notice, the siting decision meeting was held on December 22, 2016.

27.

On December 22, 2016, Plaintiff held a Public Meeting after giving due notice through publication in the local legal organ for the purpose of taking comments of their intentions to site a municipal solid waste handling facility on the Subject Property. At that time, Plaintiff was informed that the county would participate in a public partnership and had requested a Host Fee Agreement. Accordingly, and due to the governmental participation, Plaintiff held the hearing pursuant to O.C.G.A. § 12-8-26, and representatives of the Defendants were present and participated.

28.

- 11 -

All required prerequisites having been met, Plaintiff then filed its Application for Site Suitability and Solid Waste Handling Facility Permit with the Department of Natural Resources, Environmental Protection Division on December 29, 2016. Included with the Application were letters from the Defendants certifying that the proposed site was consistent with the Solid Waste Management Plan and that the proposed facility complied with all local land use laws. ( referred to above and hereinafter as the "Application")

29.

A true and correct copy of the Application is attached as Exhibit "K" and incorporated herein by reference, which includes all documents referred to in the Table of Contents. The Site Assessment Report provided the letters of compliance and consistency with the local land use laws and the Solid Waste Management Plan provided by the County to Plaintiff.  The Application was complete and was accepted along with the filing fee for processing by the EPD.

30.

On Tuesday, January 3, 2017, at a "Work Session," without any prior notice or opportunity to be heard, the Defendants allegedly passed a "Moratorium" resolution opposing the landfill. A copy of a document which purports to be the said Moratorium is attached as Exhibit "L" and incorporated herein by reference.

31.

The Moratorium was entered without notice or opportunity to speak at the Work Session or at a called or official County Commission meeting. In fact, the advertisement for the meeting ran in the official local legal organ after the January 3, 2017 Work Session on January 4, 2017. A true and correct copy of the Advertisement is hereto attached as Exhibit "M" and the minutes are attached as Exhibit "N."  Exhibits "M" and "N" are incorporated herein by reference.

- 12 -

32.

At the first official 2017 meeting of the Brantley County Board of Commissioners, held on Thursday, January 5, 2017, the Defendants voted to hire outside counsel to oppose the landfill.

33.

On January 5, 2017, at the Board of Commissioners, regular meeting, Commissioner Mobley moved to amend the Moratorium allegedly "adopted" on January 3, 2017 at the unadvertised "Work Session" to include in the facilities a "Thermal Treatment Facility" and the motion was passed. The Defendants did not publish and adopt the resolution entitled "Brantley County Moratorium." Also, at the suggestion of Mr. C. Deen Strickland, County Attorney, Commissioner Mobley moved to change the language of the January 3, 2017 Moratorium to further amend the alleged resolution to state "will and do object" where the Moratorium read "The County will object to any application." At no time was the resolution, nor the resolution as amended, read and spread upon the minutes of an official meeting of the Board of Commissioners of Brantley County. The Plaintiff was given no notice of the January 5, 2017 meeting, or the proposed action on the Moratorium, its amendment, the decision to "stop the landfill," or the decision to oppose the Application. A copy of minutes of the meeting held on January 5, 2017 are attached as Exhibit "O" and incorporated herein by reference.

34.

On January 6, 2017, Mr. C. Deen Strickland, County Attorney, transmitted a letter to Mr. Chad Hall, charged with official review of the Application at the Georgia EPD in Atlanta, stating that the proposed Solid Waste facility was "unanimously opposed by the Defendants." A true and correct copy of said letter dated January 6, 2017 is attached as Exhibit "P" and incorporated herein by reference.

35.

The Defendants did thereafter on January 19, 2017, hire outside counsel from Atlanta for the sole purpose of stopping the Plaintiffs Application to site a landfill in the County. The Defendants hired Ms. Kimberly Hale of the firm Kaczmarek, Mowery, Cloud and Lasater, LLP, an Atlanta attorney and law firm, which opposed landfills for neighborhood groups and local governments in Georgia. Ms. Hale and her firm were charged with "stopping the landfill." (Referring to Plaintiff's Application and landfill particularly).

36.

Upon information and belief, Ms. Kimberly Hale, and other attorneys hired and paid by the County, reviewed the Land Use Ordinance and the Solid Waste Management Plan and advised the Defendants to take certain action relative to the Ordinance and Plan, which by amendment, re-adoption of certain changes, and illegal retrospective application to Plaintiff and Plaintiff's Property, would seek to prohibit, hinder and/or delay the Plaintiff from obtaining the necessary permit from the Georgia EPD and, if permitted, make the operation of the facility on the Subject Property impossible.

37.

At the time of filing the Application, the Plaintiff was not informed that the Defendants would oppose the landfill, nor was Plaintiff informed that the Defendants hired the Atlanta firm and Ms. Hale to stop their proposed use of the Property.

38.

The Plaintiff made numerous Open Record Act Request by letters and emails in March, April, May, June and July 2017 for the zoning map or proposed changes to the 2006 Solid Waste Management Plan and proposed changes to the 2016 Zoning Ordinance, and any proposed Zoning Maps, as well as the amended ordinance, zoning maps and approved plan. On April 11, 2017, the County Clerk transmitted two separate maps. One, entitled "Official Zoning Map of Brantley County, Georgia" which was allegedly signed by Vice Chairman Brian Hendrix and was purportedly adopted on September 8, 2016 and a second map entitled "Official Land Use Districts Map of Brantley County, Georgia "(allegedly), which is unsigned and states" ADOPTED September 8, 2016." Section 4-2 of the zoning ordinance (alleged) entitled "Land Use District Maps and Major Thoroughfare Plan" purportedly identified the zoning maps as "Official Land Use Districts Maps of Brantley County, Georgia." A true and correct copy of the alleged Official Zoning Map is attached hereto and incorporated herein as Exhibit "Q" and a true and correct copy of the alleged Official Land Use Districts Map of Brantley County, Georgia is attached hereto and incorporated herein as Exhibit "R."

39.

A review of the minutes of the meetings of September 8, 2016 reveals that the Commission never adopted any official zoning map or maps. In fact, representatives of Plaintiff requested to see the official zoning map located in the County Commission office and were shown four (4) unsigned maps on foam board which did not identify any zoning districts. See Board of Commissioner's Meeting Minutes of September 8, 2016 attached as Exhibit "G."

40.

On May 10, 2017, Mr. Strickland, as Defendants' attorney, sent the members of Plaintiff a letter stating that the "Board of Commissioners of Brantley County proposed to reclassify the undeveloped property owned by Brantley County Development Partners, LLC." He also stated that a hearing would be held by the Planning Commission on Thursday, May 25, 2017 at 6:00 PM and the Board of Commissioners on Thursday, June 15, 2017 at 6:00 PM at 33 Allen Road, Nahunta, Georgia. A true and correct copy of Mr. Strickland's letter dated May 10, 2017 is attached hereto as Exhibit "S" and incorporated herein by reference. No basis for the County's application for rezoning was given. No proper application for rezoning was filed with the county planning and zoning commission. The "application" was sua sponte. The County has failed to produce official minutes of any meeting, an ordinance or resolution evidencing when the Board of Commissioners discussed and decided to apply to reclassify Plaintiff's property. Plaintiff was given no notice or an opportunity to be heard at any such meeting.

41.

On June 8, 2017 the Brantley County Planning Commission convened and in item 6 of the minutes of the planning commission meeting, the planning commission considered the reclassification of the Plaintiff's Property and entered into lengthy discussions regarding this agenda item and read information provided by Kimberly Hale (environmental attorney). After the discussion, a motion was made to amend the official land use districts map to reclassify the property from heavy industrial to light industrial classification. The motion failed to carry. Therefore, the planning commission did not recommend the amendment of the land use districts map to rezone the Property. A true and correct copy of the Planning Commission minutes of said meeting supplied by the county clerk pursuant to an open records act request is attached as Exhibit "T". (Emphasis Added).

42.

The Defendants convened on June 15, 2017 and took action on its own application to down zone Plaintiffs property from Heavy Industrial to Light Industrial. The entire down zoning process employed by Defendants against Plaintiff's property failed to follow the procedures set forth in the Defendants' own Ordinance. There were many deficiencies in the procedure followed, including but not limited to, an application was not filed or application number assigned, no official resolution or vote was held evidencing the motion of the County to re-zone, the legal advertisement was incorrect, the sign placed on the Subject Property was incorrect, Plaintiff and adjoining land owners did not receive written notices as required, the hearing procedures were not followed.

43.

On June 15, 2017, the County, in an attempt to cure their failure to properly pass a zoning ordinance and adopt an official zoning map and zoning ordinance, allegedly amended and re-adopted their zoning ordinance, and allegedly adopted its first official zoning map, which was identified as a "composite of four (4) Georgia DOT quadrant maps."

44.

A certified, true and correct copy, provided pursuant to an Open Records Act Request, of the alleged documents amended and readopted zoning ordinance are attached to this Complaint as Exhibit "U"

45.

The Defendants purportedly amended the zoning map to reclassify Plaintiff's Property Light Industrial ("L-I") from Heavy Industrial ("H-I"). Solid waste landfills were not defined in the 2016 Zoning Ordinance and "landfills" were permitted in Heavy Industrial districts subject to "special exceptions."

46.

The County Commissioners did not take any action at the June 15, 2017 meeting to rescind their previous action on approving written letters informing the Georgia EPD that the landfill was consistent with the Solid Waste Management Plan and with all local land use laws or withdrawing the commissioners' two letters certifying compliance with all local land use laws. See letters from Carl Rowland, County Manager, to Ms. Claudia Moeller, Program Manager, Georgia EPD dated November 21, 2014 attached as Exhibits "B." And see letters from Mr. Charlie Summerlin, Chairman, Brantley County Board of Commissioners to Ms. Moeller, dated February 6, 2015 attached as Exhibit "E."

47.

Plaintiff is in a state of severe uncertainty as to the Defendants actions, official zoning map or zoning ordinance. The map provided to Plaintiff was not adopted or is clearly not what was purportedly adopted on September 8, 2016, it is a sham attempting to lead Plaintiff to believe that the County has properly passed a zoning ordinance and an official zoning map.

48.

Plaintiff submitted numerous Open Records Requests to Defendants, requesting certified copies of the zoning ordinance, zoning map, Comprehensive Plan, Solid Waste Management Plan, any amendments to said documents, minutes of meetings where said documents were discussed or adopted, and advertisements of these meetings. Many of Plaintiff's Open Records Requests are still unanswered, years later. Plaintiff was without the necessary information to present evidence and defend itself at the various Planning and Zoning Commission meetings and at the June 15, 2017 Commission Meeting. Plaintiff put the Planning and Zoning Commission and the Defendants, including the Board of Commissioners, on notice of its Constitutional Objections to

the amendment an re-adoption of the Zoning Ordinance and Zoning Maps, as well as their application to "reclassify" or "rezone" Plaintiff's Property. True and correct copies of two letters dated May 25, 2017 and one dated June 13, 2017 and dated June 14, 2017, are attached hereto as Exhibits "V-1 and V-2," "W," and "X" respectively, all of which are incorporated herein by reference.

49.

The Plaintiff has expended over three-million dollars ($3,000,000.00) to purchase and develop the Solid Waste Handling facilities on the Subject Property in reliance on the representations and letters from the Defendant confirming that the proposed facility is suitable; is compliant with local land use laws; and is consistent with the Land Use Ordinance of Brantley County, and the Brantley County's Solid Waste Management Plan.

50.

The Defendants violated Plaintiff's rights to notice and the protection of their person and property and breached the public duty of Georgia's government and governmental officials to act impartially and completely without bias to protect the person and property of Plaintiff.

51.

The Defendants were biased and not impartial, bowing to hue and cry of a vocal minority. The Defendants' use of public funds and tax revenues to take up the fight to "stop" the Plaintiff's lawful development of their property constitutes a gift or gratuity to those members of the vocal minority paying their cost, which should be borne by those individuals or private entities opposed to the landfill. The unlawful use of government funds to support the opposition violates the Georgia Constitution. Ga. Const. Art. 3. Sect. 3 Para. 6

52.

The Plaintiff made substantial changes in its position and spent substantial capital to develop the Solid Waste Handling Facilities prior to the adoption and re-adoption of the Land Use Ordinance for Brantley County, Georgia.

53.

The Plaintiff has vested rights to the siting, construction and operation of any Solid Waste Handling Facility on the Subject Property.

54.

The Amendment of the Solid Waste Management Plan by the Cities and Defendants constitute unnecessary and burdensome regulation with the sole purpose of erection of an insurmountable barrier to receipt of the necessary Solid Waste Handling Facility permit from Georgia EPD and to frustrate and dissuade the Plaintiff from construction and operation of the Solid Waste Handling Facility.

55.

The Amendment and re-adoption of the new Regional Solid Waste Management Plan by the Defendants and the Cities constitutes a unlawful exercise of the executive powers delegated to the Director of Georgia Environmental Protection Division, and exceeds any legislative authority granted to the Defendants, by the Georgia Constitution, and Georgia state statutes.

56.

The Comprehensive Solid Waste Management Act, as amended, and the Rules and Regulations of the Department of Natural Resources, Environmental Protection Division constitute the general laws governing Solid Waste Handling Facilities. The Regional Solid Waste Management Plan of Brantley County, City of Hoboken and City of Nahunta was adopted as local legislation, not as a planning tool, and imposed more restrictive laws and overly burdensome

regulations by Defendants and the Cities of Hoboken and Nahunta of their Solid Waste Management Plan intentionally to exclude Plaintiff from the plan.

57.

The Plaintiff is in a state of extreme uncertainty and without any other remedy at law or in equity, unless this Court intervenes to conduct a trial to declare the Plaintiff's rights and to further enjoin the Defendants from delaying and interfering with consideration of Plaintiff's Application for a Solid Waste Handling Facility Permit by the Director of the Environmental Protection Division, and to enjoin Defendants' unlawful action by instruction of Defendants to issue such other and further letters required to obtain said Permit.

58.

On June 19, 2019, Plaintiff, by and through counsel, directed correspondence to Defendants, by and through counsel, demanding that Defendants provide certifications in writing, as needed to complete processing and approval of the Application pending before the EPD, confirming that Plaintiff's proposed Solid Waste Handling Facilities, as sought by Plaintiff's December 29, 2016 Application with EPD, are neither subject to Brantley County Land Use Ordinance, nor any Regional Solid Waste Management Plan. A true and correct copy of Plaintiff's June 19, 2019 correspondence is attached hereto as Exhibit "Y" and incorporated herein by reference.

59.

Defendants have failed and refused to provide the certification letters sought with Plaintiff's June 19, 2019 correspondence. Plaintiff's Application with the EPD remains pending

and Defendants continue to illegally and unconstitutionally hinder, delay and obstruct Plaintiff's

vested right to develop its Property with the Solid Waste Handling Facilities as well as EPD's

processing and approval of the Application.

## COUNT I – VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION

60.

Plaintiff adopts and incorporates by reference paragraphs 1-59 inclusive above as if fully
set forth herein.

61.

The Fifth Amendment to the U.S. Constitution, as applicable to the County and County

Commissioners through the Fourteenth Amendment to the U.S. Constitution, prohibits "private

property [from] be[ing] taken for public use, without just compensation."

62.

The Fifth Amendment to the U.S. Constitution was ratified on December 15, 1791.

63.

As of December 15, 1791, any law adopted by the State of Georgia 'whether statutory or

common law by the judiciary', and its political subdivisions, must be consistent with the U. S.

Constitution.

64.

Plaintiff is the owner of the Subject Property, and therefore, at all times relevant to

Defendants' actions, enjoyed the right to the use and enjoyment of its accrued property interest

therein. Such rights include, but are not limited to, the right to receive the reasonable investment backed expectations of the improvement of said property.

65.

The County and County Commissioners, under color of state law, have and are continuing to use their legislative and police powers to take Plaintiff's property by passing excessive and overly burdensome land use regulations of Plaintiff's private property, and to bar issuance of the permit from EPD for the Plaintiff's improvement of the Property, without providing just compensation to the owner of such private property. The Plaintiff has been denied its reasonable investment backed expectations in the development of the proposed use, a Solid Waste Handling Facility.

66.

The County and County Commissioners, under color of state law, have and are continuing to use their legislative and police powers to take private property for public use, to impose such overly burdensome regulation of said private property to erect barriers to Plaintiff's obtaining the necessary state permits to operate the solid waste handling facilities from the Georgia Environmental Protection Division, Department of Natural Resources, to diminish Plaintiff's property value, and to otherwise "stop the landfill" without just compensation.

67.

Plaintiff is entitled to a declaratory judgment that it has a vested property right to develop the Property with the Solid Waste Handling Facilities and that Defendants' actions, as set forth in detail above, constitute a taking of Plaintiff's vested property right without just compensation in violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

68.

The County's and the County Commissioners' actions constitute a taking without just compensation of Plaintiff's property and a violation of Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. The Defendants' actions deprived, and continue to deprive Plaintiff of its property interest under color of state law without constitutionally adequate process for redress of the county and county commissioners' actions or payment of just and adequate compensation.

69.

Plaintiff is entitled to an award of compensation, damages, declaratory judgment, injunctive relief, and attorney fees, cost and expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests:

(a) That this Court empanel a jury of not less than twelve (12) jurors to decide all issues so triable by the trier of facts and to return a verdict in favor of the Plaintiff in a sum sufficient to compensate the Plaintiff for the taking of its property; and award of just compensation, damages for the violation of the Plaintiff's Constitutional rights; attorney fees and cost of Plaintiff;

(b) That, in the alternative, the Court enter an order declaring that the Plaintiff has a vested property right to develop the Property with the Solid Waste Handling Facilities, that Defendants have violated the Plaintiff's Constitutional right to be free from the taking of its Property, without just compensation, through the imposition of overly burdensome regulations and the taking of actions designed to prevent the Plaintiff from

operating the solid waste management facilities on its Property, including but not limited to obtaining state permits required to do so;

(c) That Plaintiff be granted preliminary and permanent injunctive relief prohibiting Defendants' violation of Plaintiff's Constitutional rights, privileges and immunities;

(d) That the Plaintiff be granted such other and further relief as is just and proper; and

(e) That all cost of this action be assessed against the Defendants.

## COUNT II – VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

70.

Plaintiff adopts and incorporates by reference paragraphs 1-69 inclusive above as if fully set forth herein.

71.

The Fourteenth Amendment to the U.S. Constitution prohibits the Defendants from depriving any person of "life, liberty, or property, without due process of law" – both procedural and substantive due process of law.

72.

The Fourteenth Amendment to the U.S. Constitution was ratified on July 9, 1868.

73.

As of July 9, 1868, any law existing or adopted by the State of Georgia (whether statutory or common law by the judiciary) and its political subdivisions must be consistent with the U.S. Constitution.

74.

The zoning ordinances and regulations described above, utilized by Defendants to hinder, delay and block Plaintiff's vested property right to develop Solid Waste Handling Facilities on the Property, fail to afford procedural and substantive due process and violate Plaintiff's rights, privileges and immunities guaranteed by the Fourteenth Amendment of the U.S. Constitution.

75.

Specifically, the failure to give proper notice and follow the procedures required by the Georgia Zoning Procedures Act, in the adoption and amendment of the Land Use Ordinance for Brantley County, Georgia ("Zoning Ordinance"), and the policies and procedures therein, as well as the vague elements and uncertain standards of the ordinances and regulations and the regional solid waste management plan deprive Plaintiff of "life, liberty, or property, without due process of law."

76.

The void for vagueness aspect of the due process clause has been stated as follows:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policeman, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford,* 408, U.S. 104, 108-09 (1972); *see also A. B. Small Co. v. Am. Sugar Ref. Co.,* 267 U.S. 233, 238-40 (1925).

77.

Recently Justice Gorsuch has stated:

> Vague laws invite arbitrary power. Before the Revolution, the crime of treason in English law was so capaciously construed that the mere expression of disfavored opinions could invite transportation or death. The founders cited the crown's abuse of "pretended" crimes like this as one of their reasons for revolution. See Declaration of Independence ¶21. Today's vague laws may be as invidious, but they can exercise of arbitrary power all the same – by leaving the people in the dark about what the law demands and allowing prosecutors and courts to make it up.

*Sessions v. Dimaya, 138 S. Ct. 1204 (2018)*

78.

Because the county zoning ordinance and other land use regulations described above fail to provide Plaintiff or other landowners fair notice, they are void for vagueness and unconstitutional. For example, there are no definitions, explanations, or provisions for vested rights, for Solid Waste Handling Facilities, landfills, or recycling facilities and no standards regarding what evidence is sufficient to prove or establish them. The County is left to make them up. There was also no properly adopted map to tell Plaintiff the land to which land use districts may apply. Finally, the zoning ordinance provides in Section 5, "Schedule of Permitted Uses, 501.2 Special Exceptions that

> "Requests to approve a Use by Special Exception shall be advertised, reviewed and
> processed in the same manner as an amendment to the Official Land Use Districts
> Map as described in Section 14 Amendment."

There is no map adopted by the commission entitled "Official Land Use Districts Map." Moreover, there is no "Section 14 Amendments" in the zoning ordinance.

79.

The Defendants, under color of state law, have and are continuing to use the legislative and police powers to deprive Plaintiff of life, liberty, and property, all without procedural or substantive due process of law.

80.

The County's zoning ordinance and regulations described above violate Plaintiff's Substantive and Procedural Due Process rights, privileges and immunities as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

81.

The zoning ordinance adopted on September 8, 2016 is void for vagueness as it failed to incorporate by reference any official zoning map. Further, the maps referred to in the zoning ordinance insufficiently described or identified the official zoning map as required by law, therefore rendering the zoning ordinance void and of no effect. Finally, the attempt to "Amend and Readopt" the Zoning Ordinance and Zoning Maps violates Georgia law and renders the Amended and Readopted Zoning Ordinance and Zoning Maps void and of no effect.

82.

The County and the County Commissioner's action in rezoning the Property (where the landfill was to be sited and operated), the amendment and re-adoption of the Zoning Ordinance, and other regulatory actions set forth in detail above, were and are per se and as applied unconstitutional in violation of Plaintiff's Substantive and Procedural Due Process rights, privileges and immunities as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

83.

The Defendants did not indicate or express the basis for their *sua sponte* decision to rezone Plaintiff's property from Heavy Industrial (H-I) to Light Industrial (L-I). Such decision, and other acts and omissions of the Defendants set forth above, are completely arbitrary and capricious and constitute a manifest abuse of their authority. Such conduct and action are not rationally related to serve a legitimate governmental interest.

84.

The Application for Site Suitability and Permit to Operate the Solid Waste Handling Facilities filed December 29, 2016 remains pending before the Georgia EPD, but because of the Defendant's unconstitutional and to "stop the landfill" Plaintiff has been unable to receive the necessary state permits, and Georgia EPD's process of review has been delayed and deterred unnecessarily, with resultant irreparable harm and damage to the Plaintiff.

85.

The Plaintiff's rights to a meaningful opportunity to be heard by a fair and unbiased decisionmaker have been denied in violation of Plaintiff's Substantive and Procedural Due Process rights, privileges and immunities as guaranteed by the Due Process Clause of the Fourteenth Amendment.

86.

The Plaintiff's remedies at law may be inadequate or unavailable to compensate it for the deprivation of these rights, privileges and immunities, and thus, Plaintiff has suffered and will continue to suffer, irreparable harm unless this Court grants Plaintiff preliminary and permanent injunctive relief prohibiting   Defendants' violation of Plaintiff's Constitutional rights, privileges and immunities;

87.

The County's actions in enacting the moratorium, retroactive application of the Zoning Ordinance, assertion of the amendments, right to rezone and other actions to "stop the landfill", as described above, violate the Plaintiff's rights to notice and a meaningful opportunity to be heard in a meaningful manner under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

88.

Plaintiff is entitled an award of attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988.

89.

Plaintiff is in a state of severe uncertainty with respect to its rights and how to act upon its rights, privileges and immunities granted to it by the State and Federal Constitutions, and the Land Use Ordinance. There exists a justiciable issue and case in controversy, which requires a declaration of Plaintiff's rights, privileges and immunities.

90.

The Plaintiff enjoys the right under the Federal and State Constitution to the unrestricted use and enjoyment of its property free from unreasonable, arbitrary or capricious regulation by government.

91.

The Plaintiff contends *Inter Alia* that the application of the vague concerns and unsubstantiated fears to pass the aforementioned amendments and the rezoning of Plaintiff's Property was arbitrary and capricious and thus constitutes an unreasonable application of the zoning regulatory powers granted to counties under our constitution and applicable statutes. Moreover, the Plaintiff contends the Defendant's actions were arbitrary and capricious and

constituted an abuse of discretion in ignoring the clear and explicit procedures required under Georgia law and of the County's alleged Land Use Ordinance.

92.

This Court should declare the Land Use Ordinance of Brantley County, and its amendment and re-adoption, null and void and of no effect or restriction to Plaintiff's use and enjoyment of its property. Further, this Court should declare the rights of the Plaintiff to be free from Defendants' interference with and undue influence on state and local permitting and planning; and improper use of the governmental decision-making process and the violation of the Plaintiff's constitutionally protected rights against such conduct.

93.

Despite the established rule, it is clear that the Defendants met, sought and obtained information, advice and counsel from outside parties and even the County's attorney on several occasions prior to the rezoning hearing in closed meetings to the exclusions of the Plaintiff.

94.

The Defendants violated Georgia Open Meetings Act. The commissioner members met one-on-one or in groups of two members with their counsel to be advised, plot and plan actions to "stop the landfill," and erect local legislation barriers and adopt policies to violate Plaintiff's statutory and constitutional rights.

95.

When exercising legislative police powers, Defendants must provide due process safeguards to property owners who appear before it.

96.

Those safeguards include notice of a hearing, a right to present evidence, a right to representation by counsel, the right to cross-examine witnesses, and the right to a written decision based on the evidence presented.

97.

The Defendants failed to provide Plaintiff with written notice of its decision as required under the Zoning Procedures Act, O.C.G.A. § 36-66-1 et. seq.

98.

The Commission's conduct in approving amendments and the application to rezone was done with an arrogant and total disregard of Plaintiff's vested rights; the prohibition against the retroactive application of laws (O.C.G.A. § 1-3-5); and the requirements of the existing Land Use Ordinance or the Georgia Zoning Procedures Act (O.C.G.A. § 36-66-1 et seq.) which constitutes a denial of its rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

99.

In Georgia, the process of appeal from the decision of a governmental body authorized to rezone and zone is by trial de novo.

100.

A Petition was filed in the Superior Court of Brantley County within thirty (30) days of the Commission's decision to re-adopt and amend the ordinance to rezone the Property and the adoption of a new regional solid waste plan. The Plaintiff's Petition has been pending for over two (2) years without an opportunity to be heard on the merits of the case and without relief or remedy for Defendants' unconstitutional actions. The Plaintiff has been denied its right to appeal and trial de novo. The Petition was voluntarily dismissed pursuant to O.C.G.A. § 9-11-41, in order to file

this Federal Complaint. This Complaint is filed as a renewal action of the original appeal filed in state court.

101.

The Defendants, under color of state law, have and are continuing to use the legislative and police powers to deprive Plaintiff of life, liberty, and property, all without procedural or substantive due process of law.

102.

There exists a justiciable issue and case in controversy, which requires a declaration of Plaintiff's rights, privileges and immunities.

103.

The Plaintiff's remedies at law may be inadequate or unavailable to compensate it for the deprivation of these rights, privileges and immunities, and thus, Plaintiff has suffered and will continue to suffer, irreparable harm unless this Court grants Plaintiff preliminary and permanent injunctive relief prohibiting  Defendants' violation of Plaintiff's Constitutional rights, privileges and immunities; Plaintiff is entitled an award of attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988.

104.

Plaintiff is in a state of severe uncertainty with respect to its rights and how to act upon its rights, privileges and immunities granted to it by the State and Federal Constitutions, and the Land Use Ordinance.

WHEREFORE Plaintiff respectfully requests the Court to declare that the County and County Commissioners' actions are unconstitutional, and further, grant and award Plaintiff injunctive relief, its attorney fees and costs.

## COUNT III (FIRST AMENDMENT)

### 105.

Plaintiff incorporates by reference the factual allegations and exhibits in Paragraphs 1 through 104 above as if set forth verbatim herein.

### 106.

The First Amendment of the U.S. Constitution provides: Congress shall make no laws ... abridging the freedom of speech, ... or the right of the people to peaceably assemble and petition the Government for redress of grievances.

### 107.

The First Amendment was ratified on December 15, 1791.

### 108.

The Plaintiff has been denied its First Amendment rights to free speech, to peaceably assemble and to petition government for the redress of grievances by the actions of the Defendant.

### 109.

At the January 3, 2017 Work Session of the County Commission, Commission Mobley made the following motion:

"I motion that we instruct all county officials, agents, or any other individual or entity representing Brantley County in an official capacity, to immediately cease and desist any communications or efforts with Brantley County Development Partners or any other individual or entity where the intent is to establish or facilitate a landfill or solid waste handling facility within Brantley County with the exception

of actions required by law and such action or communication shall only occur after every Brantley County Commissioner has been informed".

A true and correct copy of the Minutes from January 3, 2017 Work Session of Brantley County Board of Commissioners provided in response to Plaintiff's request under Georgia Open Records Act by the County Clerk are attached and incorporated herein as Exhibit "N." (Contrary to the minutes, no moratorium is attached.)

110.

Plaintiff's attempts to communicate after the January 3, 2017 Work Session, were not answered or responded to. Plaintiff was  prohibited from having communications with anyone associated with the County regarding the Application and improvement of the Property, all in violation of Plaintiff's freedom of speech and right to petition government for the redress of grievances.

111.

It is clear that the Defendants sought and obtained advice and counsel from a private engineer, an environmental and land use attorneys, and other outside parties, and even the County's attorney,  regarding amendment of the zoning ordinance and adopting of the new regional solid management plan, without giving Plaintiff notice and an opportunity to hear and respond to consideration of the biased information, opinions and reports obtained "to stop the landfill." Both the amendments to the zoning ordinance and new solid waste management plan, were written to eliminate any possibility of the Plaintiff's solid waste facilities being in compliance with the zoning ordinance or being consistent with the new regional solid waste management plan.

112.

When exercising legislative and police powers, Defendants must provide due process safeguards to property owners who appear before it.

113.

Those safeguards include notice of a hearing, a right to present evidence, a right to representation by counsel, the right to cross-examine witnesses, and the right to a written decision based on the evidence presented.

114.

The Defendants failed to provide Plaintiff with written notice of its decision as required under the Zoning Procedures Act, O.C.G.A. § 36-66-1 et. seq.

115.

The Commission's individual members intentional conduct in approving amendments and the application to rezone was done with an arrogant and total disregard of the requirements of the existing Land Use Ordinance or the Georgia Zoning Procedures Act (O.C.G.A. § 36-66-1 et seq.) which constitutes a blatant and invasive denial of their rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

116.

In Georgia, the process of appeal from the decision of a governmental body authorized to rezone, and zone is by trial de novo.

117.

A Petition was filed in the Superior Court of Brantley County within thirty (30) days of the Commission's decision to re-adopt and ament the ordinance to rezone the Property. The Plaintiff's Petition has been pending for over two (2) years without an opportunity to be heard on the merits of the case and without relief or remedy for Defendants' unconstitutional actions. The Plaintiff has been denied its right to appeal and trial de novo. The Petition was voluntarily dismissed pursuant to O.C.G.A. § 9-11-41. This Complaint is filed as a renewal action of the original appeal filed in State Court.

## COUNT IV (SUSTANTIVE DUE PROCESS)

### 118.

Plaintiff incorporates by reference the factual allegations and exhibits in Paragraphs 1 through 117 above as if set forth verbatim herein.

### 119.

The Defendants *sua sponte* decided to down zone Plaintiff's property from H-I to L-I. Landfills are permitted under Heavy Industrial (H-I) District. None of the permitted uses listed in the Light Industrial (L-I) district exists in the unincorporated area of the County. This action, and other actions of Defendants set forth in detail above, constitute a taking and/or damaging of Plaintiff's property without the payment of just and adequate compensation as required by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section III, Paragraph 1 of the Georgia Constitution and otherwise constitute confiscatory, arbitrary, capricious and unreasonable actions in violation of Plaintiff's substantive due process rights.

### 120.

The Defendant's down zoning and other actions set forth above, without first affording formal condemnation proceedings or the payment of just and adequate compensation as required by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section III of the Georgia Constitution, constitute a taking of Plaintiff's property interest and an inverse condemnation of Plaintiff's property and otherwise constitute confiscatory, arbitrary, capricious and unreasonable actions in violation of Plaintiff's substantive due process rights.

### 121.

The Court should declare that Plaintiff is entitled to a declaration that Defendants' violated Plaintiff's constitutional rights as a result of the Defendant's actions set forth above, including but

not limited to the reclassification of Plaintiffs Property from Heavy Industrial to Light Industrial and the adoption and application of the 2017 Regional Solid Waste Plan.

## COUNT V (UNCONSTITUTIONAL DENIAL OF VESTED PROPERTY RIGHTS)

### 122.

Plaintiff incorporates by reference the factual allegations and exhibits in Paragraphs 1 through 121 above as if set forth verbatim herein.

### 123.

Plaintiff was repeatedly assured by Defendants, including by issuance of letters from the Commission, that it had met all local land use laws and was consistent with the County's Solid Waste Management Plan, and thus it would be entitled to the development of the Subject Property as a Solid Waste Handling Facility.

### 124.

Plaintiff acted in substantial reliance on Defendants' representations and approvals, spending $2,000,000.00 on the purchase of the Subject Property and paying more than $800,000.00 in professional fees and cost of improvements to develop the solid waste handling facility.

### 125.

On December 29, 2016, Plaintiff filed the Application for the Solid Waste Handling Facilities with the EPD.

### 126.

Plaintiff acquired a vested property right to use and develop the Property with the Solid Waste Handling Facilities and Defendants, by the aforesaid conduct, are denying Plaintiff's its vested property rights, to its detriment.

127.

The refusal to permit use of the Property as planned and previously approved constitutes a taking of Plaintiff's Property and rights in the Property in violation of Plaintiff's right to receive just compensation for taking.

128.

The Plaintiff has been denied its right to the use and enjoyment of its Property, including its reasonable investment backed expectations from the development of the Solid Waste Handling Facilities.

129.

The Plaintiff's Property has been taken by the Defendants without payment or just compensation.

## COUNT VI (GENERAL APPEAL)

130.

Plaintiff incorporates by reference the factual allegations and exhibits in Paragraphs 1 through 129 above as if set forth verbatim herein.

131.

Plaintiff appeals the County's decision to rezone the Subject Property, pursuant to O.C.G.A. § 5-3-20 and Section 13-2 of the County Zoning Ordinance.

132.

The County failed to follow Section 12 of its own Zoning Ordinances by allowing the Application to "go forward," despite the written objection of Plaintiff, the owner of the Property.

133.

The Plaintiff's Property shown on the County Maps and the Comprehensive Land Use Plan to be zoned H-I was reclassified without authorization, without application, without due process of law, and without compliance with the County's own Zoning Ordinance purportedly then in effect, including the failure to provide public notice to adjoining property owners.

134.

The change in zoning classification of the Subject Property to L-I is inconsistent with the existing land uses and zoning classification of nearby property and the County's Comprehensive Plan and its Future Land Use Map.

135.

The L-I zoning reclassification of the Subject Property takes Plaintiff's private property (and/or prevents Plaintiff's enjoyment of its property rights) in the Subject Property. The County's zoning decision unconstitutionally has deprived Plaintiff of all use of the Subject Property.

136.

The County's zoning change violated the State Constitution as it was not done in furtherance of the police power, and had no reasonable relationship to the health, safety, morality and/or welfare of the public. The L-I zoning classification of the Subject Property imposes serious injury and loss on Plaintiff with no gain or benefit to the public. Therefore, the zoning reclassification of the Subject Property is confiscatory and void.

137.

The purpose of the zoning change sought by the County was solely an attempt to prevent the previous Commission planned approved development of Plaintiff's property, namely as a Solid Waste Handling Facility. The County's decision was an arbitrary, capricious, and unreasonable exercise of legislative power, and constitutes illegal spot zoning.

### Relief Requested

WHEREFORE, Plaintiff prays for the following relief:

(a) That Summons and Process issue and that Defendants be served as required by law;

(b) That this Court declare that the Defendants' actions are unconstitutional under the Takings Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983;

(c) That this Court declare that the Defendants' actions are unconstitutional under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. § 1983;

(d) That this Court award Plaintiff damages and attorney's fees, costs and expenses under 42 U.S.C. § 1988;

(e) That this Court grant the Plaintiff preliminary and permanent injunctive relief against Defendants' continuing unconstitutional actions;

(f) That this Court award Plaintiff a judgment sufficient to compensate Plaintiff for the taking of private property and damages for the violation of its rights under the Fifth Amendment to the U.S. Constitution, or alternatively, grant Plaintiff preliminary and permanent injunctive relief to stop the taking of, and interference with, Plaintiff's private property rights under the Fifth Amendment to the U.S. Constitution;

(g) That this Court declare Plaintiff's rights and enjoin the further deprivation of Plaintiff's rights, privileges and immunities by Defendants and order the Defendants to give Plaintiff written confirmation of Plaintiff's compliance with local land use laws, if any, and written consistency with the Solid Waste Management Plan, if applicable, for presentation to Georgia EPD and to otherwise issue such other certifications, or take other action, for presentation to the Georgia EPD as needed or required by that agency;

(h) That this Court declare that the Defendants have violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, including but not limited to, the First Amendment right to free speech and to petition government and the Fourteenth Amendment right to due process;

(i) That this Court declare that the Land Use Ordinance of Brantley County, Georgia is unconstitutional, illegal, null and void, "per se" and as "applied," to the Property and that it and Defendants' actions have resulted in a taking of Plaintiffs' Property without due process of law and in violation of the Georgia Zoning Procedures Act;

(j) That this Court declare that the Moratorium dated January 3, 2017 was null and void and violates Plaintiff's State and Federally guaranteed rights, privileges and immunities to the due process granted to it by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, Article I, Section I, Paragraphs I, II, X; and Article I, Sections II, I and III.;

(k) That this Court declare that the Defendants' amendment and the re-adoption of the Land Use Ordinance and Official Zoning Map and Zoning Decisions unlawfully rezoning the Plaintiff's property thereafter to stop the landfill were and are a violation of Plaintiff's rights guaranteed by the Fourteenth Amendment of the U.S. Constitution, Due Process

clause;

(l) That this Court declare that the Land Use Ordinance of Brantley County, Georgia is unconstitutional, illegal, null and void facially and as applied to the Property;

(m) That this Court declare that Defendants' actions in applying the current zoning classification to the property or enforcing the intervening zoning restriction(s) and refusing to allow Plaintiff to develop the Property as a solid waste handling facility, are all arbitrary, capricious, without rational relationship to any legitimate government purpose and are therefore unconstitutional, void and without legal effect;

(n) That to the extent an inverse condemnation remedy exists under Georgia law, that this Court direct Defendants to provide just and adequate compensation for the temporary and/or permanent taking of Plaintiff's private property rights;

(o) That this Court reverse the Defendants' decision on re-classification of Plaintiff's Property and the County's decision on re-adopting and amending the Zoning Ordinance and County Maps as void and unconstitutional;

(p) That this Court grant the Plaintiff preliminary and permanent injunctive relief against Defendants' continuing unconstitutional actions; and

(q) That this Court grant such other, further and different relief as it deems just, proper and appropriate under the facts and evidence presented;

(r) That Plaintiff have a trial by struck jury of twelve (12) as to all issues so triable and upon special interrogatories in the discretion of the Court.

/s/ L. Robert Lovett
L. ROBERT LOVETT

GA Bar No. 459566
*Attorney for Plaintiff*

**LOVETT LAW GROUP**
5400 RIVERSIDE DRIVE, SUITE 203
Macon, GA 31202
(478) 476-4500 Office
(478) 476-9090 Facsimile
bob@lovettlawgroup.com

/s/ George Rountree
GEORGE ROUNTREE
GA Bar No. 616205
*Attorney for Plaintiff*

26 NORTH MAIN ST.
STATESBORO, GA 30458
(912) 489-6900 Office
(912) 764-2251 Facsimile
george@br-firm.com

Overlook 1, Suite 700
2849 Paces Ferry Road
Atlanta, Georgia 30339

(404) 853-5050
kwise@wbilegal.com

/s/ Kyler L. Wise
Kyler L. Wise
GA Bar No. 771285
*SUBMISSION OF PRO HAC VICE
ADMISSION APPLICATION PENDING*

*Attorney for the Plaintiff*