FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 4:59 pm, Jul 02, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT
PARTNERS, LLC,

      Plaintiff,

v.

BRANTLEY COUNTY, GEORGIA, et al.,

      Defendants.

CIVIL ACTION NO.: 5:19-cv-109

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel, doc. 36, Defendants' Motion to Stay, doc. 37, and Plaintiff's Motion for Leave to File First Amendment to Complaint, doc. 40. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amendment to Complaint and **DIRECTS** Plaintiff to file a complete Amended Complaint within 7 days of this Order.[1] The Court also **GRANTS** Defendants' Motion to Stay and **DENIES** Plaintiff's Motion to Compel.

### BACKGROUND

This lawsuit concerns a dispute over a proposed landfill between a private developer, Brantley County Development Partners, LLC ("Plaintiff"), and Brantley County, Georgia and the members of its Board of Commissioners ("Defendants"). Doc. 1. Plaintiff's Complaint challenges several actions taken by Defendants to, allegedly, prevent or hinder Plaintiffs from developing a landfill in Brantley County. The claim Plaintiff seeks to add through the instant Motion for Leave to Amend is a Dormant Commerce Clause challenge to Brantley County's

---

[1]     In granting Plaintiff's Motion to Amend the Court declines to address standing for Plaintiff's Dormant Commerce Clause claim, which is better addressed in a motion to dismiss.

Solid Waste Management Plan ("SWMP") which, Plaintiff argues, precludes the importation of solid waste generated outside of Brantley County, and limits the use of any landfill to the disposal of waste generated within the County.  Doc. 40-1 at 5–6, ¶ 154–55.

Plaintiff first sued Defendants in Brantley County Superior Court in 2017.  Doc. 43 at 4.  However, Plaintiff voluntarily dismissed the state court action because, in Plaintiff's view, the action was not proceeding quickly enough.  Id. at 5.  Plaintiff filed this action in federal court in November 2019.  Doc. 1.  In response, Defendants filed two motions to dismiss.  Docs. 21, 22.  Plaintiff filed a motion to strike the exhibits attached to Defendants' first motion to dismiss, then Plaintiff filed its motion to compel Defendants to participate in a Rule 26(f) conference or, alternatively, to seek discovery.  Docs. 24, 36.  Shortly after filing the motion to compel, Defendants filed a motion to stay, seeking a stay of discovery pending resolution of the motions to dismiss.  Doc. 37.  Finally, Plaintiff filed a motion for leave to file an amended complaint, seeking to add the Dormant Commerce Clause claim.  Doc. 40.  As of this Order, the parties have not conducted any discovery or held a Rule 26(f) discovery conference.

## DISCUSSION

**I.  Plaintiff's Motion for Leave to File First Amendment to Complaint, Doc. 40**

"The grant of leave to amend is committed to the district court's discretion."  Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984) (citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321 (1971)).  Rule 15(a)(1) of the Federal Rules of Civil Procedure establishes that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend the pleadings only upon leave of court or by obtaining written consent of the opposing party.  See Fed. R. Civ. P. 15(a)(2).  The Rule provides that "the court

should freely give leave when justice so requires." Id. Furthermore, under Rule 15(a), "there must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001). Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Plaintiff moves the Court for leave to amend and supplement its Complaint by adding a Dormant Commerce Clause claim against Defendants. Doc. 40. Plaintiff asserts Defendants' regulatory actions discriminate against an article of interstate commerce (solid waste) and violate the dormant Commerce Clause by forbidding the importation into Brantley County of any solid waste that is generated outside the County and, key to Plaintiff's argument, generated outside of Georgia. Doc. 40 at 2; doc. 40-1 at 6, ¶ 158. Plaintiff challenges Defendants' regulations on their face and in their application, doc. 40-1 at 8, ¶ 168, and seeks as relief: (1) a declaratory judgment; (2) a preliminary and permanent injunction; (3) damages; and (4) attorney's fees, costs, and expenses associated with litigation, doc. 40-1 at 8–9, ¶ 169–71.

Defendants oppose Plaintiff's Motion for Leave to Amend on two grounds: undue delay and futility. Doc. 41 at 3. Defendants' futility argument is that Plaintiff has no standing to challenge the SWMP. The Court declines to address Defendant's standing challenge with regards to Plaintiff's request for leave to amend, as this issue is also addressed in Defendants' motions to dismiss, and is better addressed in that context. Accordingly, the Court only addresses whether Plaintiff engaged in undue delay in pursuing the proposed amendment.

3

Defendants argue the three-year gap between Plaintiff filing its initial complaint in state court and seeking leave to amend its complaint in federal court constitutes undue delay. Id. Plaintiff disagrees, arguing any period of delay should only include time related to the pending proceeding, namely the federal suit. Plaintiff further argues that the amendment would not further delay the proceedings, as discovery has not yet commenced, and the new claim would not impact any motion pending before the Court. Doc. 43 at 6.

A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings. See, e.g., Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) ("The facts upon which the claims . . . were based were available at the time the complaints were filed."); Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982). "The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint." Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001) (per curiam).

Plaintiff's request for leave to amend presents a close call. On one hand, Plaintiff had all information it needed to assert the Dormant Commerce Clause claim before initiating this federal lawsuit. Indeed, Plaintiff likely had this information at the outset of, or at least very early in, the previous state action. On the other hand, in evaluating the length of delay, it is appropriate only to consider the instant federal action. Defendants have pointed to no authority suggesting that the Court should consider the time the prior (and now-dismissed) state court action was pending in evaluating the length of the delay, and the Court is aware of none. Here, Plaintiff sought leave to amend its complaint less than six months after initiating this case and before any discovery occurred. That time period is lengthy but not inordinate. Additionally, this is Plaintiff's first

request for leave to amend in this case and there is no evidence of bad faith or prejudice. Importantly, allowing the amendment at this point would not significantly delay, extend, or expand these proceedings.  Plaintiff's amendment will have no effect on the scheduling order, because no schedule exists yet.[2]  Indeed, no discovery has taken place in this litigation.[3] Regarding the currently pending motions to dismiss, Plaintiff's amended complaint will supersede the current complaint, and, therefore, will likely moot those motions.  But Defendants may renew their motions and assert the same and an additional arguments concerning the new claim.  These facts, coupled with the express directive in Rule 15 that leave to amend should be freely granted, support granting Plaintiff's motion and allowing the limited amendment requested in the motion.

Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to Amend and **DIRECTS** Plaintiff to file a complete Amended Complaint within 7 days of the issuance of this Order.

**II.     Plaintiff's Motion for Discovery and Defendant's Motion to Stay**

Defendants move to stay all discovery pending resolution of their motions to dismiss, doc. 37, while Plaintiff moves to compel Defendants to engage in discovery, despite any motions to dismiss.  Doc. 36.  For the reasons below, all discovery deadlines and discovery obligations in

---

[2]     Had Defendants joined in a Rule 26(f) conference and submitted a Rule 26(f) report, as the undersigned directed in my November 27, 2019 Rule 26(f) Instruction Order, perhaps Defendants could credibly argue that amendment would cause undue delay—or, at the very least, requires a showing of good cause to modify the scheduling order under Rule 16(b)(4). But Defendants failed to participate in that conference, submit a report, or engage in any discovery.

[3]     Both parties cite Tampa Bay Water v. HDR Engineering, Inc., 731 F.3d 1171, 1186–87 (11th Cir. 2013), overruled on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333, 1340 (11th Cir. 2017), as support for their undue delay arguments.  Doc. 41 at 3; doc. 43 at 2, 6.  The court in Tampa Bay Water denied leave to amend for undue delay because the plaintiff "ha[d] known the basis for [its' proposed claim] for almost a year prior to requesting leave to amend," and "[t]he inevitable result of amendment would be that '[the defendant] would need to investigate the facts and prepare to defend against the new claim,' which would require additional discovery and further delay the trial." 731 F.3d at 1187.  However, in that case, the plaintiff sought leave to add a new claim after the close of discovery—a critical distinction.  Id.

this case will be stayed pending further order from the Court.

A court has "broad discretion" in determining whether to grant a stay of discovery. Rivas v. The Bank of New York Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). "[T]he party seeking the stay has the burden of demonstrating why a stay should issue." Carapella, 2018 WL 7268163, at *1. When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman, 176 F.R.D. at 652). "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005). The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367. When the "[r]esolution of a pretrial motion turns on [a] finding[] of fact," parties may need to engage in "some limited discovery before a meaningful ruling can be made." Chudasama, 123 F.3d at 1367. Additionally, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "Generally, a stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Plaintiff, in its motion to compel Defendants to engage in discovery, asserts a need for discovery "to prevent loss of evidence because over time memories fade, witnesses relocate[,] and documents are misplaced." Doc. 36 at 5. Plaintiff's desire to prevent the loss of evidence to time is reasonable, but unpersuasive with regards to any stay. Indeed, this concern is present in

6

all cases where a stay is sought.[4]  Moreover, Plaintiff has only expressed a need for discovery in conclusory fashion, and fails to identify any discovery that would be needed to respond to Defendants' motions to dismiss.  Plaintiff states: "Defendants seek to impede Plaintiff from conducting any discovery whatsoever, preventing it from obtaining materials for use in its defense against the Rule 12 motions."  However, by taking a preliminary look at the Defendants' motions to dismiss, it does not appear Plaintiffs require discovery to defend against them.[5]  See, generally, doc. 21 (Defendants' first motion to dismiss, asserting defenses of lack of standing, ripeness, and failure to state a claim); doc. 22 (Defendants' second motion to dismiss asserting immunities).  The Eleventh Circuit Court of Appeals has recognized that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . .  If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.  Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.  For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama, 123 F.3d at 1367–68 (footnotes omitted).  For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss, particularly where the motion to dismiss would—if

---

[4]  To the extent Plaintiff is concerned about the duration of time between the relevant events and resolution of the motions to dismiss, the Court notes that this case has been pending for a relatively short period of time, and the bulk of any such time is attributable to Plaintiff's decision to litigation in state court prior to initiating this suit.

[5]  For example, Defendants' motion to dismiss Plaintiff's substantive due process claims appears to implicate a mixed question of law and fact, but "the ultimate issue of whether a zoning decision is arbitrary and capricious is a question of law to be determined by the court." Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1578 (11th Cir. 1989).

7

granted—dispose of the entire action.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-–FtM–29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

While there is no per se rule that discovery is stayed every time a motion to dismiss is filed, the principle expressed in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is pertinent to the case at hand.  See 123 F.3d at 1368.  A brief review of Defendant's motions to dismiss, docs. 21, 22, reveals they have raised meritorious challenges to the legal sufficiency of Plaintiff's complaint.  If the Court were to grant Defendant's motions to dismiss, this lawsuit would be dismissed in its entirety.  Doc. 37 at 2.

Plaintiff's forthcoming amended complaint will likely moot the pending motions to dismiss, but the Court anticipates Defendants will renew their motions to dismiss and, again, seek dismissal of the entire action.  Thus, it remains appropriate to stay all discovery deadlines and discovery obligations until the motions to dismiss have been ruled on.  At this stage, the Court does not find Defendant's arguments for dismissal (which are likely to be renewed) so frivolous or non-meritorious to conclude that they have been interposed for the purpose of delay.  Moreover, the potential costs and burdens of proceeding with discovery could be significant.  Other than the intangible and nominal harm produced by the delay in the discovery process, it does not appear that a stay of discovery will produce any significant prejudice to any party.

Accordingly, the Court **GRANTS** the Defendants' Motion to Stay and **DENIES** Plaintiff's Motion to Compel. Although the grant of Plaintiff's motion to amend likely moots the currently pending motions to dismiss, the Court anticipates Defendants will renew their motions to dismiss. If Defendants do renew their motions to dismiss, discovery will be stayed until a ruling on the renewed motions to dismiss. If Defendants decline to renew their motions to dismiss within any time allotted to do so, the parties must file a proposed scheduling order.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amendment to Complaint. The Court **DIRECTS** Plaintiff to file its Amended Complaint within 7 days of this Order. Finally, the Court **GRANTS** Defendants' Motion to Stay and **DENIES** Plaintiff's Motion to Compel.

**SO ORDERED**, this 2nd day of July, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA