IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC : : : Plaintiff, : : vs. : : BRANTLEY COUNTY, GEORGIA by and : through its Chairman and Members of the : Brantley County Board of Commissioners; : CHRIS "SKIPPER" HARRIS, RANDY : DAVIDSON, BRIAN HENDRIX, JESSE : MOBLEY AND RAY GRIFFIN, all in their : individual and official capacities as : Commissioners, : : Defendants. : | CIVIL ACTION FILE NO. 5:19-CV-00109 |

**FIRST AMENDMENT TO COMPLAINT FOR LEGAL AND EQUITABLE RELIEF**

NOW COMES Brantley County Development Partners, LLC ("Plaintiff") and, pursuant to leave of Court being granted on July 2, 2020 [Doc. No. 44], hereby files this First Amendment to Complaint for Legal and Equitable Relief. Plaintiff adopts and incorporates herein by reference all prior claims, allegations, counts, portions, paragraphs, exhibits, and the *ad damnum* clause of its Complaint for legal and equitable relief filed on November 26, 2019. [Doc. 1]. Plaintiff amends its Complaint for legal and equitable relief as follows:

**COUNT VII – VIOLATION OF THE DORMANT COMMERCE CLAUSE
OF THE UNITED STATES CONSTITUTION**

138.

Plaintiff incorporates by reference the factual allegations and exhibits in Paragraphs 1 through 137 inclusive above as if set forth verbatim herein.

139.

Solid waste disposal is a matter of national concern and the United States Congress has expressly addressed this concern in the Solid Waste Disposal Act, 42 U.S.C. § 6903, et seq.

140.

Solid waste is an article of interstate commerce and solid waste disposal concerns interstate commerce.

141.

As set forth in detail above, Plaintiff has a constitutionally protected vested property right to use and develop the Property with solid waste handling facilities and on December 29, 2016, Plaintiff filed the requisite permit application for the solid waste handling facilities with the Georgia EPD.  [See Exhibit "K"].

142.

Plaintiff's solid waste handling facilities, as sought with its December 29, 2016 application with the Georgia EPD, will compete in the interstate market for the transfer, transportation, handling and disposal of solid waste.

143.

The solid waste handling facilities sought by Plaintiff will receive, handle and dispose of solid waste which is generated from outside both Brantley County and the State of Georgia. Plaintiff's proposed facility will not receive any hazardous waste.

144.

As set forth in detail above, on January 3, 2017, the Defendants, under color of state law, took the following actions:

(1)     Passed a moratorium barring the establishment of any landfill in Brantley County for 180 days to allow time for Defendants to amend their Zoning Ordinance and their Solid Waste Management Plan;

(2)     Took official action to authorize sending a letter to the Georgia EPD opposing Plaintiff's solid waste handling facilities; and

(3)     Took official action instructing Brantley County representatives to cease any communication or effort with Plaintiff or any other individual or entity where the intent is to establish a landfill.

145.

Defendants have never rescinded their official actions taken on January 3, 2017.

146.

On January 6, 2017, acting under color of state law and pursuant to authority by official action taken by Defendants, County Attorney Deen Strickland, acting as agent of the Defendants, sent a letter to the Georgia EPD advising that Defendants were "unanimously against" Plaintiff's solid waste handling facilities sought with the Georgia EPD permit application and advising the Georgia EPD that Defendants had passed a moratorium containing their opposition to any landfill in Brantley County.  [See Exhibit "P "].

147.

On January 19, 2017, under color of state law, and pursuant to official action taken by Defendants, Defendants hired outside counsel to stop Plaintiff's solid waste handling facilities.

148.

On June 15, 2017, the Defendants purported to readopt a County-wide zoning ordinance and, in the process, they purported to downzone the Plaintiff's Property to the Light Industrial classification.  Under Defendants' readopted zoning ordinance, landfills are forbidden in the Light

3

Industrial zoning category. Under Defendants' readopted zoning ordinance, landfills are not permitted anywhere in Brantley County as a matter of right. They may only be allowed in the Heavy Industrial zoning district with issuance of a special exception. To obtain a special exception for a landfill, an applicant must meet numerous burdensome and vague regulatory requirements and Defendants have discretion as to whether those vague regulatory requirements have been met.

149.

Moreover, there is no land currently zoned within Brantley County to the Heavy Industrial zoning district which results in no land in Brantley County even being eligible to develop with a landfill by issuance of a special exception.

150.

The appearance that landfills are permitted in Brantley County by issuance of a special exception, as contained in Defendants' purported readopted zoning ordinance, is a legislative sleight of hand, an illusion, and mere pretext. Between the onerous and vague regulatory requirements to obtain a special exception, and perhaps more telling, the absence of Heavy Industrial zoned land in Brantley County, the County's purported readopted zoning ordinance, and its regulations and actions all taken under color of state law, result in a complete and outright ban on landfills in Brantley County.

151.

As noted above, the Defendants had a 2006 Solid Waste Management Plan and thereafter adopted a short-term five year plan in August, 2011 which expired by operation of law and its terms in 2016, before Plaintiff submitted its application for solid waste handling facilities to Georgia EPD. But, in January, 2017, Defendants purported to readopt the 2006 Solid Waste Management Plan and on June 15, 2017, Defendants purported to amend the Solid Waste

Management Plan. The Defendants' 2006 Solid Waste Management Plan, as purportedly amended, is hereinafter referenced as the "Solid Waste Management Plan".

152.

The Defendants' Solid Waste Management Plan reveals that Brantley County's landfill was closed in 1992 and remains under monitoring requirements. All solid waste generated within Brantley County was sent to two landfills, one in Camden County and one in Charlton County. All solid waste generated in Brantley County is now sent to landfill in Wayne County. Brantley County currently has no functioning landfill and it accepts no solid waste from outside Brantley County.

153.

The Solid Waste Management Plan impermissibly places a cap on waste disposal at any new solid waste handling facility based on waste produced only within Brantley County: "Any new public or private landfill established in the county should be limited in yearly disposal to an amount no greater than the average amount of waste produced by the County in the preceding three years".

154.

Moreover, the Solid Waste Management Plan forbids solid waste generated from outside Brantley County from entering Brantley County: "even though Brantley County does not anticipate opening a new solid waste management facility within its jurisdictional boundary during this planning period, any future waste disposal facilities, whether landfill or thermal energy, or other, should be constructed on a size need basis dependent upon waste generated within the County and its municipalities. Brantley County, due to the many and varied land limitations . . . must conserve its scarce disposal sites and must limit use of such sites to disposal of waste generated **from only within the County**". [See Exhibit "U", Doc. 1-21, pp. 5-6].

5

155.

Defendants' Solid Waste Management Plan also states: "The Governing Entities require any entity, whether public or private, wishing to site a solid waste management facility within the jurisdictional boundaries of Brantley County **be constructed so as to only serve the disposal needs of said County**".  [Id., p. 14].

156.

In addition, as described in detail above, the Solid Waste Management Plan attempts to forbid any solid waste management facility on Plaintiff's Property by imposing unnecessary, unconstitutional and burdensome regulations for the sole purpose of erecting insurmountable barriers to Plaintiff's receipt of the necessary permit from the Georgia EPD and to otherwise frustrate and dissuade the Plaintiff from construction and operation of its proposed solid waste handling facilities.  The regulatory actions described in paragraphs 144-156 are referenced as the "Regulations".

157.

On their face and as-applied, the Regulations ban landfills in Brantley County and forbid the importation of any solid waste generated from outside Brantley County, and outside the State of Georgia, from entering the County.

158.

On their face and as-applied, the Regulations forbidding importation of solid waste into Brantley County impermissibly discriminate against an article of interstate commerce and are unconstitutional protectionist measures in violation of the dormant Commerce Clause of the United States Constitution.

159.

The Regulations, on their face and as-applied, discriminate against solid waste generated outside Brantley County and outside the State of Georgia by banning landfills and forbidding the importation of such solid waste into the County.

160.

Brantley County's Regulations prohibiting the importation of solid waste, an article of interstate commerce, is a *per se* and as-applied violation of the dormant Commerce Clause of the United States Constitution and must be struck down.  See City of Philadelphia v. New Jersey, 437 U.S. 617 (1978); Fort Gratiot Sanitary Landfill v. Michigan Dep't of Nat. Resources, 504 U.S. 353 (1992); Fulton County v. City of Atlanta, 280 Ga. 353 (2006).

161.

Plaintiff's solid waste handling facilities, as sought with its December 29, 2016 application with the Georgia EPD, will compete in the interstate market for the transfer, transportation, handling and disposal of solid waste and will receive, handle and dispose of solid waste which is generated from outside both Brantley County and the State of Georgia.  Plaintiff has standing to bring claims against Defendants under the Dormant Commerce Clause because Plaintiff is within the zone of interests to be protected by the Commerce Clause and Plaintiff has suffered, and is continuing to suffer, economic injury, damage and irreparable harm arising out of Defendants' actions and enforcement of the Regulations.  Implementation and enforcement of the Regulations will irreparably impair and harm the rights of Plaintiff to engage in the interstate market for the transfer, transportation, handling and disposal of solid waste.

162.

Implementation and enforcement of the Regulations will irreparably harm Plaintiff by preventing Plaintiff from receiving, handling and disposing of solid waste generated from outside Brantley County and outside the State of Georgia.

163.

Implementation and enforcement of the Regulations will impede the interstate flow of, and discriminate against, solid waste, as an article of commerce, from entering Brantley County.

164.

Implementation and enforcement of the Regulations will irreparably impair Plaintiff's business and ability to contract with market participants located outside Brantley County and outside the State of Georgia.

165.

Defendants cannot demonstrate that their Regulations and decisions to forbid all solid waste generated outside Brantley County and outside the State of Georgia from entering the County is justified by any valid interest unrelated to economic protectionism and that no non-discriminatory alternative exists to preserve the County's interest, if any.

166.

The Regulations, facially and as-applied, discriminate against Plaintiff as well as all persons or entities who are engaged in the interstate market for solid waste transportation, collection, handling and disposal services by preventing solid waste generated outside Brantley County and outside the State of Georgia from entering the County.

100947.1 141566-000002

167.

The Defendants' Regulations violate Plaintiff's rights to compete in the interstate market with its solid waste handling facilities.

168.

Defendants' Regulations, both facially and as-applied to Plaintiff and Plaintiff's Property, violate the dormant Commerce Clause of the United States Constitution, Article I, Section VIII, Clause III and 42 U.S.C. § 1983.

169.

Plaintiff is entitled to a declaratory judgment finding that the Regulations, facially and as-applied to Plaintiff and Plaintiff's Property, are unconstitutional, null and void.

170.

Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting the Defendants' violation of Plaintiff's constitutional rights, privileges and immunities and ordering Defendants to take such actions as are needed or required by the Georgia EPD to complete the processing of Plaintiff's application with that agency.

171.

Plaintiff is entitled to damages against Defendants for their violations of the dormant Commerce Clause as determined by the trier of fact pursuant to 42 U.S.C. § 1983 and for an award of attorney's fees, costs and expenses against Defendants under 42 U.S.C. § 1988.

RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

(a)     That Summons and Process issue and that Defendants be served as required by law;

100947.1 141566-000002

(b) That this Court declare that the Defendants' actions are unconstitutional under the Takings Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983;

(c) That this Court declare that the Defendants' actions are unconstitutional under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. § 1983;

(d) That this Court award Plaintiff damages and attorney's fees, costs and expenses under 42 U.S.C. § 1988;

(e) That this Court grant the Plaintiff preliminary and permanent injunctive relief against Defendants' continuing unconstitutional actions;

(f) That this Court award Plaintiff a judgment sufficient to compensate Plaintiff for the taking of private property and damages for the violation of its rights under the Fifth Amendment to the U.S. Constitution, or alternatively, grant Plaintiff preliminary and permanent injunctive relief to stop the taking of, and interference with, Plaintiff's private property rights under the Fifth Amendment to the U.S. Constitution;

(g) That this Court Declare Plaintiff's rights and enjoin the further deprivation of Plaintiff's rights, privileges and immunities by Defendants and order the Defendants to give Plaintiff written confirmation of Plaintiff's compliance with local land use laws, if any, and written consistency with the Solid Waste Management Plan, if applicable, for presentation to Georgia EPD and to otherwise issue such other certifications, or take other action, for presentation to the Georgia EPD as needed or required by that Agency;

(h) That this Court declare that the Defendants have violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, including but not limited to, the First Amendment right to free speech and to petition government and the Fourteenth Amendment right to due process;

(i) That this Court declare that the Land Use Ordinance of Brantley County, Georgia is unconstitutional, illegal, null and void, "per se" and as "applied," to the Property and that it and Defendants' actions have resulted in a taking of Plaintiff's Property without due process of law and in violation of the Georgia Zoning Procedures Act;

(j) That this Court declare that the Moratorium dated January 3, 2017 was null and void and violates Plaintiff's State and Federally guaranteed rights, privileges and immunities to the due process granted to it by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, Article I, Section I, Paragraphs I, II, X and Article I, Sections II, I and III;

(k) That this Court declare that the Defendants' amendment and the re-adoption of the Land Use Ordinance and Official Zoning Map and Zoning Decisions unlawfully rezoning the Plaintiff's Property thereafter to stop the landfill were and are a

11

violation of Plaintiff's rights guaranteed by the Fourteenth Amendment of the United States Constitution, Due Process Clause;

(l) That this Court declare that the Land Use Ordinance of Brantley County, Georgia is unconstitutional, illegal, null and void facially and as applied to the Property;

(m) That this Court declare that Defendants' action in applying the current zoning classification to the property or enforcing the intervening zoning restriction(s) and refusing to allow Plaintiff to develop the Property as a solid waste handling facility, are all arbitrary, capricious, without rational relationship to any legitimate government purpose and are therefore unconstitutional, void and without legal effect;

(n) That in the extent an inverse condemnation remedy exists under Georgia law, that this Court direct Defendants to provide just and adequate compensation for the temporary and/or permanent taking of Plaintiff's private property rights;

(o) That this Court reverse the Defendants' decision on re-classification of Plaintiff's Property and the County's decision on re-adopting and amending the Zoning Ordinance and County Maps as void and unconstitutional;

(p) That this Court grant the Plaintiff preliminary and permanent injunctive relief against Defendants' continuing unconstitutional actions; and

(q) That this Court grant such other, further and different relief as it deems just, proper and appropriate under the facts and evidence presented;

(r) That Plaintiff have a trial by struck jury of twelve (12) as to all issues so triable and upon special interrogatories in the discretion of the Court.

(s) That the Court issue a declaratory judgment that Defendants' actions set forth above, both facially and as-applied to Plaintiff and Plaintiff's Property, violate the

Dormant Commerce Clause of the U. S. Constitution, Article I, Section VIII, Clause III, to enjoin the Defendants' from violating Plaintiff's constitutional rights, privileges and immunities, to issue mandatory injunctive relief ordering Defendants to take such actions as are needed, appropriate or otherwise required by the Georgia EPD to complete the processing of Plaintiff's application with that agency, including without limitation, Defendants' issuance of a letter or letters reaffirming Plaintiff's compliance with local land use laws, if any, and written consistency with Defendants' Solid Waste Management Plan, if applicable, for an award of damages under 42 U.S.C. § 1983, and for an award of attorney fees, costs and expenses under 42 U.S.C. § 1988.

This 8th day of July, 2020.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

LOVETT LAW GROUP, LLC

By: /s/ L. Robert Lovett
    L. Robert Lovett
    Georgia Bar No. 459566
    5400 Riverside Drive
    Suite 203
    Macon, Georgia 31210
    (478) 476-4500
    bob@LovettLawGroup.com

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: /s/ Mark D. Johnson
    Mark D. Johnson
    Georgia Bar No. 395041
    Post Office Box 190
    Brunswick, Georgia 31521-0190
    (912) 265-6700

BROWN ROUNTREE PC

By: /s/ George Rountree
    George Rountree
    Georgia Bar No. 616205

    26 North Main St
    Statesboro, Georgia 30458
    (912) 489-6900
    georgia@br-firm.com

WILSON BROCK & IRBY, L.L.C.

By: /s/ Kyler L. Wise
    Kyler L. Wise
    Georgia Bar No. 77128
    2849 Paces Ferry Road SE
    Suite 700
    Atlanta, Georgia 30339
    (404) 853-5050
    kwise@wbilegal.com

100947.1 141566-000002

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading via electronic service through the PACER e-filing system upon Defendants' counsel of record:

Dana K. Maine
Rachael Slimmon
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

This 8th day of July, 2020.

/s/ Kyler L. Wise
Kyler L. Wise

15

100947.1 141566-000002