# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners,<br><br>    Defendants. | No. 5:19-CV-109 |

## ORDER

On September 24, 2020, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction. Dkt. Nos. 65, 58. Plaintiff moved to expedite discovery after that hearing, and on September 30, 2020, the Court issued an order granting a period of expedited discovery. Dkt. Nos. 67, 69. Following the close of expedited discovery, Plaintiff and Defendants filed supplemental briefs on the pending Motion for Preliminary Injunction. See Dkt. Nos. 83, 87. While this case has had the benefit of discovery and thorough

briefing, the Court finds that a factual dispute remains that requires an evidentiary hearing.

At the hearing, Defendants submitted that there is evidence in the record that Chairman Charlie Summerlin did not sign the February 6, 2015 letters issued to Claudia Moeller at the EPD. Dkt. No. 66 at 62-63. In his deposition, Chairman Summerlin testified that he did not sign the letters and that his signatures on the 2015 letters and the 2015 meeting minutes attended by Summerlin appear "too small" to be his signature. Dkt. No. 89-1 at 29, 33-38, 50-51, 59. In its supplemental brief, Plaintiff disputes Chairman Summerlin's testimony and contends that it "lacks any modicum of credibility." Dkt. No. 83 at 15. Plaintiff submits that Carl Rowland's deposition demonstrates that Chairman Summerlin did, in fact, sign the letters in the presence of multiple people. Id. at 17; Dkt. No. 88-1 at 20-22.

An evidentiary hearing is not always required before the issuance of a preliminary injunction. See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, 910 F.3d 1130, 1169 (11th Cir. 2018). However, an evidentiary hearing is required for entry of a preliminary injunction "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002). As such, the Court finds that a hearing on the validity of the 2015

letters is appropriate and warranted by the present dispute. The hearing is scheduled for Wednesday, February 10, 2021 at 10 o'clock a.m. in Courtroom One of the Federal Courthouse in Brunswick, Georgia.

**SO ORDERED**, this 5th day of February, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA