IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC,<br><br>                Plaintiff,<br><br>V.<br><br>BRANTLEY COUNTY, GEORGIA by and through its CHAIRMAN and MEMBERS OF THE BRANTLEY COUNTY BOARD OF COMMISSIONERS; CHRIS "SKIPPER" HARRIS; RANDY DAVIDSON; BRIAN HENDRIX; JESSE MOBLEY and RAY GRIFFIN, all in their official capacities as commissioners; and JESSE MOBLEY, individually,<br><br>                Defendants. | CIVIL ACTION FILE<br>NO. 5:19-CV-00109-LGW-BWC |

## DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT AND FIRST AMENDMENT TO COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

COME NOW Defendants Brantley County, Georgia, by and through Chris "Skipper" Harris, Randy Davidson, Brian Hendrix, Jesse Mobley and Ray Griffin ("Defendants"), and file their answer and defenses to Plaintiff's Complaint and First Amendment to Complaint for Legal and Equitable Relief ( "amended complaint") (Docs. 1 and 45), showing the Court as follows:

### FIRST DEFENSE

Some or all of Plaintiff's amended complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of Plaintiff's amended complaint, Defendants answer as follows:

**RESPONDING TO: PARTIES**

1.

Defendants can neither admit nor deny the allegations in paragraph 1 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

2.

Responding to the allegations contained in paragraph 2 of Plaintiff's amended complaint, Defendants admit the County is a local governmental body established and existing under the Georgie Constitution.  Defendants admit that the currently serving commissioners reside in Brantley County.  Defendants deny the Count must and does always act through its board of commissioners and deny the County is a resident as it is not an individual, and thus, this allegation is inapplicable.

3.

Responding to the allegations contained in paragraph 3 of Plaintiff's amended complaint, Defendants deny that Ray Griffin is a current member of the Brantley County Board of Commissioners.  Defendants admit the remaining commissioners are residents of Brantley County and admit Plaintiff has named them in their official and individual capacities.  Further responding, Defendants admit the Court has dismissed the complaint as to the individual commissioners in their official capacities.

4.

Defendants can neither admit nor deny the allegations in paragraph 4 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

5.

Defendants deny the allegations contained in paragraph 5 of Plaintiff's amended complaint.

## RESPONDING TO: JURISDICTION

6.

Defendants deny the allegations contained in paragraph 6 of Plaintiff's amended complaint.

## RESPONDING TO: VENUE

7.

Defendants admit the allegations contained in paragraph 7 of Plaintiff's amended complaint.

## RESPONDING TO: GENERAL ALLEGATIONS

8.

Defendants deny the allegations contained in paragraph 8 of Plaintiff's amended complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's amended complaint.

10.

Paragraph 10 of Plaintiff's amended complaint contains a description of statutes, to which no response is required.  In so far as the allegations allege or imply that the complaint states a cause of action against Defendants, the paragraph is denied.

11.

Responding to the allegations of paragraph 11 of Plaintiff's amended complaint, Defendants deny Plaintiff met with Defendants, their officials, employees, representatives, and officers to be assured that Plaintiff could obtain the necessary letters required by the EPD on the Subject Property.  No response is required to the allegations that describe statutes.  In so far as the

allegations allege or imply that the complaint states a cause of action against Defendants, the paragraph is denied.

12.

Defendants can neither admit nor deny the allegations in paragraph 12 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

13.

Defendants can neither admit nor deny the allegations in paragraph 13 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

14.

Defendants can neither admit nor deny the allegations in paragraph 14 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

15.

Defendants can neither admit nor deny the allegations in paragraph 15 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

16.

Responding to the allegations contained in paragraph 16 of Plaintiff's amended complaint, Defendants admit that the minutes represent the County commissioners voted to issue letters on February 5, 2015.  Defendants deny Plaintiff ever presented any particular plan to them or that they provided any blanket approval for Plaintiff to construct a solid waste facility in the County.

Instead, Plaintiff's representatives told Defendants they needed an approval from the County to explore options on the property and they would come back to the Board of Commissioners for approval once they settled on a plan for the use of the property. Defendants deny the letters were signed by Charles Summerlin and deny that the commissioners knew Plaintiff planned to build a landfill on the Subject Property.

17.

Defendants can neither admit nor deny the allegations in paragraph 17 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

18.

Responding to the allegations of paragraph 18 of Plaintiff's amended complaint, Defendants deny Plaintiff was assured that the new zoning laws would not apply to its project, that Plaintiff would not have to comply with the proposed zoning laws, that there were no proposed zoning maps, and that Defendants requested Plaintiff attend the meeting.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

19.

Responding to the allegations contained in paragraph 19 of Plaintiff's amended complaint, Defendants admit the Board of Commissioners voted to adopt the zoning ordinance on September 8, 2016.  Defendants deny the remaining allegations in the paragraph.

20.

Responding to the allegations contained in paragraph 20 of Plaintiff's amended complaint, Defendants admit that the official minutes of the September 8, 2016 meeting do not mention the adoption of zoning maps.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's amended complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's amended complaint.

23.

Responding to the allegations contained in paragraph 23 of Plaintiff's amended complaint, Defendants admit the commissioners went into an executive session at the November 1, 2016 meeting and Plaintiff's representatives entered the room with the commissioners.  Defendants further admit the county attorney informed the Board of Commissioners in the presence of Plaintiff's representatives that a discussion with the representatives could not occur during an executive session and the executive session was not conducted.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's amended complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's amended complaint.

26.

Defendants deny the allegations contained in paragraph 26 of Plaintiff's amended complaint.

27.

Responding to the allegations contained in paragraph 27 of Plaintiff's amended complaint, Defendants admit a meeting took place regarding the Subject Property on December 22, 2016. Defendants deny the remaining allegations contained in paragraph 27.

28.

Responding to the allegations contained in paragraph 28 of Plaintiff's amended complaint, Defendants admit that Plaintiff submitted its EPD application on December 29, 2016. Defendants deny that the letters submitted with the application were from Defendants or that the proposed site was consistent with the Solid Waste Management Plan. Defendants deny the remaining allegations contained in paragraph 28 in the form and manner alleged.

29.

Responding to the allegations contained in paragraph 29 of Plaintiff's amended complaint, Defendants deny the application was complete. Defendants can neither admit nor deny the remaining allegations in paragraph 29 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

30.

Responding to the allegations contained in paragraph 30 of Plaintiffs' amended complaint, Defendants admit the that the County commissioners voted to approve the moratorium referenced in Exhibit L to Plaintiff's Amended Complaint.   Defendants deny the remaining allegations contained in paragraph 30.

31.

Responding to the allegations contained in paragraph 31 of Plaintiffs' amended complaint, Defendants admit that the advertisement ran on January 4, 2017 and that the moratorium was voted on during a work session.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32.

Defendants deny the allegations contained in paragraph 32 in the form and manner alleged.

33.

Responding to the allegations contained in paragraph 33 of Plaintiffs' amended complaint, Defendants admit that the County commissioners voted to adopt the resolution during the January 5, 2017, Board of Commissioners meeting. Defendants deny the remaining allegations contained in the paragraph.

34.

Responding to the allegations contained in paragraph 34 of Plaintiffs' amended complaint, Defendants admit the allegations that the County attorney transmitted the letter to Chad Hall, as attached to the Amended Complain as Exhibit P.  Defendants deny the remaining allegations contained in paragraph 34.

35.

Responding to the allegations contained in paragraph 35 of Plaintiffs' amended complaint, Defendants admit that the County hired outside counsel with experience in environmental law. Defendants deny the remaining allegations contained in paragraph 35.

36.

Responding to the allegations contained in paragraph 36 of Plaintiffs' amended complaint, Defendants admit that Kimberly Hale rendered legal services, the contents of which are privileged advised the County regarding the Solid Waste Management Plan.  Defendants deny the remaining allegations contained in paragraph 36 to the extent the allegations allege or imply that Ms. Hale's legal work was improper or inappropriate.

37.

Defendants deny the allegations contained in paragraph 37 of Plaintiff's amended complaint.

38.

Responding to the allegations contained in paragraph 38 of Plaintiffs' amended complaint, Defendants admit that Plaintiff made open records requests in 2017 and that the County clerk provided the maps referenced in paragraph 38.

39.

Responding to the allegations contained in paragraph 39 of Plaintiffs' amended complaint, Defendants admit that the September 8, 2016 meeting minutes do not state that the County adopted a zoning map.  Defendants deny the remaining allegations contained in paragraph 39.

40.

Responding to the allegations contained in paragraph 40 of Plaintiff's amended complaint, Defendants admit the allegations that Deen Strickland sent Plaintiff a letter regarding the proposed zoning reclassification of the Subject Property, and the document speaks for itself.  Defendants deny the remaining allegations contained in paragraph 40.

41.

Defendants admit the allegations contained in paragraph 41 of Plaintiff's amended complaint.

42.

Defendants deny the allegations contained in paragraph 42 of Plaintiff's amended complaint.

43.

Responding to the allegations contained in paragraph 43 of Plaintiff's amended complaint, Defendants admit the allegations that they passed a zoning map and zoning ordinance on June 15, 2017. Defendants deny the remaining allegations contained in the paragraph.

44.

Defendants can neither admit nor deny the allegations in paragraph 44 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

45.

Responding to the allegations contained in paragraph 45 of Plaintiff's amended complaint, Defendants admit the County changed the zoning of the subject property on the County's zoning

map from H-I to L-I.  The Zoning Ordinance speaks for itself.  Defendants deny any remaining allegations contained in paragraph 45.

46.

Responding to the allegations contained in paragraph 46 of Plaintiff's amended complaint, Defendants deny the County ever took action to approve Plaintiff's EPD application, therefore, Defendants deny the allegations in the paragraph.

47.

Defendants deny the allegations contained in paragraph 47 of Plaintiff's amended complaint.

48.

Responding to the allegations contained in paragraph 48 of Plaintiff's amended complaint, Defendants admit that Plaintiff submitted open records requests to the County and sent letters opposing the proposed zoning classification of the Subject Property. Defendants deny the remaining allegations contained in paragraph 48.

49.

Defendants deny the allegations contained in paragraph 49 of Plaintiff's amended complaint.

50.

Defendants deny the allegations contained in paragraph 50 of Plaintiff's amended complaint.

51.

Defendants deny the allegations contained in paragraph 51 of Plaintiff's amended complaint.

52.

Defendants deny the allegation contained in paragraph 52 of Plaintiff's amended complaint.

53.

Defendants deny the allegations contained in paragraph 53 of Plaintiff's amended complaint.

54.

Defendants deny the allegations contained in paragraph 54 of Plaintiff's amended complaint.

55.

Defendants deny the allegations contained in paragraph 55 of Plaintiff's amended complaint.

56.

Defendants deny the allegations contained in paragraph 56 of Plaintiff's amended complaint.

57.

Defendants deny the allegations contained in paragraph 57 of Plaintiff's amended complaint.

58.

Defendants admit that Plaintiff directed the correspondence referenced in paragraph 58 of Plaintiff's amended complaint and attached as Exhibit Y to the Amended Complaint. Defendants deny the remaining allegations contained in the paragraph.

59.

Responding to the allegations contained in paragraph 59 of Plaintiff's amended complaint, Defendants admit that they have not provided the certification letters which have not been requested by the EPD.  Defendants deny the remaining allegations contained in paragraph 59.

**RESPONDING TO: COUNT I – TAKINGS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

60.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 59 of the amended complaint as if fully stated herein.

61.

Paragraph 61 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

62.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's amended complaint.

63.

Paragraph 63 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

64.

Paragraph 64 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

65.

Defendants deny the allegations contained in paragraph 65 of Plaintiff's amended complaint.

66.

Defendants deny the allegations contained in paragraph 66 of Plaintiff's amended complaint.

67.

Defendants deny the allegations contained in paragraph 67 of Plaintiff's amended complaint.

68.

Defendants deny the allegations contained in paragraph 68 of Plaintiff's amended complaint.

69.

Defendants deny the allegations contained in paragraph 69 of Plaintiff's amended complaint and deny that Plaintiff is entitled to the relief requested in subparagraphs (a) – (e).

**RESPONDING TO: COUNT II –PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

70.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 69 of the amended complaint as if fully stated herein.

71.

Paragraph 71 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

72.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's amended complaint.

73.

Paragraph 73 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

74.

Defendants deny the allegations contained in paragraph 74 of Plaintiff's amended complaint.

75.

Defendants deny the allegations contained in paragraph 75 of Plaintiff's amended complaint.

76.

Paragraph 76 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

77.

Paragraph 77 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

78.

Defendants deny the allegations contained in paragraph 78 of Plaintiff's amended complaint.

79.

Defendants deny the allegations contained in paragraph 79 of Plaintiff's amended complaint.

80.

Defendants deny the allegations contained in paragraph 80 of Plaintiff's amended complaint.

81.

Defendants deny the allegations contained in paragraph 81 of Plaintiff's amended complaint.

82.

Defendants deny the allegations contained in paragraph 82 of Plaintiff's amended complaint.

83.

Defendants deny the allegations contained in paragraph 83 of Plaintiff's amended complaint.

84.

Defendants deny the allegations contained in paragraph 84 of Plaintiff's amended complaint.

85.

Defendants deny the allegations contained in paragraph 85 of Plaintiff's amended complaint.

86.

Defendants deny the allegations contained in paragraph 86 of Plaintiff's amended complaint.

87.

Defendants deny the allegations contained in paragraph 87 of Plaintiff's amended complaint.

88.

Defendants deny the allegations contained in paragraph 88 of Plaintiff's amended complaint.

89.

Defendants deny the allegations contained in paragraph 89 of Plaintiff's amended complaint.

90.

Defendants deny the allegations contained in paragraph 90 of Plaintiff's amended complaint.

91.

Defendants deny the allegations contained in paragraph 91 of Plaintiff's amended complaint.

92.

Defendants deny the allegations contained in paragraph 92 of Plaintiff's amended complaint.

93.

Responding to the allegations contained in paragraph 93 of Plaintiff's amended complaint, Defendants admit that they sought advice from counsel prior to the rezoning hearing and did not invite Plaintiff into some meetings with counsel. Defendants deny any remaining allegations contained in the paragraph.

94.

Defendants deny the allegations contained in paragraph 94 of Plaintiff's amended complaint.

95.

Paragraph 95 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants. Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

96.

Paragraph 96 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants. Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

97.

Defendants deny the allegations contained in paragraph 97 of Plaintiff's amended complaint.

98.

Defendants deny the allegations contained in paragraph 98 of Plaintiff's amended complaint.

99.

Defendants deny the allegations contained in paragraph 99 of Plaintiff's amended complaint.

100.

Responding to the allegations contained in paragraph 100 of Plaintiff's amended complaint, Defendants admit that Plaintiff filed a petition in the Brantley County Superior Court and that Plaintiff voluntarily dismissed the petition.  Defendants deny the remaining allegations contained in paragraph 100.

101.

Defendants deny the allegations contained in paragraph 101 of Plaintiff's amended complaint.

102.

Defendants deny the allegations contained in paragraph 102 of Plaintiff's amended complaint.

103.

Defendants deny the allegations contained in paragraph 103 of Plaintiff's amended complaint.

104.

Defendants deny the allegations contained in paragraph 104 of Plaintiff's amended complaint and deny that Plaintiff is entitled to the relief requested.

## RESPONDING TO: COUNT III – FIRST AMENDMENT

105.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 104 of the amended complaint as if fully stated herein.

106.

Paragraph 106 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

107.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.

Defendants deny the allegations contained in paragraph 108 of Plaintiff's amended complaint.

109.

Responding to the allegations contained in paragraph 109 of Plaintiff's amended complaint, Defendants admit that Commissioner Mobley made a motion similar to the one described in paragraph 109.  Defendants deny that the paragraph accurately states the minutes attached as Exhibit N to the Amended Complaint.

110.

Defendants deny the allegations contained in paragraph 110 of Plaintiff's amended complaint.

111.

Responding to the allegations contained in paragraph 111 of Plaintiff's amended complaint, Defendants admit that they sought advice from counsel regarding the zoning ordinance and solid waste management plan and did not invite Plaintiff into discussions with their counsel. Defendants deny the remaining allegations contained in paragraph 111.

112.

Paragraph 112 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

113.

Paragraph 113 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

114.

Defendants deny the allegations contained in paragraph 114 of Plaintiff's amended complaint.

115.

Defendants deny the allegations contained in paragraph 115 of Plaintiff's amended complaint.

116.

Paragraph 116 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants. Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

117.

Responding to the allegations contained in paragraph 117 of Plaintiff's amended complaint, Defendants admit that Plaintiff filed a petition in the Brantley County Superior Court and that Plaintiff voluntarily dismissed the petition. Defendants deny the remaining allegations contained in paragraph 117.

**RESPONDING TO: COUNT IV – SUBSTANTIVE DUE PROCESS**

118.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 117 of the amended complaint as if fully stated herein.

119.

Defendants deny the allegations contained in paragraph 119 of Plaintiff's amended complaint in the form and manner alleged.

120.

Defendants deny the allegations contained in paragraph 120 of Plaintiff's amended complaint.

121.

Defendants deny the allegations contained in paragraph 121 of Plaintiff's amended complaint.

**RESPONDING TO: COUNT V – VESTED PROPERTY RIGHTS**

122.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 122 of the amended complaint as if fully stated herein.

123.

Defendants deny the allegations contained in paragraph 123 of Plaintiff's amended complaint.

124.

Defendants deny the allegations contained in paragraph 124 of Plaintiff's amended complaint.

125.

Defendants admit the allegations contained in paragraph 125 of Plaintiff's amended complaint.

126.

Defendants deny the allegations contained in paragraph 126 of Plaintiff's amended complaint.

127.

Defendants deny the allegations contained in paragraph 127 of Plaintiff's amended complaint.

128.

Defendants deny the allegations contained in paragraph 128 of Plaintiff's amended complaint.

129.

Defendants deny the allegations contained in paragraph 129 of Plaintiff's amended complaint.

## RESPONDING TO: COUNT VI – GENERAL APPEAL

130.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 129 of the amended complaint as if fully stated herein.

131.

Responding to the allegations contained in paragraph 131 of Plaintiff's amended complaint, Defendants admit the amended complaint purports to contain an appeal of the County's zoning decision, but deny it does so.

132.

Defendants deny the allegations contained in paragraph 132 of Plaintiff's amended complaint.

133.

Defendants deny the allegations contained in paragraph 133 of Plaintiff's amended complaint.

134.

Defendants deny the allegations contained in paragraph 134 of Plaintiff's amended complaint.

135.

Defendants deny the allegations contained in paragraph 135 of Plaintiff's amended complaint.

136.

Defendants deny the allegations contained in paragraph 136 of Plaintiff's amended complaint.

137.

Defendants deny the allegations contained in paragraph 137, and deny that Plaintiff entitled to the relief requested, including subparagraphs (a) – ®.

**RESPONDING TO: COUNT VII –DORMANT COMMERCE CLAUSE OF THE UNITED STATES CONSTITUTION**

138.

Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 137 of the amended complaint as if fully stated herein.

139.

Paragraph 139 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

140.

Paragraph 140 of Plaintiff's amended complaint constitutes a statement of law, and as such, requires no response from Defendants.  Insofar as the paragraph alleges or implies the complaint states a cause of action against Defendants, it is denied.

141.

Defendants deny the allegations contained in paragraph 141 of Plaintiff's amended complaint.

142.

Defendants can neither admit nor deny the allegations in paragraph 142 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

143.

Defendants can neither admit nor deny the allegations in paragraph 143 of Plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff upon strict proof of the same.

144.

Responding to the allegations contained in paragraph 144 of Plaintiff's amended complaint, Defendants admit that they took the action in subparagraphs (1) and (2).  Defendants deny the characterization of the action the County took as reflected in (3). Rather, Defendants admit they admit they attempted to prevent secret, closed-door, off-the-record, behind-the-scenes discussions with Plaintiff's agents.  Their conduct was an attempt to ensure all commissioners were equally informed of any communication from and to Plaintiff's representatives

145.

Responding to paragraph 145 of Plaintiff's Amended complaint, Defendants admit the allegation the County did not rescind the expired moratorium discussed on January 3, 2017, because it expired by its terms.

146.

Responding to paragraph 146 of Plaintiff's amended complaint, Defendants admit the allegation that Deen Strickland sent the letter attached to the Amended Complaint as Exhibit P and the letter speaks for itself.

147.

Responding to the allegations contained in paragraph 147 of Plaintiff's amended complaint, Defendants admit the Brantley County Board of Commissioners have retained legal counsel. Defendants deny the remaining allegations contained in paragraph 147.

148.

Responding to the allegations contained in paragraph 148 of Plaintiff's amended complaint, Defendants admit the allegations that the County adopted a zoning ordinance on June 15, 2017, that the Subject Property had a "light industrial" zoning classification, and that landfills are not permitted "as a matter of right." Defendants deny the remaining allegations contained in paragraph 148.

149.

Defendants deny the allegations contained in paragraph 149 of Plaintiff's amended complaint in the form and manner alleged.

150.

Defendants deny the allegations contained in paragraph 150 of Plaintiff's amended complaint.

151.

Responding to the allegations contained in paragraph 151 of Plaintiff's amended complaint, Defendants admit the allegations that Brantley County had a 2006 Solid Waste Management Plan and a five-year plan, and that the County amended the Solid Waste Management Plan. Defendants deny the remaining allegations contained in paragraph 151.

152.

Upon information and belief, Defendants admit the allegations in paragraph 152 of Plaintiff's amended complaint.

153.

Defendants deny the allegations contained in paragraph 153 of plaintiff's amended complaint in the form and manner pled.

154.

Defendants deny the allegations contained in paragraph 154 of Plaintiff's amended complaint.

155.

Defendants deny the allegations contained in paragraph 155 of Plaintiff's amended complaint.

156.

Defendants deny the allegations contained in paragraph 156 of Plaintiff's amended complaint.

157.

Defendants deny the allegations contained in paragraph 157 of Plaintiff's amended complaint.

158.

Defendants deny the allegations contained in paragraph 158 of Plaintiff's amended complaint.

159.

Defendants deny the allegations contained in paragraph 159 of Plaintiff's amended complaint.

160.

Defendants deny the allegations contained in paragraph 160 of Plaintiff's amended complaint.

161.

Defendants deny the allegations contained in paragraph 161 of Plaintiff's amended complaint.

162.

Defendants deny the allegations contained in paragraph 162 of Plaintiff's amended complaint.

163.

Defendants deny the allegations contained in paragraph 163 of Plaintiff's amended complaint.

164.

Defendants deny the allegations contained in paragraph 164 of Plaintiff's amended complaint.

165.

Defendants deny the allegations contained in paragraph 165 of Plaintiff's amended complaint.

166.

Defendants deny the allegations contained in paragraph 166 of Plaintiff's amended complaint.

167.

Defendants deny the allegations contained in paragraph 167 of Plaintiff's amended complaint.

168.

Defendants deny the allegations contained in paragraph 168 of Plaintiff's amended complaint.

169.

Defendants deny the allegations contained in paragraph 169 of Plaintiff's amended complaint.

170.

Defendants deny the allegations contained in paragraph 170 of Plaintiff's amended complaint.

171.

Defendants deny the allegations contained in paragraph 171 of Plaintiff's amended complaint.

172.

Responding to the "WHEREFORE" paragraph, Defendants deny that Plaintiff is entitled to the relief requested.

173.

To the extent any allegation in the petition is not expressly admitted in this answer, it is hereby denied.

### THIRD DEFENSE

The elected official Defendants are not necessary parties to this litigation in their official capacities.

### FOURTH DEFENSE

The elected official Defendants are immune from suit under the doctrine of official and qualified immunity.

### FIFTH DEFENSE

The elected official Defendants are immune from suit under the doctrine of legislative immunity.

### SIXTH DEFENSE

Any and all actions taken by Defendants which form the basis of Plaintiff's complaint were taken in good faith and without actual malice or actual intent to cause injury to Plaintiff.

### SEVENTH DEFENSE

Plaintiff has not suffered a constitutional deprivation.

### EIGHTH DEFENSE

The existing zoning classification is a presumptively valid and constitutional zoning district.

### NINTH DEFENSE

The existing zoning classification is substantially related to the public health, safety, morality, and welfare.

## TENTH DEFENSE

Any constitutional objections by Plaintiff to the action taken by any of the Defendants, and any issues pertaining thereto, which are now raised for the first time in Plaintiff's complaint, are barred.

## ELEVENTH DEFENSE

Plaintiff received notice and an opportunity to be heard in connection with the zoning decision related to its property.

## TWELFTH DEFENSE

Plaintiff's procedural due process claim under the Fourteenth Amendment is precluded to the extent Georgia State law provides a post-deprivation remedy to Plaintiff.

## THIRTEENTH DEFENSE

Defendants have not caused unnecessary trouble and expense, has not been stubbornly litigious, and has at all times relevant to this action acted in good faith, and therefore, Plaintiff's claim for attorneys' fees is barred.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff lacks standing to bring some or all of its claims asserted in the amended complaint.

WHEREFORE, having fully listed their defenses and having fully answered the amended complaint, Defendants pray as follows:

(a)     That judgment be entered in favor of Defendants and against Plaintiff on the amended complaint;

(b)     That the costs of this action, including attorney's fees, be cast against Plaintiff;

(c)     That the Court grant such other and further relief as it may deem just and proper; and

(d)     Defendants demand a jury on all issues so triable.

This 16th day of September, 2021.

**FREEMAN MATHIS & GARY, LLP**

/s/  Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

/s/ Rachael Slimmon
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(770) 937-9960 - Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day submitted the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT AND FIRST AMENDMENT TO COMPLAINT FOR LEGAL AND EQUITABLE RELIEF** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

L. Robert Lovett
LOVETT LAW GROUP
5400 Riverside Drive, Suite 203
Macon, GA 31210

Mark D. Johnson
GILBERT, HARRELL, SUMERFORD &
MARTIN, PC
P.O. Box 190
Brunswick, GA 31521-0190

George H. Rountree
BROWN ROUNTREE, P.C.
26 N. Main Street
Statesboro, GA 30458

Kyler L. Wise
Jeffrey R. Davis
WILSON BROCK & IRBY, LLC
2849 Paces Ferry Road, Suite 700
Atlanta, GA 30339

This 16th day of September, 2021.

/s/ Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorneys for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(770) 937-9960 - Facsimile
18697619_