IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-109 |
| v. | |
| BRANTLEY COUNTY, GEORGIA, et al., | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Stay Preliminary Injunction Pending Appeal. Doc. 126. Plaintiff filed a Response, opposing Defendants' Motion. Doc. 129. For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendants' Motion to Stay Preliminary Injunction Pending Appeal.

### BACKGROUND

This case concerns Plaintiff's plans to build a solid waste handling facility in Brantley County, Georgia. Doc. 114 at 2. Plaintiff alleges Defendants agreed to let it build a facility and issued a verification letter confirming that agreement and the County Board of Commissioners approved the project. Id. at 2–3. Plaintiff alleges it purchased land in reliance on Defendants' promise, but after Plaintiff purchased the land and began its permitting process with the Georgia Environmental Protection Division (the "EPD"), Defendants changed their view of the project and began opposing Plaintiff's efforts. Id. at 4–6. Plaintiff claims Defendants took steps to prevent Plaintiff from building its facility, including re-zoning Plaintiff's property. Plaintiff points to the following actions to prevent Plaintiff from building its facility: issuing a 2016

Zoning Ordinance; issuing Solid Waste Management Plans ("SWMP") in 2017 and 2020; and issuing a resolution by the County Commissioners on July 9, 2020, withdrawing earlier-issued verification letters.

On May 14, 2021, the Honorable Lisa Godbey Wood issued an Order granting Plaintiff's motion for preliminary injunction. Doc. 114. In that Order, Judge Wood enjoined Defendants from applying the July 9, 2020 resolution, the 2016 Zoning Ordinance, the 2017 SWMP, and the 2020 SWMP to Plaintiff's property and its EPD permit application. Id. at 52. Additionally, Judge Wood ordered Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a). Id. On May 27, 2021, Defendants appealed Judge Wood's Order on Plaintiff's motion for preliminary injunction. Docs. 117, 119. Defendants' appeal is currently pending before the Eleventh Circuit Court of Appeals.

Additionally, Defendants moved to dismiss all of Plaintiff's claims, doc. 48, and Judge Wood granted in part and denied in part that motion, doc. 135. Specifically, the Court dismissed Plaintiff's dormant Commerce Clause claim, just compensation claim, procedural due process claim, substantive due process claim, and First Amendment claim but denied Defendants' request to dismiss Plaintiff's vested rights claim and void-for-vagueness claim. Id. The Court also dismissed Plaintiff's state law claims against Defendants in their official capacities and dismissed Plaintiff's rezoning appeal without prejudice. Id.

Defendants move this Court, under Federal Rule of Civil Procedure 62(d), for a stay of the preliminary injunction pending resolution of the appeal. Doc. 126. Plaintiff opposes Defendants' Motion to Stay. Doc. 129.

**DISCUSSION**

I.  **Legal Standard**

Federal Rule of Civil Procedure 62(d) governs the granting of a stay of an injunction pending appeal and provides in relevant part, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  "A stay is not a matter of right, even if irreparable injury might otherwise result."  Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issu[uance] is dependent upon the circumstances of the particular case.'"  Id.

In determining whether to grant a stay pending appeal, the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 426.[1]  However, the latter two factors (i.e., harm to the opposing party and weighing the public interest) merge when the government is the opposing party, such as in this case.  Nken, 556 U.S. at 435.

---

[1]  When the balance of equities on the latter three factors weighs in favor of granting a stay, the applicant is subject to the lower standard of presenting a "substantial case on the merits" rather than the higher standard of likelihood of success on the merits.  Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. June 26, 1981)).  However, that lower standard is not triggered here because I have determined Plaintiff would be irreparably harmed absent a stay and the balance of the harms and public interest does not weigh in favor of a stay, for the reasons explained herein.

The stay factors have "substantial overlap" with the factors the Court already analyzed in granting the preliminary injunction.[2]  Id. at 435.  The movant bears a "heavy burden" and "must establish each of these four elements in order to prevail."  Larios v. Cox, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (citing Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)); see also Nken, 556 U.S. at 433–34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

## II.  Strong Showing of Likelihood of Success on the Merits

Defendants argue they are likely to succeed on appeal because (1) the Court lacks jurisdiction, and (2) Plaintiff's state law vested rights claim—which was the basis for the Court's preliminary injunction—fails as a matter of law.  Doc. 126 at 3.  Plaintiff contends Defendants' arguments lack merit for the reasons explained in the Court's Order granting its motion for preliminary injunction.[3]  Doc. 129 at 5–10.

### A.  Defendants Have Not Shown Their Standing Argument Has a Strong Likelihood of Success on the Merits

Defendants argue Plaintiff lacks standing because an injury has not yet occurred. Doc. 126 at 3.  Instead of an actual injury, Defendants contend Plaintiff alleges only an anticipated injury based on the EPD's potential denial of its permit, for which Plaintiff has yet to apply.  Id. at 3–8.  The Court has already addressed Plaintiff's standing and Defendants' challenges to standing when ruling on both the preliminary injunction and motion to dismiss.

---

[2]  Indeed, "courts rarely stay a preliminary injunction pending appeal given that the test for a stay is so similar to the test for a preliminary injunction."  Democratic Exec. Comm. of Fla. v. Detzner, 347 F. Supp. 3d 1017, 1032 (N.D. Fla. 2018).

[3]  While there is significant overlap between the parties' briefing and arguments on the preliminary injunction, the motion to dismiss, and the instant Motion, the undersigned reviews the arguments before him solely for the purpose of deciding the Motion to Stay Preliminary Injunction Pending Appeal.

Doc. 114 at 9–13; Doc. 135 at 11–20.  The Court rejected Defendants' challenges in both instances.

Article III of the United States Constitution limits the power of federal courts to adjudicating actual "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  The most significant case-or-controversy doctrine is the requirement of standing.  Ga. State Conf. of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999).  A plaintiff seeking to invoke federal jurisdiction carries the burden to establish he has standing to assert his claim.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

To establish standing, a plaintiff must satisfy three requirements: "(1) injury in fact; (2) a causal connection between the asserted injury in fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision."  Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013) (internal quotes omitted) (citing Lujan, 504 U.S. at 560–61).  To meet the injury-in-fact requirement, a plaintiff must have suffered an invasion of a legally protected interest which is: (1) "concrete and particularized," meaning the alleged injury affects the plaintiff "in a personal and individual way;" and (2) "actual or imminent, not conjectural or hypothetical."  Lujan, 504 U.S. at 560 n.1 (citations and internal quotes omitted).  To be "concrete," an injury "must be de facto; that is it must actually exist."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016).  An allegation of future injury may suffice if the threatened injury is "certainly impending" and there is a "substantial risk" the harm will occur.  Tsao v. Captiva MVP Rest. Partners, LLC, 986 F.3d 1332, 1339 (11th Cir. 2021) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013)).

Defendants argue the injury-in-fact requirement is not met because the EPD may deny Plaintiff's permit to develop its proposed facility for reasons unrelated to Defendants' refusal to

5

issue consistency letters or the County's current zoning plan. Doc. 126 at 4–5. Further, Defendants argue "the claimed injury is not alleged in the Complaint." Id. at 7.

First, Plaintiff's allegation Defendants refused to issue consistency letters where the EPD has stated "reaffirmation of zoning consistency must be submitted to EPD prior to a final decision regarding the issuance of a permit," is an injury which confers Article III standing. Doc. 48-2; see also Doc. 114 at 12–13; Doc. 135 at 18–19. Put simply, based on Plaintiff's allegations, there is a substantial risk—indeed, near certainty—the EPD will refuse to approve Plaintiff's permit without a letter from Defendants reaffirming zoning consistency. Moreover, Plaintiff's alleged injury—inability to obtain an EPD permit—will continue so long as Defendants refuse to issue a letter reaffirming zoning consistency. While Defendants are correct their issuance of a letter does not guarantee Plaintiff will receive a permit for its proposed facility from EPD, their refusal to issue one guarantees denial. In effect, it delays Plaintiff's permit application indefinitely, which is an injury. Roma Outdoor Creations, Inc. v. City of Cumming, 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009); MSPA Claims 1, LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1318 (11th Cir. 2019) ("The question is whether delay alone is a 'concrete' injury. It is."). Thus, Plaintiff's allegations meet the Article III injury requirements. In granting the preliminary injunction and denying Defendants' motion to dismiss, Judge Wood reached the same conclusion. Doc. 114 at 9–13; Doc. 135 at 11–20. Defendants have not shown any error in the Court's prior analysis or shown they are likely to succeed on this issue on appeal. Defendants have not pointed to contrary law, meaningfully distinguished the cases relied on in the Court's earlier Order, or offered other argument to demonstrate their appeal on the standing determination is likely to succeed.

Defendants' argument that Plaintiff failed to include these allegations in its Amended Complaint is also not likely to succeed on appeal. Doc. 126 at 7. In Plaintiff's Amended Complaint, Plaintiff alleges it requested the necessary reaffirmation letters to complete its EPD application process and incorporates an exhibit evidencing the request and Defendants' refusal and failure to provide the letter. Doc. 45 at 1 (incorporating Doc. 1 at 21–22). As a result, Plaintiff's alleged injury is contained in its Complaint, contrary to Defendants' assertions. Indeed, the Court has already rejected this argument, doc. 135 at 15, and Defendants do not demonstrate they are likely to succeed on this argument on appeal. Accordingly, Defendants have not shown a strong likelihood of success on appeal on its challenge to the Court's prior determination that Plaintiff has standing.

### B.    Defendants Have Not Shown Their Statute of Limitations Argument Has a Strong Likelihood of Success

Defendants argue Plaintiff's preliminary injunction was improperly granted because Plaintiff's claims are barred by the applicable statutes of limitations and the Complaint is not a valid renewal action.[4] Doc. 126 at 8–11. Specifically, Defendants contend Plaintiff failed to "show affirmatively" the requirements under O.C.G.A. § 9-2-61 were met, as was required for Plaintiff to renew its action. Id. at 9. On the other hand, Plaintiff contends it made the affirmative showing necessary by including language within its Complaint and placing the

---

[4]    Defendants also raised this argument in their motion to dismiss. Doc. 48 at 5–8. In ruling on their motion to dismiss, the Court determined Plaintiff's vested rights claim was not barred by the statute of limitations, rejecting the same arguments Defendants raise here and concluding the federal claims are not barred by the applicable statutes of limitations. Doc. 135 at 25. The Court did determine Plaintiff's Dormant Commerce Clause claim was barred by the statute of limitations, but that ruling would not require a stay of the preliminary injunction—the injunction was based on Plaintiff's vested rights claim, not the Dormant Commerce Clause claim. Doc. 114 at 45 ("Plaintiff has not shown that it is substantially likely to prevail on the merits of its Dormant Commerce Clause claim. Consequently, the Dormant Commerce Clause cannot serve as a basis for Plaintiff's preliminary injunction.").

proceedings from the reviewed state court action into the record, of which the Court may take judicial notice.  Doc. 129 at 7, *incorporating by reference* Doc. 52 at 10.

Section 9-2-61(a) provides:

> [w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

When a renewal is filed after the statute of limitations has run, a plaintiff is required "to show entitlement to file a renewal suit and that he followed the proper procedure to file a renewal suit."  Whitesell v. Ga. Power Co., 800 S.E.2d 370, 371 (Ga. Ct. App. 2017).

Plaintiff has made the required affirmative showing in this case.  Considering Plaintiff's Complaint, doc. 1, and filings in the prior proceedings, doc. 52-1 to 3, together, Plaintiff shows affirmatively:

> that the former petition was not a void suit, that it is such a valid suit as may be renewed under [O.C.G.A.] § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

Whitesell, 800 S.E.2d at 371 (emphasis omitted).  That is, Plaintiff shows its prior suit was not dismissed on the merits, was not void, and was voluntarily dismissed, as is required under O.C.G.A. § 9-2-61.  Jester v. Emerson Climate Techs., 849 F. App'x 849, 854 (11th Cir. 2021).

Defendants insist Plaintiff must make its "affirmative showing" in its Complaint. Defendants are incorrect.  As the Eleventh Circuit recently explained, for Georgia renewal actions, "[r]elying on an attached exhibit is permissible, as 'a plaintiff may make the requisite showing by proof outside the renewed complaint.'"  Id. (citing Belcher v. Folsom, 573 S.E.2d

8

447, 449 (Ga. Ct. App. 2002) (explaining proof may be made by offering evidence or requesting a court take judicial notice)).  The Complaint in this action considered with the documentation of the prior state court proceedings in the record demonstrate the required affirmative showing.  Defendants have offered no explanation why their argument is likely to succeed on appeal given the Eleventh Circuit's ruling in Jester.  See also Doc. 135 at 20–25 (reaching the same conclusion on Defendants' statute of limitations argument raised in their motion to dismiss).

Defendants also argue Plaintiff's Complaint is ineligible for renewal because it adds a Dormant Commerce Clause claim that was not part of the statue court proceedings.  Doc. 126 at 10 (citing Bruns v. Dees, 557 S.E.2d 31 (Ga. Ct. App. 2001)).  The Court rejected this argument when ruling on Defendants' motion to dismiss.  Doc. 135 at 30.  Defendants are correct Plaintiff cannot add a cause of action in a renewal action; however, Plaintiff's Dormant Commerce Clause claim does not render the entire renewal action improper.  Instead, newly added claims are not protected by the renewal statute, unlike the claims found in the original pleadings which are protected.  See Doc. 135 at 25–26 (citing Alfred v. Right Stuff Food Stores, Inc., 525 S.E.2d 717, 719 (Ga. Ct. App. 1999) (holding a nuisance claim added by later amendment was untimely but permitting the claims alleged in the original complaint to be renewed); Blier v. Greene, 587 S.E.2d 190, 194 (Ga. Ct. App. 2003) (dismissing only the newly added claim because it was "not saved by the renewal statute"); Burns, 557 S.E.2d at 40 (dismissing only the newly added claim rather than the renewal action as a whole); and Thurmon v. Clayton County, No. 1:11-CV-1412, 2012 WL 6625637, at *5 (N.D. Ga. Dec. 19, 2012) ("Plaintiff has failed to show that Defendants were on notice under the original complaint of an intentional infliction of emotional distress claim against them.  Therefore, that claim may not be added to the renewal action.")).

9

Plaintiff's Complaint is a valid renewal action as to all claims except for the Dormant Commerce Clause claim.  The fact the Dormant Commerce Clause claim fails as a renewal action has no effect on the preliminary injunction, as Plaintiff's vested rights claim is the basis for the Court's grant of preliminary injunction.  See Doc. 114 at 21, 44–45.  And, for the reasons explained above, Plaintiff's vested rights claim was a valid renewal action, not barred by the statute of limitations.  See also Doc. 135 at 25.  Accordingly, Defendants have not shown a strong likelihood of success on appeal on its statutes of limitations argument.

### C. Defendants Have Not Shown They Are Likely to Succeed on Their Immunity Defense

Defendants contend Plaintiff's claims are barred by sovereign immunity and official immunity.  Doc. 126 at 10–11.  Again, these arguments have been considered and rejected by the Court in the ruling on Defendants' motion to dismiss.  Doc. 135 at 32–37.  The arguments are addressed here again, as they pertain to Defendants' request to stay the preliminary injunction.

#### *1. Defendants are not entitled to sovereign immunity in their individual capacities.*

In granting the preliminary injunction, the Court determined Defendants are entitled to sovereign immunity for Plaintiff's claims against Defendants in their *official* capacities[5] but found sovereign immunity does not bar Plaintiff's claims against Defendants in their *individual* capacities.  Doc. 114 at 15; see also Doc. 135 at 36–37.  Defendants argue sovereign immunity bars all of Plaintiff's claims for injunctive relief because Plaintiff's claims are not against the commissioners as individuals, but instead the claims are—in actuality—claims against Brantley County itself.  Doc. 126 at 11.  Defendants argue, because Plaintiff requests injunctive relief requiring action by Brantley County, the real party in interest is the County itself, not Defendants

---

[5]   Presumably, Defendants do not challenge Judge Wood's determination they are entitled to sovereign immunity in their official capacities.

10

in their individual capacities; thus, sovereign immunity bars the claims. Id. at 11–12. Defendants raised the real-party-in-interest argument in their motion to dismiss, and that argument was rejected. Doc. 135 at 35–37. However, Defendants have not shown any substantial likelihood they will prevail on their sovereign immunity argument and the real-party-in-interest exception on appeal.

Sovereign immunity typically does not bar individual capacity claims for injunctive or declarative relief.[6] Lathrop v. Deal, 801 S.E.2d 867, 876 (Ga. 2017). Nevertheless, sovereign immunity "cannot be evaded by making an action nominally one against the servants or agents of a State, when the real claim is against the State itself and it is the party vitally interested." Id. at 873. But Defendants have not shown the real-party-in-interest exception applies in this case. Importantly, the Georgia Supreme Court recently explained the limited circumstance in which the real-party-in-interest exception applies is when "the claimed relief would control or take the State's real property or interfere with contracts to which the State is a party." Bd. of Comm'rs of Lowndes Cnty. v. Mayor & Council of Valdosta, 848 S.E.2d 857, 861–62 (Ga. 2020).

Here, Plaintiff is not seeking to control the County's property or interfere with the County's contracts. Instead, as Defendants acknowledge, Plaintiff's injunction seeks to prohibit Defendants from enforcing allegedly illegal zoning decisions and to require Defendants to issue consistency letters. Such requested relief does make the State or Brantley County the real party in interest. Id. at 863 ("The County thus is seeking declaratory and injunctive relief against the

---

[6] A recent constitutional amendment has altered the applicability of sovereign immunity to claims for declaratory and prospective relief. See Ga. Const. art. I, § 2, ¶ V. As of January 1, 2021, sovereign immunity is waived for actions seeking declaratory relief from acts of the state. However, the waiver applies only to acts which occur on or after January 1, 2021. Id.; see also Donaldson v. Dep't of Transp., 414 S.E.2d 638, 641 (Ga. 1992) ("Under Georgia law, a waiver of sovereign immunity occurs at the time that the cause of action arises."). This action concerns acts occurring before January 1, 2021, so the waiver does not apply.

11

State Defendants in their individual capacities for 'the unlawful conduct of public officers,' which . . . is not barred by sovereign immunity.") (internal citations omitted).  While the parties may disagree whether Plaintiff is entitled to such relief, their disagreement does not transform the relief into one falling under the real-party-in-interest exception.  See also Doc. 135 at 36–37 (concluding Plaintiff's Amended Complaint does not involve injunctive relief altering the title, possession, or usage of any real property of the State, so, Plaintiff's claims are property considered against Defendants in their individual capacities).  Accordingly, Defendants have not demonstrated they are likely to succeed on this issue on appeal.

### 2. *Defendants are not entitled to official immunity in their individual capacities.*

Defendants also argue Plaintiff's state law claims asserted against them in their *individual* capacities are barred by official immunity.  Doc. 126 at 11–12.  The Court considered and rejected this argument when ruling on Plaintiff's motion for preliminary injunction and Defendants' motion to dismiss.  Doc. 114 at 16–17; Doc. 135 at 34–37.  Nonetheless, Defendants assert their argument they are entitled to official immunity in their individual capacities is likely to succeed on appeal.

Official immunity generally applies "to government officials and employees sued in their individual capacities."  Roberts v. Mulkey, 808 S.E.2d 32, 35 (Ga. Ct. App. 2017).  The Georgia Constitution provides:

> [A]ll officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.

Ga. Const. art. I, § 2, ¶ IX.  However, the Georgia Supreme Court has held "Article I, Section II, Paragraph IX (d) concerns suits and liabilities of public officers for monetary damages and other

12

retrospective relief. It does not limit the availability of prospective relief." Lathrop, 801 S.E.2d at 891. As such, "the doctrine of official immunity does not bar suits for declaratory or injunctive relief brought against county officers in their individual capacities." Love v. Fulton Cnty. Bd. of Tax Assessors, 821 S.E.2d 575, 585 (Ga. Ct. App. 2018).

Plaintiff clearly seeks injunctive relief. Doc. 26 at 6; Doc 63 at 13; Doc 1 at 42. While Defendants continue to insist Plaintiff's claims are actually against the State and, thus, they are entitled to immunity, that argument is rejected for the above reasons. Doc. 126 at 11; see also Doc. 114 at 17–19; Doc. 135 at 35–37. Accordingly, Defendants have failed to show the strong likelihood they are going to succeed on their official immunity argument on appeal.

### D. Defendants Have Not Shown a Strong Likelihood of Success on Their Vested Rights Arguments

The Brantley County Manager issued Plaintiff preliminary consistency letters to begin the EPD permitting process in 2015. However, Defendants argue Plaintiff could not have obtained vested rights from the preliminary consistency letters because they were issued ultra vires. Doc. 126 at 13. Defendants argue Plaintiff never acquired vested rights because its proposal was not in accordance with the County's SWMP when the County issued the 2015 consistency letter. Id. at 13–14. Importantly, however, Defendants do not argue the County officials lack authority to issue consistency letters generally.

The Court has addressed this ultra vires argument two times and concluded on both occasions the letters were not issued ultra vires because, even if the consistency letters should not have been issued, the County Commissioners did not exceed their authority when doing so. Doc. 114 at 29–31; Doc. 135 at 62–66. That is, the letters are not issued ultra vires where the issuance was because of "an error made during the commission of an otherwise authorized action." Id. (quoting Mullis v. Bibb County, 669 S.E. 2d 716, 719 (Ga. Ct. App. 2008)). As

13

Defendants do not argue the Commissioners generally lack the power to issue consistency letters, but instead assert the issuance of the letters in this case was a mistake, the action is not ultra vires.

Further, Defendants have not challenged the Court's determination the 2016 Zoning Ordinance is likely invalid.  Doc. 114 at 40; Doc. 135 at 53–57 (denying Defendants' motion to dismiss Plaintiff's void for vagueness claim because Defendants' failure to provide an official map for the 2016 Zoning Ordinance constitutes a valid void for vagueness claim).  Instead, they insist Plaintiff's rights failed to vest because they were not in accordance with applicable regulations.  Doc. 126 at 13–14.  But no zoning regulations existed at the time Plaintiff submitted its EPD application; thus, there were no restrictions on how Plaintiff could use its land at that time, and Plaintiff's rights vested when it submitted its EPD application.  See Doc. 114 at 41; Doc. 135 at 53–57.  Defendants argument that Plaintiff's rights did not vest because its application did not comply with relevant regulations fails to address the fact that no zoning regulations existed at the time.[7]  Accordingly, Defendants have not shown a strong likelihood of success on their vested rights argument.

## II.     Substantial Threat of Irreparable Harm

Defendants argue they are likely to suffer substantial threat of irreparable harm because the preliminary injunction does not preserve the status quo.  Doc. 126 at 17.  Defendants, however, have not articulated any harm they may suffer other than asserting the preliminary injunction requires the County to violate its own regulations.  Even accepting Defendants' conclusory assertions, their argument on irreparable injury would not warrant staying the preliminary injunction because "[a] stay is not a matter of right, even if irreparable injury might

---

[7]      Additionally, Defendants conceded Plaintiff's rights vested in 2016 when Plaintiff filed its permit application.  Doc. 114 at 45 (citing Doc. 63 at 5).

14

otherwise result." Nken, 556 U.S. at 434 (citing Virginian Ry. Co., 272 U.S. at 672). Moreover, Defendants, as the movants, must establish each element to prevail on its Motion to Stay and their conclusory assertion of irreparable harm fails to do so. Larios, 305 F. Supp. 2d at 1336 (citing Siegel, 234 F.3d at 1176).

**III.     Balance of Harms and Public Interest**

Finally, the undersigned considers the balance of the injuries and the public interest. Swain v. Junior, 958 F.3d 1081, 1091 (11th Cir. 2020); Nken, 556 U.S. at 435 (explaining harm to the opposing party and weighing the public interest merge when the Government is the opposing party).

Defendants assert Plaintiff will not be harmed by a stay of the preliminary injunction because the consistency letters required by the preliminary injunction do not need to be issued until after the EPD approves Plaintiff's D&O Plan and Plaintiff has not yet submitted its D&O Plan. Doc. 126 at 17. Additionally, Defendants contend a stay of the injunction pending appeal is in the interest of the public (or, at least, not adverse to public interest) because Brantley County would otherwise be forced to violate the law by issuing consistency letters and be unable to enforce its own laws, prohibit the County from exercising its right to participate in the public comment portion of the EPD permit review process, and be detrimental to public health. Id. at 18. Many of these arguments are nearly identical to the ones Defendants made in opposition to Plaintiff's request for a preliminary injunction and fail for the same reasons expressed in the Court's Order on those matters. Doc. 114 at 50–51.

Harm from prohibiting the enforcement of unconstitutional regulations is minimal, as there is no discernable public harm from Defendants' non-enforcement of invalid legislation. Doc. 114 at 50. Similarly, any concern the preliminary injunction restricts the ability for

Brantley County to oppose the facility with the EPD or that the facility threatens the health of Brantley County citizens is limited, at best.  The EPD independently ensures compliance with applicable health and safety regulations, regardless of the County's position on the facility.  Id. at 51.  Thus, Defendants have not shown the preliminary injunction harms the public interest.

On the other hand, Plaintiff contends it will be irreparably harmed if the preliminary injunction is stayed because it will be unable to enter finalized solid waste disposal contracts with market participants.  Doc. 129 at 11.  Additionally, as explained above, Plaintiff suffers an injury where the EPD permitting process is delayed indefinitely.  Accordingly, the undersigned finds the harm to Plaintiff outweighs any harm to Defendants or Brantley County and staying the injunction would not serve the public interest.

In sum, Defendants have failed to meet their heavy burden of establishing each of the required elements, i.e., they are likely to succeed on the merits of their appeal, will suffer irreparable injury absent a stay, and the balance of the injuries and the public interest weighs in favor of a stay.  Larios, 305 F. Supp. 2d at 1336.  Accordingly, their request for a stay of the preliminary injunction pending appeal should be denied.

## CONCLUSION

I **RECOMMEND** the Court **DENY** Defendants' Motion to Stay Preliminary Injunction Pending Appeal.  Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party

waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of September, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA