IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 5:19-CV-00109-LGW-BWC |

## DEFENDANTS' MOTION FOR RECONSIDERATION

COME NOW Defendants Brantley County, Georgia, by and through Chris Harris, Randy Davidson, Brian Hendrix, Jesse Mobley and Ray Griffin ("Defendants" or "County"), by and through the undersigned counsel, and file this Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) and 54(b). Defendants hereby move the Court to reconsider its Order partially denying Defendants' Renewed Motion to Dismiss (Doc. 135) ("Order") on the grounds of the need to correct clear error or prevent manifest injustice.

A motion for reconsideration "must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoting *SEC v. Seahawk Deep Ocean Tech., Inc.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (internal citations and quotations omitted). Whether this motion is properly made pursuant to

Federal Rule 54(b) or 59(e), the motion may be granted for the same reason: "the need to correct clear error or prevent manifest injustice." *Raiford v. Nat'l Hills Exchange, LLC*, 2016 U.S. Dist. LEXIS 64888, *4 (S.D. Ga. May 17, 2016) (Rule 54(b)); *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (Rule 59(e)).  This generally requires a showing of "'clear and obvious error' where the 'interests of justice' demand correction." *McGuire*, 497 F. Supp. 2d at 1358 (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)).  Thus, "[i]n considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." *Raiford*, 2016 U.S. Dist. LEXIS at *4 (quoting *Collins v. Int' Longshoremen's Ass'n Local 1423*, No 2:09-cv-093, 2013 U.S. Dist. LEXIS 13566, at *1 (S.D. Ga. Jan. 30, 2013)).

Defendants highlight the following errors set out in the Order: (1) Plaintiff lacks standing and its claims are not ripe; (2) Defendants are entitled to official immunity, as the claims are against the County itself; and (3) the void for vagueness claim is a facial challenge which is moot.

Defendants acknowledge that a motion for reconsideration "should not be used to present arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision." *Id*. at * 4-*5 (quoting *S.E.C. v. Mannion*, 2013 U.S. Dist. LEXIS 160886, at *2 (N.D. Ga. Nov. 12, 2013)).  Here, Defendants respond directly to the conclusions of law and fact in the Order.

Defendants also note that courts in this District have granted motions for reconsideration on the basis of legal and factual error and review of additional case law. *See, e.g.*, *Raiford*, 2016 U.S. Dist. LEXIS at *30-*31 (granting motion for reconsideration due to legal errors in the previous order); *McDonald Georgia Commerce Ctr. 400, LLC v. F & C Logistics, Inc.*, 2013 U.S. Dist. LEXIS 22917, *6-*7 (S.D. Ga. Feb. 19, 2013) (same); *Whitesell Corp. v. Electrolux Home*

*Prods.*, 2013 U.S. Dist. LEXIS 207389, *24-*25 (S.D. Ga. 2013) ("[T]he present motion for reconsideration has caused the Court to reexamine the evidence underpinning its prior rulings" and the court's prior determination was "clear error."); *Schreckengast v. Carollo*, 2017 U.S. Dist. LEXIS 96649, *7-*8 (S.D. Ga. June 22, 2017) (granting motion for reconsideration due to review of additional, not new, case law).  The errors described below must be corrected to prevent manifest injustice.

I. **Standing and Ripeness**

In the Order, the Court found that two injuries satisfy the injury-in-fact requirement for standing: the 2017 zoning change decision and Development Partners' expenditure of money. (Doc. 135, pp.13-15).  These actions do not support a finding that Development Partners has standing due to the lack of injury, redressability, and ripeness.

First, the Court found that the zoning change decision in June 2017 was an injury.  In explaining why the Court found the 2017 zoning change an injury-in-fact for standing, the Order states: "The 2017 rezoning decision forbids Plaintiff from using its Property in a particular manner—namely, as a solid waste handling facility." (Doc. 135, p.13).

Development Partners faces no imminent threat of the zoning decision being applied to its property, because Development Partners has not alleged that the EPD has approved its D&O plan or otherwise asked for a reaffirmation letter.  In fact, the EPD has not requested a reaffirmation letter and will not request or require any reaffirmation letter unless the D&O plan is approved. (Doc. 84, pp.11-12, EPD dep., pp. 20:24-21:17).[1]  Unless and until such approval occurs, the

---

[1] This is a factual challenge to subject matter jurisdiction, so "the district court may consider extrinsic evidence." *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)

zoning change cannot injure Development Partners, because it is forbidden by state law from using its property as a solid waste handling facility without EPD approval. O.C.G.A. § 12-8-24.

Second, the Order found that Development Partners suffered an injury because it spent money on plans and site studies for the Proposed Facility and that "business commitment opportunities have been lost" due to Defendants' actions. (Doc. 135, p.14) (citing Doc. 1, ¶ 124). To start, Plaintiff does not allege that it has lost business opportunities in the cited paragraph or anywhere else in the Amended Complaint[2], so this is a factual error. (Doc. 1; Doc. 45).

This situation is also distinguishable from the case cited in the Order, *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). The Supreme Court opinion in *Arlington Heights* states: "When a project is as detailed and specific as [that development], a court is not required to engage in undue speculations as a predicate for find that the plaintiff has the requisite personal stake in the controversy." *Id*. at 261. The "detail" and "specificity" are predicates to the court's finding of a "personal stake" in the controversy. The developers in *Arlington Heights* provided to the local government specific plans for building height, number of units and number of bedrooms, exterior doors in all units, plans for trees, studies regarding the need for and impact of the development, and they met with local officials to ensure compliance with building code and fire regulations. *Id*. at 257. Here, Development Partners' EPD

---

(quoting *Williamson v. Tucker*, 645 F.2d 404, 412-413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981)).

[2] Development Partners made this argument in its Motion for Preliminary Injunction, not in the Amended Complaint. (*See* Doc. 58). Development Partners' only allegation in the Amended Complaint which relates to interference with business is the allegation that the 2017 SWMP provisions concerning the interstate flow of waste will impair Development Partners' business and ability to contract with market participants located outside the County. (Doc. 45, ¶ 164). The Court has previously found that Plaintiff "cannot suffer any actual or threatened injury" from the 2017 or 2020 SWMP because neither is being enforced against Plaintiff's property. (Doc. 114, p.45).

application does not even identify the type of landfill for which it wants a permit and states only that the proposed landfill of an unknown size and type will sit somewhere on the southern tract of its property. (Doc. 1-11, pp.3,12). Plaintiff's EPD application does not have the requisite specificity and detail which permitted a finding of standing in *Arlington Heights*. All developers expend money before developing their property, but not all developers suffer a cognizable injury from zoning laws, especially when those zoning laws have never been applied to the developer.

In addition, both alleged injuries of the zoning change and money spent raise problems with ripeness and redressability. Development Partners alleges that Defendants' failure to provide letters reaffirming consistency with the County's zoning ordinance and solid waste management plan has interfered with its vested right to develop a solid waste handling facility. (Doc.1, ¶ 59). The Order finds that Development Partners has standing because the "2017 rezoning decision forbids Plaintiff from using its Property in a particular manner – namely, as a solid waste handling facility" (Doc. 135, p.13) and the vested rights claim is ripe because Defendants have not issued the reaffirmation letters. (Doc. 135, p.18). Yet, the rezoning has not been applied and cannot be applied to Plaintiff's property to prevent Plaintiff from building a solid waste handling facility, because Plaintiff cannot build a landfill without the EPD approving its D&O plan.

The instant lawsuit involves additional requirements, over which Defendants have no control, which Plaintiff must meet *before* the EPD will ever ask for reaffirmation letters and *before* Plaintiff could ever use its property as a solid waste handling facility. Because of the extra steps implicating ripeness and redressability, this case is not governed by the ruling in *Arlington Heights*. In *Arlington Heights*, the court found standing for a developer whose only obstacle was the local government's zoning decision. *Village of Arlington Heights*, 429 U.S. at 257, 261. Here, though, Development Partners is required to go through additional steps and get additional approvals from

the EPD after it submits its permit application and before the EPD will ever ask for or require a reaffirmation letter.

After submitting its application, the EPD was required to make a determination of site suitability (which occurred 3.5 years after Plaintiff submitted the application), and Development Partners was required to submit a design and operations (D&O) plan for the EPD's approval. (Doc. 48-2, p.2); (Doc. 52, p.7) (citing to Doc. 48-2). Development Partners has not alleged that the EPD has approved a D&O Plan. The EPD has also not guaranteed, nor has Plaintiff so alleged, that the EPD will approve Plaintiff's D&O plan or that a permit will issue. (Doc. 84, p.18, EPD dep., p.49:17-24). The EPD has not requested additional consistency letters and will not request or require additional consistency letters *unless and until* after the D&O plan is approved. (Doc. 84, pp.11-12, EPD dep., pp. 20:24-21:17).

Development Partners' claims are not ripe because Plaintiff has not reached the point, and may never reach the point, when Defendants could interfere with its claimed right to build a landfill. At this point, the EPD is the only entity preventing Plaintiff from building a landfill because it has not approved its D&O plan or decided to issue Plaintiff a permit. Development Partners has not alleged that the EPD has granted or denied the permit, nor has it alleged that the EPD has indicated that it will grant or deny the permit.

In the same vein, Defendants' issuance of reaffirmation letters cannot redress Development Partners' grievance of not being able to build a solid waste handling facility on the Property. (*See* Doc. 135, p.13). Development Partners makes no allegation that receipt of such letters will influence the EPD's decision on the as-yet unapproved D&O plan, the approval of which is a prerequisite for the permit. Simply put, the reaffirmation letter will *not* get Development Partners any closer to being able to build a solid waste handling facility.

## II. <u>Official Immunity</u>

The Order states that Defendants are entitled to sovereign immunity for official capacity claims and official immunity for individual capacity claims for retrospective relief. (Doc. 135, pp.34,37). The Court declined to apply official immunity to prospective claims against Defendants in their individual capacity because it found that the real party in interest limitation did not apply. (Doc. 135, p.37).

It is true that the Georgia Supreme Court applied a narrower version of the "real party in interest rule" in *Board of Commissioners of Lowndes County v. Mayor & Council of Valdosta*, 848 S.E.2d 857, 861-862 (Ga. 2020). The court stated that it has applied this rule "primarily" with respect to State real property rights and contractual obligations. *Id.* at 861.

A similar application of the *Lowndes County* holding in the instant case presents two related problems: the basis for permitting certain individual capacity claims described in the opinion does not apply here and the relief requested here is only to direct the actions of the County's governing body. The officials in *Lowndes County* were also not entitled to official immunity as Defendants are here. *See Bd. of Comm'rs of Lowndes Cnty., supra.*

The Georgia Supreme Court's acknowledgement that sovereign immunity does not bar individual capacity suits for declaratory and injunctive relief is also based on a premise which does not apply here:

> "As Presiding Justice Benham explained in his partial dissent from our opinion in *IBM*,
> '[i]t is a long-standing principle of Georgia law that sovereign immunity is not applicable where an injunction is sought to prevent the commission of an alleged wrongful act by an officer of the state acting under color of office but without lawful authority and beyond the scope of official power because such a suit is not against the state, but against an individual stripped of his official character.'"

*Id.* at 860 (*quoting IBM v. Ga. Dep't of Admin. Servs.*, 453 S.E.2d 706, 711 (Ga. 1995)

7

((Benham, P. J., concurring in part and dissenting in part) (emphasis omitted)). The Georgia Supreme Court emphasized that "Presiding Justice Benham was right; that principle is longstanding in our law and is a part of the sovereign immunity that the Georgia Constitution now preserves." *Id*. The reasoning for the individual capacity sovereign immunity rule does not apply here. Contrary to the reasoning in *Lowndes County*, this is not a suit "against an individual stripped of his official character." Here, the injunction can only be entered because of and enforced against County Commissioners' official actions in governing the County.

It is completely illogical for the real party in interest rule to not apply here. Development Partners does not seek to direct the actions of any specific County Commissioner; it seeks action by the Board of Commissioners *as the County's governing body*. The Court determined that sovereign immunity applies to protect the County from suit. Any relief in this case must be limited to Defendants' legislative and executive actions as the County's governing body because Plaintiff's demands only affect the actions of the County as governed by its Board of Commissioners.

### III. Void for Vagueness Challenge Is Moot

In the Order, the Court found that the "failure to provide an official map for the 2016 Zoning Ordinance does constitute a valid void for vagueness claim" and that this claim was "not mooted" by the adoption of the 2017 Zoning Ordinance. (Doc. 135, pp.56,58). The void for vagueness claim *was* mooted by the 2017 Zoning Ordinance, though, because Development Partners asserted, and the Court ruled on, a facial void for vagueness challenge.

There are two types of challenges under the void-for-vagueness doctrine: facial and as-applied. A facial challenge "seeks to invalidate a statute or regulation itself." *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1302 (11th Cir. 2013) (quoting *Horton v. City of St. Augustine*,

272 F.3d 1318, 1329 (11th Cir. 2001)).  An as-applied challenge "addresses whether a statute is unconstitutional on the facts of a particular case or to a particular party." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009).

Facial vagueness occurs when there is "no set of circumstances exists under which the [law] would be valid." *Indigo Room, Inc.*, 710 F.3d at 1302 (quoting *Horton*, 272 F.3d at 1329). "[F]acial vagueness occurs when a statute is utterly devoid of a standard of conduct so that it simply has no core and cannot be validly applied to any conduct." *Id.* (citations omitted).  But if the challenged law can be constitutionally applied in some circumstances, then "the possibility of a valid application necessarily precludes facial invalidity." *Id.* (citations omitted).

Development Partners asserted a facial void-for-vagueness challenge, and the Order evaluates the claim as a facial challenge.  Development Partners asserts that the 2016 Zoning Ordinance is unconstitutionally vague due to the failure to follow the Zoning Procedures Act in its adoption and the failure to adopt a zoning map. (Doc. 1, ¶¶ 21,75,78).[3]  Development Partners does not assert that it was harmed by the 2016 Zoning Ordinance.  It only asserts that Defendants' acts of "rezoning the Property" and "amend[ing] and re-adopt[ing] the Zoning Ordinance" are unconstitutional as applied to Plaintiff. (Doc. 1, ¶ 82).  Plaintiff asserts that "[b]ecause the county zoning ordinance … described above fail to provide Plaintiff *or other landowners* fair notice, [it is] void for vagueness and unconstitutional" (Doc. 1, ¶ 78) (emphasis added).  Plaintiff makes its facial challenge plain by asserting the absence of a map in the 2016 Zoning Ordinance "render[s] the zoning ordinance void and of no effect." (Doc. 1, ¶ 81).  Thus, Development Partners seeks to invalidate the 2016 Zoning Ordinance from applying to any landowner, which is a facial challenge.

---

[3] Plaintiff also alleges that the 2017 Zoning Ordinance and other "regulations" are void for vagueness.  Because the Order states only that the 2016 Zoning Ordinance is void for vagueness due to the absence of a zoning map, the other allegations are not discussed here.

9

The Court's Order similarly describes the 2016 Zoning Ordinance as facially vague. To start, the Order states that Plaintiff alleged an injury from the zoning *change* in the adoption of the 2017 Zoning Ordinance, not that Development Partners asserted an injury due to the existence of the 2016 Zoning Ordinance. (Doc. 135, pp.15,18) ("Plaintiff does not complain about the mere existence of a zoning classification.").

The Order also clearly finds the 2016 Ordinance void in all applications. It includes discussion of unconstitutional application to landowners generally. (Doc. 135, p.54). The Order cites to Georgia case law that states maps are "an essential part of the zoning ordinance" and without one a zoning ordinance is "void at the moment of its enactment." (Doc. 135, p. 54) (quoting *Newton Cty. v. E. Ga. Land & Dev. Co., LLC*, 764 S.E.2d 830, 832 (Ga. 2014)). This case law states that a zoning ordinance which lacks a map is void for vagueness on its face, because it is "void" before it can be applied to anyone.

Because the void for vagueness challenge was a facial challenge and not an as-applied challenge, the adoption of the 2017 Zoning Ordinance makes this claim moot. "As the Eleventh Circuit has held, 'a challenge becomes moot when the challenged policy was repealed by the governmental authority and there was no reasonable expectation that the governmental authority would return to the prior policy.'" *Stardust, 3007 LLC v. City of Brookhaven*, 2016 U.S. Dist. LEXIS 196088, *55-*56 (N.D. Ga. Sept. 29, 2016) (quoting *Granite State Outdoor Adver. Inc. v. City of St. Pete Beach*, 322 F. Supp. 2d 1335, 1341 (M.D. Fla. 2004)). *See also Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) (facial challenge to a repealed ordinance was moot); *Lockridge v. City of Oldsmar*, 475 F. Supp. 2d 1240 (M.D. Fla. 2007) (the repeal of the ordinance mooted the claim for injunctive relief); *McLean v. City of Alexandria*, 106 F. Supp. 3d 736, 738 (E.D. Va. 2015) ("McLean's facial challenge to the now-repealed Ordinance and request for

injunctive relief are, however, moot.") (citations omitted).  There is no evidence, nor is it reasonable, that the County will return to a zoning ordinance without a zoning map.

Further, the Court dismissed all claims against Defendants for monetary relief. (Doc. 135, pp.31,34,37) (dismissing official capacity claims and claims for monetary relief against Defendants and upholding individual capacity claims for prospective injunctive and declaratory relief).  Thus, Development Partners has not asserted an injury due to the 2016 Zoning Ordinance and cannot assert claim for damages.  There is no case or controversy with respect to the 2016 Zoning Ordinance, so the void for vagueness claim should be dismissed.

## IV.    Conclusion

Defendants respectfully ask this Court to reconsider its partial denial of Defendants' Renewed Motion to Dismiss on the grounds that Development Partners lacks standing to bring this suit, its claims are not ripe, Defendants are entitled official immunity for all claims, and the void for vagueness challenge is moot.

Respectfully submitted this 30th day of September, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmlgaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION** to the Clerk of Court using the CM/ECF *e-filing* system which will automatically send electronic mail notification of such filing to the following counsel of record:

| | |
|---|---|
| L. Robert Lovett<br>Lovett Law Group<br>5400 Riverside Drive, Suite 203<br>Macon, GA 31210<br>Bob@LovettLawGroup.com | George Rountree<br>Brown Rountree, P.C.<br>26 North Main Street<br>Statesboro, GA 30458<br>george@br-firm.com |
| Kyler L. Wise<br>Wilson Brock & Irby, LLC<br>2849 Paces Ferry Road, Suite 700<br>Atlanta, GA 30339<br>kwise@wbilegal.com | Mark D. Johnson<br>Gilbert, Harrell, Sumerford & Martin, PC<br>PO Box 190<br>Brunswick, GA 31521-0190<br>mjohnson@gilbertharrelllaw.com |

This 30th day of September, 2021.

                */s/ Dana K. Maine*
                Dana K. Maine
                Georgia Bar No. 466580
                dmaine@fmglaw.com

                *Counsel for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)