IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT            :
PARTNERS, LLC                          :
                                       :
    Plaintiff,                         :
                                       :
vs.                                    :        CASE NO. 5:19-CV-00109
                                       :
BRANTLEY COUNTY, GEORGIA by and        :
through its Chairman and Members of the :
Brantley County Board of Commissioners; :
CHRIS "SKIPPER" HARRIS, RANDY          :
DAVIDSON, BRIAN HENDRIX, JESSE         :
MOBLEY AND RAY GRIFFIN, all in their   :
individual and official capacities as  :
Commissioners,                         :
                                       :
    Defendants.                        :

**PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANTS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiff Brantley County Development

Partners, LLC ("Plaintiff") hereby moves this Court to enter summary judgment against the

Defendants on Plaintiff's vested rights claim and its void for vagueness claims under both the

United States and Georgia Constitutions.  Plaintiff also moves this Court to enter permanent

injunctive relief against the Defendants.  In support thereof, Plaintiff submits the following:

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Submission of an application for permit gives the applicant a vested right to consideration

of the application under the valid law in existence at the time the application is filed.  <u>Fulton Cnty.

v. Action Outdoor Advertising</u>, 289 Ga. 347, 349 (2011); <u>Recycle & Recover v. Georgia Bd. of

Natural Resources</u>, 266 Ga. 253, 255 (1996) (property owner seeking to alter use of land has vested

1

right to consideration of application under law then in existence).  In the context of a landfill, Georgia courts have specifically held that the filing of a permit application for the landfill with the Georgia EPD vests the landowner's rights.  Southern States-Bartow Co., Inc. v. Riverwood Farm Property Owners Ass'n., Inc., 331 Ga. App. 878, 883 (2015); Southern States-Bartow County, Inc. v. Riverwood Farm Homeowners Assoc., 300 Ga. 609, 610-611 (2017).

Here, it is undisputed, and the parties do not contend otherwise, that Plaintiff acquired vested rights in December of 2016 when Plaintiff submitted its Application to the Georgia EPD. [1] Accordingly, Plaintiff is entitled to summary judgment on its claim that it has a vested right to develop the Property with the solid waste handling facilities sought with its Application to the Georgia EPD under the valid law in force as of December, 2016.

Defendants had no valid zoning regulations in December, 2016, when Plaintiff acquired its vested rights, because Defendants' 2016 Zoning Ordinance is void for vagueness under both the United States and Georgia Constitutions.  On September 8, 2016, Defendants adopted the text of a new zoning ordinance which purports to incorporate by reference maps entitled "Official Land Use Districts Map of Brantley County, Georgia".  [Dkt. No. 1-8 at 17].  The maps are an integral part of the 2016 Zoning Ordinance because the ordinance identifies the lands to which its various zoning classifications apply only by reference to the maps.  [Dkt. No. 1-8 at 17 "the boundaries of each district are shown on maps"].

Under both the United States and Georgia Constitutions, Defendants' 2016 Zoning Ordinance is void for vagueness and invalid from its inception because it was not adopted with

---

[1] Unless otherwise noted, capitalized terms used herein shall have the same meaning as capitalized terms used by the Court in the Orders granting Plaintiff's Motion for Preliminary Injunctive Relief and granting in part and denying in part Defendants' Renewed Motion to Dismiss.  [Dkt. Nos. 114 and 135].

any zoning map to show the lands to which its various zoning districts may apply.  *See* Wollschlaeger v. Governor, 848 F.3d 1293, 1319 (11th Cir. 2017); Newton Cnty. v. E. Ga. Land & Dev. Co., LLC, 764 S.E.2d 830, 832 (Ga. 2014).

Without a validly adopted zoning map to show the lands to which various zoning classifications apply, landowners are left guessing as to what zoning regulations they must comply with and Defendants are impermissibly granted unfettered discretion to apply zoning regulations arbitrarily and capriciously.  Undefined government regulation is particularly dangerous when the 2016 Zoning Ordinance imposes **criminal penalties** if land is used in violation of its terms. Section 10-5 of the 2016 Zoning Ordinance states that if land is used in violation of the ordinance, the offender shall, upon conviction in magistrate court, be fined no more than $500.00 or **imprisoned** for not more than sixty (60) days, or both, for each offense **and each day of continued violation is considered a separate offense**.  [Dkt. No. 1-8 at 47] (emphasis supplied).

Due process encompasses the concepts of notice and fair warning, and at its core is the principal that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed".  Bankshot Billiards, Inc. v. City of Ocala, Fla., 634 F.3d 1340, 1349 (11th Cir. 2011).  In addition to civil liability, use of land in violation of the 2016 Zoning Ordinance subjects Brantley County landowners such as Plaintiff to criminal penalties, including possible jail time.  Yet, without a validly adopted zoning map to identify the lands to which its various zoning classifications apply, the 2016 Zoning Ordinance failed to provide Plaintiff, or any other landowner, with the requisite notice and warning of the zoning regulations they must comply with to avoid criminal penalty.

Compounding the regulatory mischief, the absence of a validly adopted zoning map invites Defendants "to pursue their personal predilections" when choosing how, and against whom, they

enforce the 2016 Zoning Ordinance. [2]  See Kolender v. Lawson, 461 U.S. 352, 358 (1983).   The absence of an adopted zoning map renders the text of the 2016 Zoning Ordinance fatally void for vagueness under both the United States and Georgia Constitutions and thus invalid from its inception.  Because Defendants had no valid zoning regulations when Plaintiff's rights vested by submission of its December 29, 2016 Application to the Georgia EPD, neither Plaintiff's Property nor its EPD Application are subject to any zoning regulations.

Plaintiff is also entitled to summary judgment granting it permanent injunctive relief.  This Court has already granted preliminary injunctive relief enjoining Defendants from applying the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 SWMP and the 2020 SWMP to Plaintiff's Property and its EPD permit Application and ordering Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. and Regs. 391-3-4-.05(1)(a).  [Dkt. No. 114 at 52].

The standard for permanent injunctive relief is essentially the same as for a preliminary injunction, except that to obtain permanent injunctive relief, a plaintiff must show actual success on the merits instead of a likelihood of success.  Klay v. United Health Group, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004).  Here, Plaintiff has demonstrated actual success on the merits with respect to its vested rights claim and its void for vagueness claims under both the United States and Georgia Constitutions.  This Court has already concluded that all other requirements for injunctive relief have been met.  [Dkt. No. 114].  Accordingly, Plaintiff is entitled to permanent injunctive relief enjoining Defendants from retrospective application of regulatory action injuriously

---

[2] To remind the Court, Defendants seek enforcement of the 2016 Zoning Ordinance against Plaintiff and its Property, specifically contending that Plaintiff must obey the Heavy Industrial District regulations and the Special Exception requirements.  [Dkt. No. 66 at 60-62; Dkt. No. 135 at 19-20].

impairing Plaintiff's vested rights, including, but not limited to, application of the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 Zoning Ordinance, the 2017 SWMP and the 2020 SWMP to Plaintiff, Plaintiff's Property and its EPD permit application and ordering Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. and Regs. 391-3-4-.05(1)(a).

## II.    STATEMENT OF THE FACTS

In accordance with Local Rule 56.1, Plaintiff has annexed to its Motion for Summary Judgment a separate Statement of Material Facts to which Plaintiff contends there is no dispute and each Statement of Material Fact is supported by citations to the record.  Pursuant to Fed. R. Civ. P. 10, Plaintiff adopts and incorporates by reference its Statement of Facts as if fully set forth herein.

## III.    LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(c).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact".  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation omitted).  Once the moving party meets its burden, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file', designate 'specific facts showing that there is a genuine issue for trial'".  Id. at 324.

The Court must "view the evidence and factual inferences therefrom in the light most favorable to the party opposing the motion". Cast Steel Prods., Inc. v. Admiral Ins. Co., 348 F.3d 1298, 1301 (11th Cir. 2003). In assessing the evidence, "[t]he court must not resolve factual disputes by weighing conflicting evidence", Brown v. Hughes, 894 F.2d 1533, 1536 (11th Cir. 1990), but a "mere . . . scintilla of evidence" supporting the opposing party's position will not preclude entry of summary judgment against that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002). To meet the materiality standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted". Anderson, 477 U.S. at 248; see also United States v. Gilbert, 920 F.2d 878, 883 (11th Cir. 1991).

Here no disputes of any material fact preclude judgment as a matter of law on Plaintiff's claim for vested rights, its void for vagueness claims under both the United States and Georgia Constitutions and Plaintiff's claim for permanent injunctive relief.

## IV. ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff acquired vested rights with the submission of its December 29, 2016 Application to the Georgia EPD.

A vested property right constitutes an enforceable entitlement which cannot be divested by subsequent government action. Whether a landowner has obtained vested property rights is a question of state law. Crown Media, LLC v. Gwinnett County, 380 F.3d 1317, 1325 (11th Cir. 2004). The Georgia Constitution forbids a legislative exercise of the police power that results in the passage of retrospective laws which injuriously affect the vested rights of citizens. This prohibition against retroactive impairment of vested rights extends to the enactment of zoning

regulations.  Southern States-Bartow County, Inc. v. Riverwood Farm Homeowners Assoc., 300 Ga. 609 (2017); *see also* Art. I, Sec. I, Para. X, Georgia Const. of 1983.  To be vested, in its accurate legal sense, a right must be complete and consummated, and one of which the person to whom it belongs **cannot be divested without his consent**.  Gold Rush II v. City of Marietta, 267 Ga. 683(7) (1997); Merchants Bank v. Garrard, 158 Ga. 867, 871 (1924) (emphasis supplied).

A landowner has a vested right to use property in accordance with regulations in force when the landowner applies for a permit.  WMM Properties v. Cobb County, 255 Ga. 436 (1986); Fulton Cnty. v. Action Outdoor Advertising, 289 Ga. 347, 349 (2011).  In the context of a landfill, Georgia Courts have specifically held that the filing of a permit application for the landfill with the Georgia EPD vests the landowner's rights.  Southern States-Bartow Co., Inc. v. Riverwood Farm Prop. Owners Ass'n, Inc., 331 Ga. App. 878, 883 (2015) ("the vested right was acquired in 1989 when Southern States submitted its application for a landfill permit to the Georgia EPD") (citing Fulton County v. Action Outdoor Advertising, JV, LLC, 289 Ga. 347, 350 (2011)); *accord*, S. States-Bartow Co., Inc. v. Riverwood Farm Homeowners Assoc., 300 Ga. 609, 610-611 (2017) ("the Court of Appeals concluded, inter alia, that Southern States' vested right – which was recognized by the Bartow County Superior Court in September 1994, was *acquired* as of the date of its May 1989 application to the EPD") (emphasis in opinion).

When a vested right is acquired, "a governing authority cannot deny or postpone requested authorization to use the land for a permitted use" in an attempt to defeat the landowner's rights. Banks Cnty. v. Chambers of Georgia, Inc., 444 S.E.2d 783, 786 (Ga. 1994); see also City of Duluth v. Riverbrooke Properties, Inc., 233 Ga. App. 46, 50 (1998) ("[a] governmental entity cannot make laws and regulations retroactive when a person has acquired a vested property interest")

103578.1 141566-000002

Importantly for this case, a permit applicant is required to comply only with ordinances or regulations that were "valid and applicable" at the time of filing.  See Trinity Outdoor, LLC v. Oconee Cnty., No. 3:02 CV 67 CAR, 2004 WL 5026733, at *4 (M.D. Ga. May 20, 2004).  Where a "zoning ordinance is invalid, there is no valid restriction on the property, and the [landowner] has the right under the law to use the property as it so desires".  Tilley Props., Inc. v. Bartow Cnty., 401 S.E.2d 527, 529 (Ga. 1991).

Here, the parties do not dispute that Plaintiff's rights vested in December 2016.  [Dkt. No. 66 at 79-80; Dkt. No. 83 at 5].  On December 29, 2016, Plaintiff vested its rights by filing with Georgia EPD its permit Application for the solid waste handling facilities on the Property.  [Dkt. No. 58-1 at 4; Dkt. No. 58-3 at 4-7, Ex. "H"; Dkt. No. 58-2 at 3-4].  The Application was complete and was accepted for processing by the Georgia EPD.  [Id.].  Plaintiff complied with all applicable state laws and EPD rules and regulations with respect to the submission of its December 29, 2016 Application for site suitability and permit to the Georgia EPD.  [Dkt. No. 58-1 at 4].

The Georgia EPD has confirmed that the 2015 verification letters issued by Defendants and submitted with the Application satisfy the preliminary verification required by O.C.G.A. § 12-8-24(g). [3] [Dkt. No. 64-4; Dkt. No. 88-5 at 120].  With respect to the Application, the Georgia EPD has confirmed that Plaintiff has provided all information to the Georgia EPD requested or required by that agency.  [Dkt. No. 88-5 at 49].

 On May 28, 2020, the Georgia EPD issued a Site Suitability Notice for Plaintiff's solid waste handling facilities on the Property.  [Dkt. No. 58-2 at 6-7, Ex. "2"; Dkt. No. 58-3 at 7, Ex. "J"; Dkt. No. 58-1 at 5, Ex. "2"].  Following issuance of the May 28, 2020 Site Suitability Notice,

---

[3] Defendants do not argue that they lacked authority to issue the 2015 verification letters. Instead, they argue that the letters were issued in error.  This Court has twice concluded that the verification letters were not issued ultra vires.  [Dkt. No. 114 at 29-31; Dkt. No. 135 at 62-66].

on August 14, 2020, Plaintiff received and approved a scope of work and cost estimate from Harbin for preparation of Design and Operation plans, and other required submittals, to complete the processing of Plaintiff's Application with the Georgia EPD.  [Dkt. No. 58-1 at 6, Ex. "3"; Dkt. No. 58-3 at 9].  On August 26, 2021, Plaintiff timely submitted the Design and Operation plans to the Georgia EPD.  [Dkt. No. 136].

The undisputed evidence and applicable law show, without question, that Plaintiff's rights vested on December 29, 2016 with submission of its Application to the Georgia EPD.  Plaintiff is therefore entitled to have its Application considered under the valid law in force as of December 29, 2016 which undisputedly allowed the solid waste facilities sought by Plaintiff with its Application.  Because the 2016 Zoning Ordinance is void for vagueness and thus invalid from its inception, Plaintiff's vested rights acquired in December, 2016 are not subject to any zoning regulations.  A governmental entity cannot make laws and regulations retroactive where a person has acquired a vested property intertest.  City of Duluth, 233 Ga. App. at 50.  Defendants' subsequent regulatory actions, the 2017 Zoning Ordinance, the 2017 SWMP, the 2020 SWMP and the July 8, 2020 Resolution, cannot be retroactively applied to Plaintiff's Property or its EPD Application.  Accordingly, Plaintiff is entitled to summary judgment on its claim for vested rights by virtue of its December 29, 2016 Application to the Georgia EPD.

**B.**      **The 2016 Zoning Ordinance is void for vagueness under both the United States and Georgia Constitutions and therefore was invalid from its inception.**

Under the due process clause of the United States Constitution, a law "can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.  Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."  Wollschlaeger v.

9

Governor, 848 F.3d 1293, 1319 (11th Cir. 2017) (citing Hill v. Colorado, 530 U.S. 703, 732 (2000)).  If a state or federal statute, or local ordinance fails to give "a person of ordinary intelligence fair notice" of what is prohibited or required, then it is void for vagueness. Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972).  The same is true if the statute or ordinance is "so standardless that it authorizes or encourages seriously discriminatory enforcement" or arbitrary decision-making.  Skilling v. United States, 561 U.S. 358, 416 (2010); Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972) (stating ordinances must "provide explicit standards for those who apply" them to avoid "resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application").

Compliance with these governing precepts is particularly critical when, as here, the vague ordinance subjects landowners to criminal penalties.  Section 10-5 of the 2016 Zoning Ordinance states that if land is used in violation of the ordinance, the offender shall, upon conviction in magistrate court, be fined no more than $500.00 or imprisoned for not more than sixty (60) days, or both, for each offense **and each day of continued violation is considered a separate offense**. [Dkt. No. 1-8 at 47].  The void for vagueness doctrine requires that a statute define an offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.  Village of Hoffman Estates v. Flipside, 455 U.S. 489 (1982); Bankshot Billiards, Inc. v. City of Ocala, Fla., 634 F. 3d 1340, 1349 (11th Cir. 2011) (due process encompasses the concepts of notice and fair warning and at its core is the principle that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed).  Otherwise, a vague criminal statute may impermissibly permit "policemen, prosecutors, and juries to pursue their personal predilections". Kolender v. Lawson, 461 U.S. 352, 358 (1983).

The text of the 2016 Zoning Ordinance identifies the land to which its various zoning classifications apply only by reference to a purported map titled "Official Land Use Districts Map of Brantley County, Georgia". [Dkt. No. 1-8 at 17]. The 2016 Zoning Ordinance also required the official zoning map to "be dated and certified by the Chairman of the County Commission and County Clerk". [Dkt. No. 1-8 at 17].

The evidence is undisputed that Defendants failed to adopt and incorporate the requisite zoning map in accordance with the text of the 2016 Zoning Ordinance. Therefore, Plaintiff, and other landowners, were left guessing as to what, if any, zoning regulations apply to their land. And, worse still, Defendants were granted unfettered discretion to determine zoning regulations on an *ad hoc* basis, unrestrained by any adopted guidance. This is precisely the type of evil the void for vagueness doctrine prevents, particularly where, as here, the vague ordinance subjects landowners such as Plaintiff to criminal penalties "if land is used in violation of the ordinance". [See Section 10-5 of the 2016 Zoning Ordinance, Dkt. No. 1-8 at 47]. Without an adopted map, there is no way for either the landowner or the government to determine "if land is used in violation of the ordinance". Because the text of the 2016 Zoning Ordinance was adopted without the required map, it is void for vagueness and invalid from its inception. Plaintiff is entitled to summary judgment on its void for vagueness claim under the United States Constitution.

Plaintiff is also entitled to summary judgment on its void for vagueness claim under the Georgia Constitution. [4] When official zoning maps are missing from a zoning ordinance, "an essential part of the zoning ordinance [is] missing" and "the ordinance [is therefore] void at the moment of its enactment." Newton Cnty v. E. Ga. Land & Dev. Co., LLC, 764 S.E.2d 830, 832

---

[4] Georgia law uses the same standards as federal law in determining whether a statute or ordinance violates due process because of vagueness. Izzo v. State, 356 S.E.2d 204, 205 (Ga. 1987) (citing Kolender v. Lawson, 461 U.S. 352, 357 (1983)).

(Ga. 2014).  Without the required zoning maps, the zoning ordinance is too indefinite and vague to satisfy the requirements of due process.  Id. at 831.

When it comes to lawmaking which affects the property rights of Georgia citizens, as zoning ordinances clearly do, the Supreme Court **requires** land use restrictions to be properly enacted with the requisite formalism:

"the law requires such formalism**, and as we have explained before, there are good reasons to insist upon such formalism in lawmaking,** especially when it comes to the enactment of laws restraining the property rights of citizens**.  Such formalism is necessary, we have said, 'to provide certainty to the public as to what was actually adopted … and also to protect the public from any arbitrary changes of the ordinance or [zoning] maps that do not go through the notice process'".** Id. at 833 n.2.

The evidence in this case is on all fours with Newton County, Supra..  Defendants' failure to adopt a zoning map renders the zoning ordinance text Defendants adopted on September 8, 2016 void and invalid from its inception because it was passed without the required map to show the land to which its various zoning districts may apply.  See Newton County, Supra.; see also Mid Ga. Envt'l Mgmt. Grp., LLLP v. Meriwether Cnty., 594 S.E.2d 344, 348 (Ga. 2004) ("Under the Zoning Procedures Law [O.C.G.A. § 36-66-1, et. seq.], the adoption of a zoning map [itself] constitutes a 'zoning decision' and must comply with the same notice and hearing requirements as the adoption of a zoning ordinance ...".

Defendants have failed to produce any minutes, ordinances or resolutions evidencing the adoption of the required zoning map for the 2016 Zoning Ordinance nor have they produced the required map.  Defendants having adopted the text of the 2016 Zoning Ordinance without the required zoning map, it is void for vagueness and invalid from its inception.

Nor did the Defendants' enactment of the 2017 Zoning Ordinance and map remedy the 2016 Zoning Ordinance's fatal defect.  An invalid ordinance cannot be cured by subsequent amendment.  <u>Newton Co.</u>, 296 Ga. at 20.  The general rule is that void ordinances cannot be amended and that an ordinance passed as an amendment to a previous ordinance which never took effect is invalid; **<u>a void ordinance cannot be vitalized by amendment</u>**.  <u>Id.</u> (emphasis supplied). Where an original ordinance is void or invalid, the rule is that any amendment to it, even if made under proper procedures, is also invalid.  <u>Id.</u>

Because Plaintiff's rights vested in December 2016, when Defendants had no valid zoning regulations, the 2017 Zoning Ordinance and map purporting to downzone Plaintiff's Property to the Light Industrial district cannot vitalize the void 2016 Zoning Ordinance and cannot be retroactively applied to Plaintiff's Property or its EPD Application.  Accordingly, Plaintiff is entitled to summary judgment on its void for vagueness claim under the Georgia Constitution.

**C**. **Plaintiff is entitled to permanent injunctive relief**.

To obtain a permanent injunction, a plaintiff must show: (1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardship weighs in his favor; and (4) that a permanent injunction would not disserve the public interest. <u>Barrett v. Walker Cty. Sch. Dist</u>., 872 F.3d 1209, 1229 (11th Cir. 2017).

As set forth above and in previous briefing, Plaintiff has established actual success on the merits concerning its claim for vested rights and its void for vagueness claims under both the United States and Georgia Constitutions.  Plaintiff also meets the other criteria for permanent injunctive relief.

**1. Plaintiff has suffered irreparable injury and lacks an adequate remedy at law.**

13

At the September 24, 2020 Preliminary Injunction Hearing, Defendants took the position that Plaintiff's land is currently zoned to the Light Industrial district (under the 2017 Zoning Ordinance which forbids the solid waste handling facilities), but that Plaintiff has a vested right to use the Property under the previous Heavy Industrial zoning allegedly in place under the 2016 Zoning Ordinance when Plaintiff submitted its EPD application on December 29, 2016.  [Dkt. No. 66 at 79-80].   With this contention, Defendants recognize Plaintiff's vested right to use the land under the Heavy Industrial zoning district, but Defendants would require Plaintiff to subject itself to the special exception process under the text of the 2016 Zoning Ordinance which, as correctly determined by the Court, would be futile.  [See Dkt. No. 66 at 60-62; Dkt. No. 135 at 19-20].

Being subject to unconstitutionally vague laws imposes irreparable harm warranting the grant of permanent injunctive relief.  Am. Civil Liberties Union of Ga. v. Miller, 977 F. Supp. 1228, 1235 (N.D. Ga. 1997) (finding substantial threat of irreparable injury from the continued enforcement of a vague statute).

Additionally, Plaintiff suffers irreparable injury and lacks an adequate remedy at law based on: (1) Defendants' refusal to issue the letter reaffirming zoning consistency, indefinitely delaying the EPD permitting process; (2) the inability to enter into finalized solid waste disposal contracts with market participants; (3) the inability to recoup monetary damages for the harm suffered; and (4) Defendants' regulatory actions deprive Plaintiff of its vested property right acquired in December 2016.  See GSW, Inc. v. Long County, 999 F.2d 1508, 1519, fn. 21 and 22 (11th Cir. 1993) (irreparable harm demonstrated where plaintiff presented evidence that it could not obtain a permit from Georgia EPD and could not enter into contracts for waste disposal services); Pine Ridge Recycling, Inc. v. Butts County, 864 F. Supp. 1338, 1342 (M.D. Ga. 1994) (plaintiff demonstrated irreparable harm where it had not received a permit from Georgia EPD, could not

14

begin construction of the proposed facility, and could not enter into disposal contracts: "Pine Ridge will suffer irreparable harm the longer it is delaying from obtaining a permit, in that they will be precluded from entering disposal contracts"); <u>Wal-Mart Stores, Inc. v. Cnty. of Clark</u>, 125 F. Supp. 2d 420, 429 (D. Nev. 1999) ("money damages would not be an adequate remedy for lost property rights '[b]ecause real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm'"); <u>Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.</u>, 715 F.3d 1268, 1289 (11th Cir. 2013) (irreparable harm shown when there is an inability to recover money damages for the harm suffered); <u>Miller</u>, 977 F. Supp. at 1235 (irreparable harm shown because effects of an unconstitutionally vague law cannot be compensated for by monetary damages); Dkt. No. 114 at 45-50 (finding threat of irreparable harm and inadequate remedy at law in this case).

**2. Balancing the injuries and public interest weigh in favor of permanent injunctive relief.**

The harmful injuries suffered by Plaintiff have been articulated above and in previous briefing.  On the other hand, harm to the public interest is minimal because the public has no interest in enforcing unconstitutional regulations.  <u>Odebrecht Const., Inc.</u>, 715 F.3d at 1290; <u>Fla. Businessmen for Free Enter. v. City of Hollywood</u>, 648 F.2d 956, 959 (5th Cir. 1981).  Therefore, there is no public harm from Defendants' nonenforcement of invalid regulations.  [Dkt. No. 114 at 50].

Moreover, Defendants' concern about public health is ameliorated by Georgia EPD's independent decision-making authority and obligation to assure compliance with applicable safety regulations.  [Dkt. No. 114 at 51].  Accordingly, permanent injunctive relief will not disserve the public interest.

Having satisfied all criteria, Plaintiff is entitled to summary judgment permanently enjoining Defendants from retrospective application of regulatory action injuriously impairing Plaintiff's vested rights, including but not limited to, application of the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 Zoning Ordinance, the 2017 SWMP and the 2020 SWMP to Plaintiff, Plaintiff's Property and its EPD permit Application.  Plaintiff is also entitled to a final permanent injunction ordering Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. and Regs. 391-3-4-.05(1)(a).

**D.  Defendants have no valid defense to summary judgment.**

1.  Defendants' First Defense - the Complaint fails to state a claim

To pierce this defense, Plaintiff shows the Court it has demonstrated a constitutionality protected vested property right, that the 2016 Zoning Ordinance is void for vagueness under both the United States and Georgia Constitutions, and that Plaintiff is entitled to permanent injunctive relief.  This Court has already determined that Plaintiff has established a prima facie case on these claims.  [Dkt. No. 114 at 21-44; Dkt. No. 135 at 51-56; 60-68].  Therefore, prima facie claims having been established, Defendants' failure to state a claim defense must fail.  Plaintiff is entitled to summary judgment.

2.  Defendants' Third, Fourth, Fifth and Sixth Defenses

These defenses all stem from various immunities Defendants have already asserted in this case.  These issues have been thoroughly briefed and Plaintiff refers the Court to its Responses to Defendants' Motions To Dismiss.  [Dkt. Nos. 26 & 52].  This Court has addressed Defendants' claimed immunities and **twice** concluded they do not preclude Plaintiff's claims for which it is now seeking summary judgment.  [Dkt. No. 114 at 13-20; Dkt. No. 135 at 30-37].  Defendants' immunity defenses fail and Plaintiff is entitled to summary judgment.

16

3.      Defendants' Seventh Defense

With their Seventh Defense, Defendants aver that Plaintiff has not suffered a constitutional deprivation.  This defense is easily pierced by Plaintiff's acquisition of a vested property right in December 2016 and Defendants' attempt to subject Plaintiff to the unconstitutionally vague 2016 Zoning Ordinance.  Plaintiff is entitled to summary judgment.

4.      Defendants' Eighth, Ninth, Tenth, Eleventh and Twelfth Defenses

These defenses stem from a landowner's claim that an existing zoning classification is unconstitutional "as-applied" to the owner's land. See Diversified Holdings, LLP v. City of Suwanee, 302 Ga. 597 (2017).  In such a case, the presumption of validity accorded a zoning ordinance is overcome by clear and convincing evidence that: (1) the existing zoning presents a significant detriment to the landowner; and (2) the existing zoning is not substantially related to the public health, safety, morality or general welfare of the community.  City of Atlanta v. TAP Associates, 273 Ga. 681, 683 (2001); see also Diversified Holdings, LLP, 302 Ga. at 612.

These defenses are wholly inapplicable to Plaintiff's claims on which it now moves for summary judgment.  Plaintiff does not challenge the constitutionality of the 2017 Zoning Ordinance as applied to its land.  Instead, Plaintiff's claim is that the 2017 Zoning Ordinance **does not apply to the Property at all because Plaintiff previously acquired vested rights in December 2016 when Defendants had no valid zoning regulations.**

Nor are any of these defenses germane or applicable to Plaintiff's void for vagueness claims under the United States and Georgia Constitutions.  Again, Plaintiff's void for vagueness claims do not assert that Defendants' zoning regulations are unconstitutional "as-applied" to Plaintiff's Property.  They assert that the 2016 Zoning Ordinance is unconstitutionally void and

invalid from its inception.  Accordingly, these defenses fail and Plaintiff is entitled to summary judgment.

      5.    <u>Defendants' Thirteenth Defense</u>.

This defense stems from Plaintiff's claim for attorney fees and expenses of litigation under O.C.G.A. § 13-6-11.  Defendants' Thirteenth Defense poses no defense to Plaintiff's Motion For Summary Judgment.  Plaintiff has not moved for summary judgment on a claim for attorney fees under O.C.G.A. § 13-6-11.  And, Plaintiff seeks attorney fees under 42 U.S.C. § 1988.

      6.    <u>Defendants' Fourteenth Defense</u>.

Defendants' statute of limitations defense has been thoroughly briefed and argued by the parties.  Insofar as Defendants' statute of limitations defense, Plaintiff refers the Court to Section IV.A of Plaintiff's Response To Defendants' Renewed Motion To Dismiss [Dkt. No. 52 at 8-14] as well as oral argument at the September 24, 2020 Injunction Hearing [Dkt. No. 66 at 39-42] all of which Plaintiff adopts and incorporates herein by this reference.  Moreover, this Court has already determined that the claims on which Plaintiff now moves for summary judgment are timely.  [Dkt. No. 135 at 21-26].

      7.    <u>Defendants' Fifteenth Defense</u>.

With their Fifteenth Defense, Defendants raise standing.  The question of standing has been extensively briefed and argued by the parties at the September 24, 2020 Hearing.  Following extensive briefing and argument on the subject, the Court, when granting preliminary injunctive relief, addressed the issue of standing and correctly found Plaintiff has standing to assert its claims. [Dkt. No. 114 at 9-13]; see also <u>Roma Outdoor Creations, Inc. v. City of Cumming</u>, 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009) (delayed processing of an application constitutes injury in fact for purposes of standing).  Moreover, because injunctions regulate future conduct, a party has standing

to seek injunctive relief when it shows "**a real and immediate**—as opposed to a merely conjectural or hypothetical—**threat of future injury**." <u>Houston v. Marod Supermarkets, Inc</u>., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (emphasis supplied); see also <u>Wooden v. Bd. of Regents of Univ. Sys. of Ga</u>., 247 F.3d 1262, 1283 (11th Cir. 2001); <u>Jones v. Family First Credit Union</u>, 340 F.Supp.3d 1356 (N.D. Ga. 2018).  Plaintiff is suffering injury every day Defendants continue to refuse to issue the reaffirmation letter needed to complete the EPD permitting process.

This Court correctly found, among other things, that Defendants' refusal to issue that required reaffirmation letter confers standing: "the Court fails to see a meaningful distinction between the indefinite delay of a permit decision and denial of a permit.  Without judicial resolution, Defendants' precluding the EPD's final decision obstructs Plaintiff from receiving a permit just as effectively as denial would.  Justice delayed is often justice denied …."  [Dkt. No. 114 at 11-12].  Furthermore, as noted by the Court on this point, at the September 24, 2020 Hearing Defendants' counsel stated, in no uncertain terms, that Defendants will not issue the required reaffirmation letter unless ordered to do so by the Court.  [Dkt. No. 114 at 11].

More recently, this Court addressed standing and again concluded that Plaintiff has standing to maintain this action.  [Dkt. No. 135 at 11-20].  Defendants having raised no valid defense Plaintiff is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant summary judgment in favor of Plaintiff on its vested rights claim, its void for vagueness claims under both the United States and Georgia Constitutions, and enter permanent injunctive relief enjoining Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction,

from retrospective application of regulatory action injuriously impairing Plaintiff's vested rights, including but not limited to, application of the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 Zoning Ordinance, the 2017 SWMP and the 2020 SWMP to Plaintiff, Plaintiff's Property and its EPD permit Application.  Plaintiff also respectfully requests entry of final permanent injunction ordering Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. and Regs. 391-3-4-.05(1)(a).

Respectfully Submitted, this 8th day of October, 2021.

LOVETT LAW GROUP, LLC


By:___/s/ L. Robert Lovett_____
       L. Robert Lovett
       Georgia Bar No. 459566
       2500 Northside Crossing
       100 Northside Drive
       Macon, Georgia 31210
       (478) 714-2518
       bob@LovettLawGroup.com

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.


By:___/s/ Mark D. Johnson_____
       Mark D. Johnson
       Georgia Bar No. 395041
       Post Office Box 190
       Brunswick, Georgia 31521-0190
       (912) 265-6700

BROWN ROUNTREE PC


By:___/s/ George Rountree_____
       George Rountree
       Georgia Bar No. 616205
       26 North Main St
       Statesboro, Georgia 30458
       (912) 489-6900
       georgia@br-firm.com

WILSON BROCK & IRBY, L.L.C.

By:\_\_\_\_/s/ Kyler L. Wise_____
Kyler L. Wise
Georgia Bar No. 77128
2849 Paces Ferry Road SE, Suite 700
Atlanta, Georgia 30339
(404) 853-5050
kwise@wbilegal.com

21

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing pleading via electronic

service through the PACER e-filing system upon:

Dana K. Maine
Rachael Slimmon
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

This 8th day of October, 2021.

/s/ Kyler L. Wise
Kyler L. Wise