IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:19-CV-00109 |
| | : | |
| BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners, | : : : : : : : | |
| Defendants. | | |

**PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff Brantley County Development Partners, LLC ("Plaintiff") files its Response in Opposition to Defendants' Motion For Reconsideration [Dkt. No. 140] ("Motion"). The Motion is not well taken and should be denied. As grounds therefor, Plaintiff shows this Court as follows:

## I.   INTRODUCTION

On September 2, 2021, the Court issued its Order granting in part and denying in part Defendants' Renewed Motion To Dismiss. [Dkt. No. 135] (the "Order"). Material to Defendants' Motion, the Order correctly found that Plaintiff has standing to maintain this action, that Plaintiff's claims are ripe, that neither sovereign nor official immunity pose any bar to Plaintiff's claims seeking prospective relief against Defendants in their individual capacities, and that Plaintiff's void

1

for vagueness challenge to the 2016 Zoning Ordinance is not moot. [*See* Dkt. No. 135 at 12, 15-18, 34-37 & 56].

The Court did not render these findings in conclusory fashion. Instead, within its Seventy-One (71) page Order, the Court painstakingly addressed these issues and carefully supported its conclusions with analysis and citation to governing authority. With perhaps some marginal elaboration, the Motion essentially re-asserts the same arguments previously, and unsuccessfully, advanced by Defendants. Defendants' duplicative arguments have already been extensively briefed, reviewed and rejected by this Court.

The Motion should be denied because Defendants have not, and cannot, demonstrate newly-discovered evidence or manifest errors of law or fact, as required for a motion for reconsideration to be granted. See Guest v. United States of America, Civil Action No. 5:18-cv-18 (S.D. Ga. April 15, 2021, J. Wood) (citing Jacobs v. Tempur-Pedic Intern., Inc., 626 F. 3d 1327, 1344 (11th Cir. 2010)). Defendants have failed to present any newly-discovered evidence in support of their Motion nor have they demonstrated "manifest errors of law or fact". Instead, Defendants' Motion re-states the same meritless arguments properly rejected by this Court.

A Rule 59(e) motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. Guest, Supra.; Jacobs, 626 F.3d at 1344. However, although prohibited by law, Defendants' Motion does just that. It impermissibly relitigates old matters and raises argument and evidence already before the Court. Defendants having failed to demonstrate any of the requirements warranting reconsideration of the Court's Order, the Motion should be denied. [1]

---

[1] On October 8, 2021, Defendants filed their Objection To Magistrate Judge's Report and Recommendations Regarding Motion To Stay Preliminary Injunction Pending Appeal ("Objection'). [Dkt. No. 143]. Defendants' Objection re-asserts the same arguments contained

## II.     RELEVANT FACTS

Pursuant to Fed. R. Civ. P. 10, Plaintiff adopts and incorporates herein by reference the "Background" within the Court's Order granting in part and denying in part Defendants' Renewed Motion To Dismiss. [Dkt. No. 135 at 1-9].

## III.     ARGUMENT AND CITATION TO AUTHORITY

### A.     Standard Governing Motions for Reconsideration

A motion for reconsideration is an "extraordinary remedy, to be employed sparingly". Guest, Civil Action No. 5:18-cv-18 (S.D. Ga. April 15, 2021, J. Wood) (quoting Smith ex rel. Smith v. Augusta-Richmond Cnty., No. CV 110-126, 2012 WL 1355575, at * 1 (S.D. Ga. April 18, 2012)). A motion for reconsideration should only be granted if there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. Banks v. McIntosh Cnty., Civil Action No. 2:16-cv-53 (S.D. Ga. July 26, 2021, J. Baker).

Defendants' Motion is not based on any change in controlling law nor is it based on newly discovered evidence. Instead, Defendants' Motion is based on "the need to correct clear error or prevent manifest injustice". [Dkt. No. 140 at 1]. Where, as here, reconsideration is premised on the need to correct clear error, the movant must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision" and reconsideration **should not be used to present the Court with arguments already heard and dismissed**. Banks, Supra. (quoting

---

in the Motion in regards to standing, ripeness, and immunity. [Compare Dkt. No. 143 at 1-7 with Dkt. No. 140 at 3-8]. As found by the Court in its previous rulings, and as set forth in this Response, Defendants' arguments are without merit and both Defendants' Motion and their Objection should be denied and otherwise rejected out of hand.

3

Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002)) (emphasis supplied).

Because it is not an appeal, "it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly". Hesed-El v. Aldridge Pite, LLP, CV 119-162 (S.D. Ga. November 20, 2020, J. Hall) (quoting Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at * 1 (S.D. Ga. April 11, 2016)); *see also* Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at * 2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motion to reconsider as a knee-jerk reaction to an adverse ruling").

Because Defendants have not come close to demonstrating the requirements for reconsideration of the Court's September 2, 2021 Order, the Motion should be quickly denied. The Court has already rejected the same arguments Defendants now posit with their Motion and they fail to offer any new evidence, authority or analysis to alter the Court's ruling on these issues. Simply put, reconsideration is an "extraordinary remedy, to be employed sparingly" and Defendants' Motion fails to meet the heavy burden required for the Court to grant such extraordinary relief. See Guest, Civil Action No. 5:18-cv-18 (S.D. Ga. April 15, 2021, J. Wood). Accordingly, Defendants' Motion should be denied.

### B.  This Court correctly found that Plaintiff has standing to maintain its claims

With their Motion, Defendants continue to stubbornly argue **for the fourth time** that Plaintiff lacks standing. Before raising standing yet again in the present Motion, Defendants thrice asserted Plaintiff lacks standing in their: (1) Renewed Motion To Dismiss; (2) Opposition to Plaintiff's Motion for Preliminary Injunction; and (3) Motion To Stay Preliminary Injunction Order. All three times, Defendants' standing argument has been rejected.

4

First, the question of standing was extensively briefed and orally argued by counsel in connection with Plaintiff's Motion for Preliminary Injunction. On May 14, 2021, this Court entered its order granting Plaintiff's Motion for Preliminary Injunction. In that order, the Court correctly addressed the issue of standing: "[t]he Court must first answer the threshold question of whether Plaintiff has standing". [Dkt. No. 114 at 9]. The Court then issued its thorough and legally correct analysis finding that Plaintiff has standing to assert its claims. [Dkt. No. 114 at 9-13].

Second, in connection with Defendants' Renewed Motion To Dismiss, the parties once again briefed and argued the question of standing. On September 2, 2021, the Court issued its Order again finding that Plaintiff has standing. [Dkt. No. 135 at 12].

Third, as part of its Motion To Stay, Defendants again argued lack of standing. On September 24, 2021, the Magistrate Judge issued his Report and Recommendation rejecting Defendants' standing argument. [Dkt. No. 139 at 4-7]. Plaintiff recognizes that the Report and Recommendation has not yet been adopted as part of an order. Still, the Magistrate Judge's Report and Recommendation is certainly persuasive and with respect to the present Motion, Judge Cheebro importantly noted: "**[t]he Court has already addressed Plaintiff's standing and Defendants' challenges to standing when ruling on both the preliminary injunction and motion to dismiss**". [Dkt. No. 139 at 4] (emphasis supplied).

Motions for reconsideration are not supposed to be used to present the Court with arguments already heard and dismissed. Banks, Supra. (quoting Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002)). Yet, undeterred by governing law and this Court's prior orders, Defendants raise the same standing argument yet again. For the fourth time, Defendants' standing argument still lacks any merit.

As an initial matter, in the Order this Court found that Plaintiff demonstrated standing based on delay of the EPD permitting process:

"Plaintiff also sufficiently demonstrates standing through delay of the EPD permitting process – this basis was discussed in depth in this Court's Order granting Plaintiff's motion for a preliminary injunction. See Dkt. No. 114 at 11-13". [Dkt. No. 135 at 15, fn. 3].

Defendants' Motion fails to address or controvert the Court's finding of standing due to delay of the EPD permitting process.  For this reason alone, the Motion should be denied.

The Motion should also be denied because the Court correctly found that the 2017 zoning change of Plaintiff's Property to the Light Industrial district confers an additional basis for standing:

"[t]he 2017 rezoning decision forbids Plaintiff from using its Property in a particular manner-namely, as a solid waste handling facility.  As it stands, the allegedly unconstitutional regulatory actions taken by Defendants stand as an absolute barrier to Plaintiff's proceeding with development of its Proposed Facility.  At the time when Plaintiff contends its rights vested, no such regulations were in place.  As such, a favorable decision from this Court would remove such barriers for Plaintiff". [Dkt. No. 135 at 13-14 (internal citations omitted)]; see also <u>Village of Arlington Heights v. Metropolitan Housing Development Corp.</u>, 429 U.S. 252, 260 (1977) (finding developer had standing when challenged zoning regulations stood as a barrier to the proposed project).

In their Motion, Defendants nevertheless argue that Plaintiff lacks standing because the 2017 rezoning decision has not been applied to its Property and the EPD has not asked for a reaffirmation letter.  [Dkt. No. 140 at 3].  The Court has already correctly rejected these arguments.  [Dkt. No. 135 at 15].  Moreover, it is disingenuous and the height of hypocrisy for the Defendants to use the reaffirmation letter as a basis to argue lack of standing when the EPD has clearly stated reaffirmation is required before permit issuance, this Court has ordered Defendants to issue the

6

reaffirmation, Plaintiff has demanded that Defendants do so, and Defendants continue to refuse to obey this Court.[2] [See Dkt. No. 58-1 at 5, Ex. "2"; Dkt. No. 114; Dkt. No. 129].

Plaintiff also demonstrated standing based on injury from spending money on plans and site studies and lost business opportunities. [Dkt. No. 135 at 14]; see also Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 262 (1977). In an effort to distinguish Arlington Heights, Defendants complain that "Plaintiff's EPD application does not have the requisite specificity and detail which permitted a finding of standing". [Dkt. No. 140 at 5]. Once again, Defendants' argument is belied by the Record Evidence.

On this point, Defendants assert that Plaintiff's EPD application "does not even identify the type of landfill for which it wants a permit". [Dkt. No. 140 at 5]. That is false. Insofar as "operation type", Plaintiff's application identifies processing, composting, shredding, and materials recovery facility. [Dkt. No. 1-11 at 3]. Insofar as "disposal site", Plaintiff's application identifies municipal solid waste landfill and thermal treatment, among others. [Id.]. It is undisputed that the application was done correctly and accepted for processing.

Moreover, Plaintiff has now submitted its Design and Operation Plan to Georgia EPD. In this regard, on August 14, 2020, Plaintiff received and approved a scope of work and cost estimate of $400,000 to $500,000 for its engineer, Harbin, to prepare the Design and Operation Plan for submittal to EPD. [Dkt. No. 58-1 at 6]. In terms of the engineering drawings for the Design and Operation plans, Mr. Steve Harbin identified **fifty-eight (58) different sheets to be prepared as part of the submittal**. [Dkt. No. 58-1 at 15].

---

[2] At the September 24, 2020 Hearing, Defendants' counsel stated, in no uncertain terms, that Defendants will not issue the required reaffirmation letter unless ordered to do so by the Court. [Dkt. No. 114 at 11]. Apparently, Defendants still remain unwilling to issue the reaffirmation letter **although the Court has in fact now ordered them to do so**.

7

On August 26, 2021, Harbin having completed its extensive work, Plaintiff submitted its Design and Operation Plans to the Georgia EPD. [Dkt. No. 136-1]. The confirmation of submittal from the Georgia EPD for the Design and Operation Plan shows it is substantial, consisting of three (3) different "PDF's" and voluminous supportive materials and data. [Dkt. No. 136-1]. Plaintiff's application and development plans are substantial and are not lacking for detail, as Defendants assert. Plaintiff having demonstrated, and this Court having found, standing under three (3) different legally recognized methods, Defendants' Motion should be denied.

### C. This Court correctly found Plaintiff's claims are ripe

As noted by the Court, Defendants concomitantly assert in this case that Plaintiff's claims are both too early (not ripe) and too late (statute of limitations). [Dkt. No. 135 at 15]. Followed to its logical conclusion, if Defendants had their way Plaintiff would have no claims at all because they would all be both too early and too late.

In the Order, the Court correctly found that Plaintiff's claims are ripe because Plaintiff has applied for permit with the appropriate governmental authority and Defendants have refused to issue the necessary letters for Plaintiff's EPD permit. [Dkt. No. 135 at 17-19]. In their Motion, Defendants appear to argue that because EPD has not yet approved Plaintiff's Design and Operation Plan, the claims are not ripe. [Dkt. No. 140 at 6].

In its prior order granting Plaintiff's Motion for Preliminary Injunction, the Court addressed Defendants' argument in this regard and their refusal to issue the required reaffirmation:

"the Court fails to see a meaningful distinction between the indefinite delay of a permit decision and denial of a permit. Without judicial resolution, Defendants' precluding the EPD's final decision obstructs Plaintiff from receiving a permit just as effectively as denial would. Justice delayed is often justice denied …." [Dkt. No. 114 at 11-12].

8

In other words, without judicial resolution, Defendants' indefinite delay of the EPD permit decision by their refusal to issue the required reaffirmation effectively works as a permit denial. Plaintiff has submitted the Design and Operation Plan, triggering the final phase of EPD permit review.  Mr. Harbin testified in his Affidavit that based on his over thirty-seven (37) years of experience, he had never known the Georgia EPD to deny a permit once site suitability has been approved in favor of the applicant.  [Dkt. No. 58-1].  Plaintiff's claims are ripe and the Motion should be denied.

**D.  The Court correctly determined that neither Sovereign Immunity nor Official Immunity pose any bar to Plaintiff's claims for prospective relief against Defendants in their individual capacities**.

As an initial matter, Defendants' argument that official immunity bars Plaintiff's claims against them in their individual capacities based on the real party in interest limitation demonstrates a fundamental misunderstanding of the application of different immunities under Georgia law.  [Dkt. No. 140 at 7].  Defendants appear to link the real party in interest limitation with official immunity, when it actually pertains to sovereign immunity.   Nevertheless, under well-established Georgia law, Defendants have no immunity (whether sovereign or official) for Plaintiff's claims seeking prospective relief against Defendants in their individual capacities.

In Lathrop v. Deal, the Georgia Supreme Court, in great detail, explained and held that claims seeking relief against public officers in their individual capacities are **not** barred by **sovereign immunity**.  301 Ga. 408, 443-444 (2017).   Indeed, the Georgia Supreme Court in Lathrop gave its "assurance that our decisions d[o] not mean that citizens aggrieved by unlawful conduct of public officers are without recourse. **It means only that they must seek relief against such officers in their individual capacities**".  301 Ga. at 443; see also Georgia Dep't. of Nat'l

Res. v. Ctr. For a Sustainable Coast, Inc., 294 Ga. 593, 603 (2014) (holding that application of sovereign immunity "does not mean that citizens aggrieved by unlawful conduct of public officers are without recourse. **It means only that they must seek relief against such officers in their individual capacities**.") (emphasis supplied).

After reaching its holding as to sovereign immunity, the Lathrop Court then took the opportunity to analyze the application of **official immunity** to suits against public officers in their individual capacities. Lathrop, 301 Ga. at 434-444. Analyzing the text of Article I, Section II, Paragraph IX(d) of the Georgia Constitution, the Georgia Supreme Court held that such constitutional provision only applies to suits and liabilities for **retrospective relief**, "mostly monetary damages in tort cases". Lathrop, 301 Ga. at 443. There is no official immunity for suits against public officers in their individual capacities for injunctive and declaratory relief from the threat of official acts that would violate the constitution. Id. In other words, when a plaintiff seeks **prospective relief** from the enforcement of law alleged to be unconstitutional, in the form of injunctions and declaratory judgments, qualified immunity does not apply. Id. at 434-435; see also Love v. Fulton Cnty. Bd of Tax Assessors, 821 S.E.2d 575, 585 (Ga. Ct. App. 2018) (the doctrine of official immunity does not bar suits for declaratory or injunctive relief brough against county officers in their individual capacities); City of Hapeville v. Sylvan Airport Parking, LLC, 858 S.E.2d 538, 542 (Ga. App. 2021) (immunity does not apply to claims brought against persons in their individual capacities and real party in interest doctrine is limited to attempts to control the real property rights and obligations of the state) (citing Bd. of Commrs. of Lowndes Cnty. v. Mayor & Council of the City of Valdosta, 309 Ga. 899, 903 (2020)).

As correctly found by the Court in its Order, the real party in interest limitation has no application in this case. [Dkt. No. 135 at 37]. The limitation has been narrowly applied "primarily

10

when the claimed relief would control or take the State's real property or interfere with contracts to which the State is a party". Mayor of Valdosta, 848 S.E.2d at 858. The relief sought by Plaintiff will not alter the title, possession or usage of any real property of the State. Nor will it interfere with any state contracts. [Dkt. No. 135 at 37]. Accordingly, the narrow real party in interest limitation has no application and Defendants' Motion should be denied.[3]

### E. The Court correctly found that Plaintiff's void for vagueness challenge to the 2016 Zoning Ordinance is not moot

In the Order, the Court correctly found Plaintiff's void for vagueness challenge to the 2016 Zoning Ordinance is not mooted by the adoption of a new zoning ordinance and official zoning map on June 15, 2017:

"Given Plaintiff's claim that its rights vested in 2016, the challenge to the 2016 Zoning Ordinance's validity is not obviated by passage of later ordinance in 2017. See Crown Media, LLC v. Gwinnett Cnty., 380 F.3d 1317, 1325 (11th Cir. 2004) …." [Dkt. No. 135 at 56].

Under well-established Georgia law, a landowner has a vested right to use property in accordance with valid regulations in force when the landowner applies for a permit. [Dkt. No. 114 at 33]; see also WMM Properties, Inc. v. Cobb County, 255 Ga. 436 (1986); Fulton County v. Action Outdoor Advertising, JV, 289 Ga. 347, 349 (2011). Plaintiff's rights having vested in 2016 upon submission of its EPD permit application, those rights are governed by the valid law in force as of 2016. Therefore, Defendants' passage of later zoning regulations in 2017 does not moot

---

[3] Applying the real party in interest limitation broadly, as urged by Defendants, "would eviscerate Georgians' well-established rights to seek redress against their government" and "yield a rule wholly incompatible with our **long-standing precedent allowing individual-capacity claims for injunctive and declaratory relief**". Mayor of Valdosta, 848 S.E.2d at 858 (emphasis supplied).

103643.1 141566-000002

Plaintiff's claim that the 2016 Zoning Ordinance is void for vagueness and therefore Plaintiff's vested rights are not subject to those zoning regulations.

A case is rendered moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome and the court no longer can grant meaningful relief. Crown Media, LLC, 380 F.3d at 1324. For the repeal of a statute to moot a challenge to the statute, the governmental defendant must show that there is no reasonable likelihood that the repealed statute would be reinstated. Id.

Plaintiff's void for vagueness challenge to the 2016 Zoning Ordinance is not moot **because Defendants are attempting to apply its regulations to Plaintiff and Plaintiff's Property.** At the September 24, 2020 Hearing, and in their briefing, Defendants applied the 2016 Zoning Ordinance to Plaintiff and its land because Defendants argued that Plaintiff's land is subject to the Heavy Industrial zoning classification, and its special exception requirements, allegedly in place when Plaintiff submitted its EPD application on December 29, 2016. [Dkt. No. 66 at 79-80]; see also Court's May 14, 2021 Order: "Defendants insist that Plaintiff must comply with the Heavy Industrial zoning allegedly placed on the Property pursuant to the September 8, 2016 Zoning Ordinance". [Dkt. No. 114 at 34].

As noted, Plaintiff contends that it has a vested right to develop the land **without these invalid zoning restrictions**. Therefore, given Plaintiff's vested rights, and Defendants attempt to enforce the 2016 Zoning Ordinance against Plaintiff and its Property, a live controversy exists upon which the Court can grant meaningful relief. That relief is that Plaintiff's vested property right is not subject to the 2016 Zoning Ordinance because it is void for vagueness. Defendants' Motion should be denied.

## CONCLUSION

Defendants' Motion seeking Reconsideration of this Court's Order denying in part Defendants' Renewed Motion To Dismiss should be denied because reconsideration is an extraordinary remedy, to be employed sparingly, and the Defendants have failed to carry their heavy burden to sustain the request.

Respectfully Submitted this 14th day of October, 2021

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: /s/ Mark D. Johnson
    Mark D. Johnson
    Georgia Bar No. 395041
    Post Office Box 190
    Brunswick, Georgia 31521-0190
    (912) 265-6700

LOVETT LAW GROUP, LLC

5400 Riverside Drive
Suite 203
Macon, Georgia 31210
(478) 476-4500
bob@LovettLawGroup.com

By: /s/ L. Robert Lovett
    L. Robert Lovett
    Georgia Bar No. 459566

WILSON BROCK & IRBY, L.L.C.

2849 Paces Ferry Road SE
Suite 700
Atlanta, Georgia 30339
(404) 853-5050
kwise@wbilegal.com

By: /s/ Kyler L. Wise
    Kyler L. Wise
    Georgia Bar No. 771285

BROWN ROUNTREE PC

26 North Main St.
Statesboro, GA 30458
(912) 489-6900 Office
(912) 764-2251 Facsimile
george@br-firm.com

By: /s/ George Rountree
    GEORGE ROUNTREE
    GA Bar No. 616205
    *Attorneys for Plaintiff*

103643.1 141566-000002

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading via electronic service through the e-filing system and by placing a copy of same in the United States Mail, properly addressed with adequate postage thereon upon:

> Dana K. Maine
> Rachael Slimmon
> Freeman Mathis & Gary, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, Georgia 30339

This 14th day of October, 2021.

/s/ Kyler L. Wise
Kyler L. Wise