# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC, | * * * | |
| Plaintiff, | * * | CIVIL ACTION NO.: 5:19-cv-109 |
| v. | * * | |
| BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; and CHRIS "SKIPPER" HARRIS; RANDY DAVIDSON; BRIAN HENDRIX; JESSE MOBLEY; and RAY GRIFFIN, all in their individual and official capacities as Commissioners, | * * * * * * * * * | |
| Defendants. | * | |

## O R D E R

Before the Court are Defendants' Objections to the Magistrate Judge's Report and Recommendation dated September 24, 2021. Dkt. No. 143. In the Report, the Magistrate Judge recommended the Court deny Defendants' Motion to Stay Preliminary Injunction Pending Appeal. Dkt. No. 139 at 1. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, **OVERRULES** Defendants' Objections, and **DENIES** Defendants' Motion to Stay.

AO 72A
(Rev. 8/82)

**BACKGROUND**

This case involves Plaintiff's plans to build a solid waste handling facility in Brantley County, Georgia, and Defendants' efforts to oppose that plan. Plaintiff moved for a preliminary injunction, and, on May 14, 2021, the Court granted Plaintiff's motion. Dkt. No. 114. That Order enjoined Defendants from applying the July 9, 2020 resolution, the 2016 Zoning Ordinance, the 2017 Solid Waste Management Plans ("SWMP"), and the 2020 SWMP to Plaintiff's property and its Environmental Protection Division ("EPD") permit application. Id. at 52. Additionally, Defendants were ordered to issue letters reaffirming zoning consistency, as required by Georgia law.[1] Id. In deciding Plaintiff's motion for a preliminary injunction, the Court also determined Plaintiff had standing to pursue its claim and Defendants were not entitled to official immunity on Plaintiff's vested rights claim. Id. On May 27, 2021, Defendants appealed the Court's Order on the preliminary injunction, which is currently pending before the Eleventh Circuit Court of Appeals. Dkt. Nos. 117, 119.

Defendants also moved to dismiss all of Plaintiff's claims, dkt. no. 48, and that motion was granted in part and denied in part, dkt. no. 148. In the Order on Defendants' motion to

---

[1]    On November 4 and 5, 2021, Defendants issued the reaffirmation letter.  Dkt. no. 152 at 2.

AO 72A
(Rev. 8/82)

dismiss, the Court again found Plaintiff had standing to assert their claims and concluded sovereign and official immunity did not bar the claims.  Dkt. No. 135.

Defendants have moved to stay the preliminary injunction pending appeal.  Dkt. No. 126.  The Magistrate Judge issued a Report and Recommendation on that Order on September 24, 2021. Dkt. No. 139.  In determining whether a stay was appropriate, the Magistrate Judge looked to Federal Rule of Civil Procedure 62(d), which governs the granting of a stay of an injunction pending appeal.  Id. at 3.

Rule 62(d) provides in relevant part, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." "A stay is not a matter of right, even if irreparable injury might otherwise result."  Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issu[uance] is dependent upon the circumstances of the particular case.'"  Id.

In determining whether to grant a stay pending appeal, the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed

AO 72A
(Rev. 8/82)

on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 426. However, the last two factors (i.e., harm to the opposing party and weighing the public interest) merge when the government is the opposing party, such as in this case. Nken, 556 U.S. at 435.

The stay factors have "substantial overlap" with the factors the Court already analyzed in granting the preliminary injunction. Id. at 435. The movant bears a "heavy burden" and "must establish each of these four elements in order to prevail." See Larios v. Cox, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (citing Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)); see also Nken, 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

In deciding Defendants' motion to stay the preliminary injunction, the Magistrate Judge applied the standard set forth above. The Magistrate Judge determined Defendants, the movants, failed to meet their heavy burden in demonstrating a stay pending appeal is appropriate. Specifically, the Magistrate Judge concluded Defendants have not shown their arguments concerning standing, the statute of limitations, sovereign or

AO 72A
(Rev. 8/82)

official immunity defenses, or vested rights have a strong likelihood of success on appeal. Dkt. No. 139.

Additionally, the Magistrate Judge concluded Defendants have not demonstrated a substantial threat of irreparable harm. Id. at 14-15. The Magistrate Judge determined the balance of the harms and public interest weigh in favor of Plaintiff and staying the injunction would not serve the public interest. Id. at 15-16. Thus, the Magistrate Judge concluded Defendants failed to meet their heavy burden of establishing each of the required elements and recommended the Court deny their request for a stay of the preliminary injunction pending appeal.

Defendants object to the Magistrate Judge's Report on their Motion to Stay. Dkt. No. 143. The Court now addresses these Objections.[2]

## DISCUSSION

Defendants argue the Magistrate Judge erred when concluding Defendants have not shown they are likely to prevail on their standing argument and erred in his consideration of Defendants' immunity arguments. Dkt. No. 143 at 1, 5. Further, Defendants

---

[2]     The Court notes Defendants' motion for reconsideration of the Court's Order on Defendants' motion to dismiss is currently pending. Dkt. No. 140. Defendants' pending motion raises many of the same arguments regarding Plaintiff's standing and Defendants' entitlement to official immunity. Id. at 2. The Court will address Defendants' motion for reconsideration in due course.

AO 72A
(Rev. 8/82)

contend the Magistrate Judge erred when concluding Defendants failed to demonstrate irreparable harm. Id. at 8-9.

The Court has conducted an independent and de novo review of the record and now addresses Defendants' Objections.[3]

## I.   Defendants' Objections Related to Standing Are Overruled

Defendants argue Plaintiff does not have standing to assert its claims and the Magistrate Judge erred in concluding Defendants had not shown a likelihood of success on their standing challenge. Specifically, Defendants argue their 2017 zoning change decision and refusal to issue a reaffirmation letter is not sufficient to satisfy the requirement for Plaintiff's standing.[4] Id. at 1-2. Defendants contend there is no injury because the 2017 zoning decision has not been applied to Plaintiff's proposed landfill project and the EPD has not requested the reaffirmation letter. Id. at 2, 4.

---

[3]   Defendants' motion to stay is likely considered a nondispositive matter under 28 U.S.C. § 636(b)(1)(A), and, therefore, could have been resolved by order rather than recommendation. Such orders are reviewed under the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). However, because the Magistrate issued a Recommendation, the Court conduct a de novo review.

[4]   Defendants also argue Plaintiff's expenditure of money does not satisfy the injury-in-fact requirement for standing. Dkt. No. 143 at 1, 2-3. However, the Magistrate Judge did not rely on Plaintiff's monetary expenditure; instead, that basis for standing was only discussed by the Court when ruling on Defendants' motion to dismiss. Dkt. No. 135 at 13-15. Thus, the Court does not address whether Plaintiff's monetary expenditure satisfies standing in this Order.

Defendants ignore the effects of their rezoning and especially their refusal to issue a reaffirming letter. Defendants argue the EPD has not yet requested the reaffirmation letter, therefore, their refusal to issue one has not yet harmed Plaintiff.  However, as the Magistrate Judge explained, refusal to issue the reaffirmation letter guarantees Plaintiff's permit application will be denied.  Dkt. No. 139 at 6.  Thus, Defendants' refusal to provide the letter delays Plaintiff's application indefinitely.  Id. (citing Roma Outdoor Creations, Inc. v. City of Cumming, 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009); and MSPA Claims 1 LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1318 (11th Cir. 2019)).  Defendants have not explained why an indefinite delay in Plaintiff's landfill project is not enough to confer standing, nor have they distinguished the caselaw on which the Magistrate Judge relied.  Ultimately, Defendants failed to show a strong likelihood of success on the merits on this issue.

Moreover, the Magistrate Judge's conclusion is supported by the United States Supreme Court's holding in Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977).  In Arlington Heights, the Supreme Court found a sufficient injury where "the challenged action . . . stands as an absolute barrier" to the plaintiff's proposed project and the sought injunctive relief would remove the barrier.  Id. at 261.

7

The Supreme Court did not find it determinative the project's completion was not guaranteed even if the injunction were granted. Id. Based on this authority, the Magistrate Judge correctly concluded Plaintiff alleged a sufficient injury because the injunction sought removes an absolute barrier, even if Plaintiff's landfill project might otherwise fail. Dkt. No. 139 at 6.

While Defendants attempt to distinguish Arlington Heights based on the specificity of Plaintiff's plan, this argument is unpersuasive. Dkt. No. 143 at 3. The Supreme Court in Arlington Heights cautioned against courts engaging in undue speculation to determine whether a plaintiff has a personal stake in the controversy. Arlington Heights, 429 U.S. at 261-62. Here, the Magistrate Judge did not engage in such speculation. Instead, he correctly determined Plaintiff showed an injury that is "likely to be redressed by a favorable decision"—namely, an indefinite delay of its projection and inability to obtain EPD approval. Arlington Heights at 262 (citation omitted).

Defendants also argue Arlington Heights is distinguishable because of the "extra steps" Plaintiff would have to take to secure approval to build its proposed landfill. Dkt. No. 143 at 4-5. Defendants contend the only obstacle the Supreme Court recognized in Arlington Heights was the local government's

8

rezoning decision. Id. at 4. However, this argument misreads the case. In Arlington Heights, the Supreme Court recognized other obstacles to the completion of plaintiff's development, including securing financing, qualifying for federal subsidies, some of which had been suspended, and carrying through with construction. 429 U.S. at 261. Thus, the fact other obstacles to Plaintiff's landfill's project exist, some of which Defendants have no control over, does not mean Plaintiff lacks standing.

In sum, the Court agrees with the Magistrate Judge's conclusion that Defendants have not demonstrated a strong likelihood they will succeed on the merits of their standing argument on appeal. Accordingly, Defendants' objections regarding standing are **OVERRULED**.

## II.   Defendants' Objections Related to Immunity Are Overruled

The Magistrate Judge concluded Defendants did not show a strong likelihood of success on their immunity arguments. Dkt. No. 139 at 10-13. Specifically, the Magistrate Judge found Defendants had not demonstrated they are entitled to sovereign or official immunity for claims brought against them in the individual capacities. Id. Defendants assert the Magistrate Judge erred because the circumstances in which state officials are subject to suit are not present. Additionally, Defendants argue the real-party-in-interest exception applies to this case

and, thus, Defendants are entitled to sovereign immunity.  Dkt. No. 143 at 6-7.

Defendants first argue sovereign immunity does not apply to prevent suit against state officials in their individual capacities when officials are acting beyond the scope of their official character and without lawful authority.  Id. at 6. That is, Defendants suggest only when a state official acts without lawful authority or beyond the scope of his official character will he be subject to suit.  However, this reading of when state officials are subject to suit in their individual capacities is too narrow.

An official acting without lawful authority or beyond the scope of his official power is only a circumstance where sovereign immunity will not protect a state official from suit. Bd. of Comm'r of Lowndes Cnty. v. Mayor & Council of Valdosta, 848 S.E.2d 857, 860 (Ga. 2020).  Contrary to Defendants' assertions, there are other circumstance where sovereign immunity will not apply.  As the Georgia Supreme Court has explained, claims seeking relief against public officers in their individual capacities are not barred by sovereign immunity.  Lathrop v. Deal, 801 S.E.2d 867, 885 (Ga. 2017) ("[O]ur decisions [do] not mean that citizens aggrieved by unlawful conduct of public officers are without recourse.  It means only that they must seek relief against such officers in

AO 72A
(Rev. 8/82)

their individual capacities."). Indeed, in <u>Lathrop</u>, the Georgia Supreme Court stated officials may be liable in their individual capacities where a plaintiff seeks injunctive relief and alleges an unconstitutional act by the officials. <u>Id.</u> at 869. That is precisely what has occurred here—Plaintiff is suing Defendants in their individual capacities and is seeking injunctive relief for a violation of Plaintiff's constitutional rights. Accordingly, this Objection is **OVERRULED**.

Defendants also argue the real-party-in-interest exception applies because Plaintiff is seeking action by Defendants as Brantley County's governing body. Dkt. No. 143 at 6-7. The Magistrate Judge found the real-party-in-interest exception does not apply in this case.[5] Dkt. No. 139 at 10-12. The Court agrees with the Magistrate Judge's analysis and recommendation on the issue. The Georgia Supreme Court has held the real-party-in-interest exception applies only when "the claimed relief would control or take the State's real property or interfere with contracts to which the State is a party." <u>Bd. of Comm'rs of Lowndes Cnty.</u>, 848 S.E.2d at 861-62. The fact Plaintiff seeks injunctive relief does not transform the suit into one against the state. Indeed, in <u>Board of Commissioners</u>

---

[5]    The Court reached the same conclusion when ruling on Plaintiff's motion for preliminary injunction and Defendants' motion to dismiss. Dkt. No. 114 at 17-19; Dkt. No. 135 at 36-37.

AO 72A
(Rev. 8/82)

of Lowndes County, the plaintiff sought declaratory and injunctive relief against the state defendants, but the court still found the real-party-in-interest exception did not apply. Id. at 863. Thus, Defendants immunity-related objections are **OVERRULED.**

### III. Defendants Have Not Demonstrated Irreparable Harm

Defendants argue the Magistrate Judge erred when concluding they would not suffer irreparable harm if the preliminary injunction was not stayed. Dkt. No. 143 at 7-9. Specifically, they argue allowing Plaintiff to build a landfill absent County oversight will have a "definite and distinct harm on the County." However, Defendants fail to explain the ways in which they may be potentially harmed. Though Defendants argue they cannot quantify the harm at this point, they do not even attempt to offer any specific harms the County will face.[6] Instead, Defendants only offer vague speculation about the possibilities of road maintenance and policing.[7]

---

[6]   The Court notes the inconsistencies in Defendants' positions. On one hand, they argue Plaintiff does not have standing to seek the preliminary injunction because the injunction Plaintiff seeks will not guarantee approval of the landfall. On the other hand, Defendants contend the preliminary injunction will irreparably harm them because the landfill will be built without County oversight, potentially harming the County.

[7]   Defendants mentioned these concerns about policing and road maintenance for the first time in their Objections to the Magistrate Judge's Report and Recommendation.

AO 72A
(Rev. 8/82)

Defendants also argue they will be harmed because of political opposition to the project, emphasizing the lack of oversight they will have over Plaintiff's development of the landfill.  Regardless of the preliminary injunction, the State of Georgia is the entity responsible for overseeing the landfill project.  O.C.G.A. § 12-8-24(d).  The State of Georgia will ensure compliance with health and safety regulations.  Moreover, while Defendants insist they lacked any opportunity to oversee the project, that conclusion is incorrect.  Dkt. No. 143 at 8. Defendants had the opportunity to weigh in on Plaintiff's proposal initially, but the former county manager misunderstood the effect of Defendant Board of Commissioners' actions, and that misunderstanding led to a lack oversight.  Id. at n.3.  A misunderstanding leading to a squandered opportunity for oversight by the County is not the same as no opportunity for oversight.  Finally, vague allegations of potential political opposition to Plaintiff's development plans simply does not demonstrate irreparable harm to the County.  Id. at 8.

In sum, the Court finds Defendants' Objections regarding irreparable harm are largely conclusory and speculative and finds no error with the Magistrate Judge's Report.  Thus, the Court **OVERRULES** these Objections.

13

**CONCLUSION**

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, **OVERRULES** Defendants' Objections, and **DENIES** Defendants' Motion to Stay.

SO **ORDERED**, this _____ 19 _____ day of _____, 2021.

_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14