# In the United States District Court for the Southern District of Georgia Waycross Division

```
BRANTLEY COUNTY DEVELOPMENT    )
PARTNERS, LLC,                 )
                               )
      Plaintiff,               )
                               )
v.                             )       CV 519-109
                               )
BRANTLEY COUNTY, GEORGIA by and)
through its Chairman and Members)
of the Brantley County Board of)
Commissioners, CHRIS "SKIPPER" )
HARRIS, BRIAN HENDRIX, JESSE   )
MOBLEY, and RAY GRIFFIN, all in)
their individual and official  )
capacities as Commissioners,   )
                               )
      Defendants.              )
```

## ORDER

Before the Court is Defendants' Motion for Reconsideration. Dkt. No. 140. For the reasons below, Defendants' Motion is **DENIED**.

### BACKGROUND

This case revolves around Plaintiff's plans to build a solid waste management facility in Brantley County, Georgia, and Defendants' opposition to those plans. On May 14, 2021, Plaintiff moved for a preliminary injunction, dkt. no. 58, which this Court granted on September 11, 2020. See Dkt. No. 114. That Order enjoined Defendants from applying the July 9, 2020 resolution, the 2016 Zoning Ordinance, the 2017 Solid Waste Management Plans

("SWMP"), and the 2020 SWMP to Plaintiff's property and its Georgia Environmental Protection Division ("EPD") permit application. Id. at 52. Defendants were also ordered to issue letters reaffirming zoning consistency, as required by Georgia law. Id. Defendants have appealed this Order to the Eleventh Circuit Court of Appeals, where it is currently pending. See Dkt. Nos. 117, 119.

This Court then issued an Order granting in part and denying in part Defendants' Renewed Motion to Dismiss on September 2, 2021. See Dkt. No. 135. Among other findings, this Court reaffirmed its preliminary injunction order that 1) Plaintiff has standing to maintain its action, 2) Plaintiff's claims are ripe, 3) neither sovereign nor official immunity bars Plaintiff's claims for prospective relief against Defendants in their individual capacities, and 4) Plaintiff's void for vagueness challenge to the 2016 Zoning Ordinance is not moot. Id. at 12, 15-18, 34-37, 56.

Defendants have now filed the instant Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b) and 59(e) "on the grounds of the need to correct clear error or prevent manifest injustice." Dkt. No. 140 at 1. Specifically, Defendants argue this Court should reverse its decision on the four grounds listed above. Plaintiff filed a response, see dkt. no. 144, and the motion is ripe for review.

## LEGAL STANDARD

Motions to reconsider may be made under either Federal Rule of Civil Procedure 54(b), to amend a partial judgment on multiple claims, or Rule 59(e), to amend a final judgment. See Raiford v. Nat'l Hills Exchange, LLC, No. 1:11-cv-152, 2016 WL 2908412, at *1-2 (S.D. Ga. May 17, 2016) (Rule 54(b)); Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (Rule 59(e)).  "[R]econsideration of an order is 'an extraordinary remedy, to be employed sparingly.'" Gold Cross EMS, 108 F. Supp. 3d at 1379 (quoting Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004)). Motions for reconsideration are decidedly *not* appeals, and "thus it is improper on a motion for reconsideration to 'ask the Court to rethink what it ha[s] already thought through—rightly or wrongly.'"  Id. (citing Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  This type of motion must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993).

There are three limited grounds to grant such a motion: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS, 108 F. Supp. 3d at  1379.

When arguing on grounds of the need to correct clear error or prevent manifest injustice, the movant must show "clear and obvious error where the interests of justice demand correction." Prudential Sec., Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quotation marks omitted). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1239 (11th Cir. 1985)).

**ANALYSIS**

Defendants argue that the Court made four clear errors: 1) that Plaintiff has standing; 2) that Plaintiff's claims are ripe; 3) that Plaintiff's claims are not barred by official or sovereign immunity, and 4) that Plaintiff's void-for-vagueness claim is not moot. See Dkt. No. 140 at 2. The Court rejects each of these arguments.

**I. Plaintiff has Standing**

Defendants first argue that the Court incorrectly found that two injuries satisfy the injury-in-fact requirement—the 2017 zoning change and Plaintiff's expenditure of money. They argue that these injuries do not satisfy standing principles because 1) Plaintiff "faces no imminent threat of the zoning decision being applied to its property," and 2) Plaintiff's "EPD application does

4

not have the requisite specificity and detail" to find its expenditures confer standing, attempting to distinguish Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977). Dkt. No. 140 at 3–6. These arguments—which have been raised before in Defendants' Renewed Motion to Dismiss, in opposition to Plaintiff's Motion for Preliminary Injunction, and in Defendants' Motion to Stay Preliminary injunction—misunderstand standing principles.

First, Defendants ignore that the main reason Plaintiff "faces no imminent threat of the zoning decision being applied to its property" is because Defendants have not issued the reaffirmation letter required for Plaintiff to attain the EPD permit necessary to move forward on construction of the facility. However, as stated in the Court's Order granting Plaintiff's Motion for Preliminary Injunction, "[t]he delayed processing of an application . . . constitutes an injury in fact." Dkt. No. 114 at 12 (citing Roma Outdoor Creations, Inc. v. City of Cumming, Ga., 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009)) (alterations accepted). By simply delaying issuance of the reaffirmation letter, Defendants are essentially halting the EPD permitting process altogether. See Dkt. No. 114 at 11–13; Dkt. No. 135 at 15 n.3. Defendants attempt to ignore this by claiming Plaintiff "has not alleged that the EPD has approved its D&O plan or otherwise asked

for a reaffirmation letter." See Dkt. No. 140 at 3; see also Dkt. No. 114 at 6 (citing Dkt. No. 48-2). However, in order for the EPD to approve said plan, the EPD must receive the reaffirmation letter from Defendants. As the Court stated previously, "[j]ustice delayed is often justice denied[.]" Dkt. No. 114 at 12.

Second, Defendants argue Plaintiff has not shown the adequate specificity required in Arlington Heights to prove its monetary expenditures constitute an injury-in-fact. Dkt. No. 140 at 4-6. This argument misunderstands the Supreme Court's holding in Arlington Heights. The core holding there is, despite some uncertainties about the development's plan, the developer had expended thousands of dollars on plans and studies which would "be worthless even if [plaintiff] finds another site at an equally attractive price." Arlington Heights, 429 U.S. at 262. The focus is Plaintiff's "requisite personal stake in the controversy," and the progress Plaintiff has made so far more than establishes that it has. Dkt. No. 135 at 14. Requiring Plaintiff to have everything but the last nail hammered into its building before it has standing to challenge barriers to its buildings extends standing principles too far. On both bases, Plaintiff has the requisite personal stake to establish an injury-in-fact under Article III.

**II. Plaintiff's Claims are Ripe**

Defendants next argue Plaintiff's claims are not ripe because Plaintiff "has not alleged that the EPD has granted or denied the permit, nor has it alleged that the EPD has indicated that it will grant or deny the permit." Dkt. No. 140 at 6. Again, the Court notes Defendants have refused to issue the requisite letters for Plaintiff's EPD permit application. It is a distinction without a difference whether Plaintiff's EPD application is delayed into perpetuity or simply denied. Defendants have acknowledged they will not provide a reaffirmation of zoning consistency without the Court ordering them to do so. See Dkt. No. 66 at 59:15-60:2. And Plaintiff's engineer testified that, in his thirty-seven years of experience, he has never known the EPD to deny a permit once site suitability has been approved in the applicant's favor. See Dkt. No. 58-1. This evidence more than establishes these issues are ripe for judicial resolution.

### III. Defendants are not Entitled to Official Immunity Because Plaintiff is Suing Them in Their Individual Capacities

Defendants next argue that they are entitled to official immunity for claims against them in their individual capacities seeking prospective relief. Dkt. No. 140 at 7. They argue the "real party in interest rule"[1] bars this type of claim. Id. The

---

[1] The "real party in interest rule" is a limitation upon suing government officials in their individual capacities. This rule provides sovereign immunity for government officials sued in their individual capacities

7

Court continues to find the rule's limitation does not extend to Plaintiff's claims against Defendants in their individual capacity.

Defendants cite to Board of Commissioners of Lowndes County v. Mayor & Council of Valdosta, acknowledging the Georgia Supreme Court applied a narrow version of the real-party-in-interest rule. Dkt. No. 140 at 7-8; see also Mayor of Valdosta, 848 S.E.2d at 861 (stating the rule applies it "primarily" to the state's real property rights and contractual obligations). Defendants argue, however, that the reasoning for permitting certain individual capacity claims does not apply here because "this is not a suit 'against an individual stripped of his official character.'" Dkt. No. 140 at 7-8 (quoting Mayor of Valdosta, 848 S.E.2d at 860). They argue "the injunction can only be entered because of and enforced against County Commissioners' official actions in governing the County." Id.

Defendants' argument fails largely because of the holding espoused in Mayor of Valdosta. 848 S.E.2d at 861. This limitation has been *narrowly* applied to situations "when the claimed relief would control or take the State's *real property* or *interfere with*

---

if the relief sought would "actually control the actions of the State," such that the State is the "real party in interest." Board of Commissioners of Lowndes County v. Mayor & Council of Valdosta, 848 S.E.2d 857, 858-859 (Ga. 2020).

*contracts to which the State is a party.*" Mayor of Valdosta, 848 S.E.2d at 858 (emphasis added). The relief sought here does not involve the State of Georgia's property. Nor does it interfere with the State's contracts—Plaintiff does not seek to enjoin any contracts or interfere with any such contracts. Dkt. No. 135 at 37.

Defendants attempt to move around these deficiencies by arguing that Plaintiff's claims cannot be against them in their individual capacities because those claims are against the County's governing body. Dkt. No. 140 at 8. This argument ignores that the Defendants are "acting under color of office *but without lawful authority and beyond the scope of official power*," the exact situation which the Georgia Supreme Court explained "strip[s an individual] of his official character." Mayor of Valdosta, 848 S.E.2d at 860. Defendants' argument would make it impossible for a citizen to reign in certain state government officials who act outside their lawful authority, and this Court will not ignore clear state law to make this so.

**IV. The Void-for-Vagueness Claim is not Moot**

Finally, Defendants argue this Court erred in finding Plaintiff's claim against the 2016 Zoning Ordinance was not mooted by Defendants' adoption of the 2017 Zoning Ordinance. Dkt. No. 140 at 8-11. They argue that since this Court found the 2016

9

Zoning Ordinance vague on its face, the 2017 Zoning Ordinance's adoption necessarily mooted this claim. Id. at 8. However, this argument ignores the fact that Plaintiff's rights vested in 2016, rather than 2017, and thus its challenge to the Zoning Ordinance which governed at the time cannot be mooted by Defendants' later passing another Zoning Ordinance.

Defendants argue that "a challenge becomes moot when the challenged policy was repealed by the governmental authority and there was no reasonable expectation that the governmental authority would return to the prior policy." Id. at 10 (quoting Stardust, 3007 LLC v. City of Brookhaven, No. 1:14-CV-03534, 2016 WL 11544441, at *18 (N.D. Ga. Sept. 29, 2016)). And while Defendants claim they do not intend to return to the 2016 Zoning Ordinance, this contention is belied by the fact that they are intending to apply their regulations to Plaintiff. See Dkt. No. 66 at 79-80; Dkt. No. 114 at 34 ("Defendants insist that Plaintiff must comply with the Heavy Industrial zoning allegedly placed on the Property pursuant to the September 8, 2016 Zoning Ordinance."). Given that Plaintiff's rights vested while the 2016 Zoning Ordinance controlled, and that Defendants intend to apply their Zoning Ordinance regulations to Plaintiff and Plaintiff's property, a live controversy exists upon which the Court can grant meaningful relief. Indeed, it is exactly *because* there are legal

deficiencies with the 2016 Zoning Ordinance that Plaintiff's void for vagueness challenge is not moot.

## CONCLUSION

For the above stated reasons, Defendants' Motion for Reconsideration, dkt. no. 140, is **DENIED**. The Court notes that Plaintiff has a pending Motion for Attorneys' Fees, dkt. no. 135, which is based upon this Court's Order granting Plaintiff's Motion for Preliminary Injunction, dkt. no. 114. That Order is on appeal to the Eleventh Circuit. See Dkt. No. 117. Plaintiff's Motion for Attorneys' Fees is **DENIED** without prejudice at this time. Plaintiff shall be permitted to re-urge its motion upon resolution of the interlocutory appeal.

**SO ORDERED** this 10th day of March, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA