IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC,<br><br>Plaintiff,<br><br>V.<br><br>BRANTLEY COUNTY, GEORGIA, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 5:19-CV-00109-LGW-BWC |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Brantley County, Georgia, Chris "Skipper" Harris, Randy Davison, Brian Hendrix, Jesse Mobley, and Ray Griffin[1], ("Defendants" or "the County") file this Reply Brief in Support of their Motion for Summary Judgment. While replete with ad hominem attacks, Plaintiff's brief does nothing other than assume the Court will rule in its favor on all counts. With the admission that it is not seeking damages, and the application of the law to the undisputed facts, there is no justification to deny Defendants' motion for summary judgment.

### I.   STATEMENT OF FACTS AND PROCEDURE

The claims which remain after the Court's ruling on Defendants' motion to dismiss (Doc. 135) are the state law vested rights claim and the void for vagueness due process claim against Defendants in their individual capacities, for prospective injunctive and declaratory relief. (Doc. 135, pp. 34, 37, 58, 68.) It is on these claims Defendants moved for summary judgment.

---

[1] Ray Griffin is no longer a Brantley County Commissioner.

## II.     ARGUMENT AND CITATION TO AUTHORITY

A.     **Plaintiff Lacks Standing**[2]

### 1. Void for Vagueness Claim – 2016 Zoning Ordinance

In its response memorandum of law, Plaintiff does nothing to point to actual evidence in the record that the County's 2016 Zoning Ordinance has ever been applied to it in any manner whatsoever to impede its attempt to develop a landfill on one of the parcels it owns in the County. Plaintiff only cites to this Court's order on Plaintiff's Motion for Preliminary Injunction to state that Defendants "insist that Plaintiff must comply with the Heavy Industrial Zoning" and "Defendants refuse to reaffirm verification of zoning consistency." (Doc. 114, pp.32, 34.) Citation to the order is not a substitute for citing to evidence in the record to oppose a motion for summary judgment. *See* Fed. R. Civ. P. 56.

The Court was not citing to evidence in its order when it cited to Doc. 66 at page 79-80 and Doc. 83 at page 5. (Doc. 114, p.34.) Document 66 at pages 79-80 is a transcript from the hearing on Plaintiff's Motion for Preliminary Injunction and is not a statement that Plaintiff must comply with Heavy Industrial Zoning at all. Rather, it is Defendants' attorney responding to a question from the Court, stating that the County would be bound to whatever zoning Plaintiff was vested in *if* it were so vested and that the problem involved is not the type of zoning. (Doc. 66, pp.79-80.) Document 83 at page 5 is Plaintiff's Supplemental Brief in Support of its Motion for Preliminary Injunction, and it simply cites to the above portion of the hearing transcript. Below is the quote from the colloquy between the Court and counsel for the County, with emphasis added:

---

[2] Defendants acknowledge the Court has preliminarily ruled on the issue of Plaintiff's standing, but the Court can reevaluate Defendants' arguments at any point prior to the case being concluded. Plaintiff's counsel's calling Defendants (and presumably their counsel) "stubborn" is not a substantive legal argument that should dissuade the Court from evaluating this portion of Defendants' motion for summary judgment.

>MS. MAINE: Since we're on the record, I just would like to clarify for the record that I'm not saying that the property is not zoned light industrial. What I was saying is that the County would not -- **would not be against the landfill based on the wrong zoning.**
>THE COURT: Wait a minute. Break that down for me.
>MS. MAINE: The property is still zoned light industrial but we understand that they would have a vested right --
>THE COURT: I see.
>MS. MAINE: -- based on that property -- it would be, for purposes of the County's consideration, or if there is any consideration -- I don't know that there's any other consideration -- but the County isn't, would not be in a position to say it's the wrong zoning, so it is still zoned light industrial, but they have a vested right to the previous zoning for what was -- what they applied for.
>THE COURT: So you would concede that zoning wise, it's appropriate.
>MS. MAINE: Your Honor, they didn't -- it is appropriate zoning wise for purposes of the heavy industrial zoning. For that purpose, it is -- it would be the heavy industrial zoning as applies to that property.
>THE COURT: But you contend there's other zoning problems --
>MS. MAINE: Yes, Your Honor.
>THE COURT: -- with this. I understand.
>MS. MAINE: Yes, Your Honor.
>THE COURT: It's not the heavy/light part that's the hangup?
>MS. MAINE: No, Your Honor.
>THE COURT: It's other things.
>MS. MAINE: We're bound to that heavy industrial for **whatever they're vested in, whatever that would be**.

The undersigned might have misunderstood the Court's question, but the County has never taken the position the zoning of Plaintiff's property was the reason for its opposition to the landfill permit. There is no evidence in the record of any County action taken with reference to the permit application and the zoning on the property – whether as heavy industrial, light industrial, or any zoning category. The County's consistent position has been the lack of compliance with the SWMP and the resulting ineffectiveness of the 2015 consistency letters. The County recognizes the doctrinal concept of vested rights – the property owner is permitted to develop the property in the manner in which it is vested, regardless of subsequent legislation.

Plaintiff's statement that Defendants refuse to reaffirm verification of zoning consistency is incorrect. Defendants provided a reaffirmation letter of zoning consistency to the EPD and filed

- 3 -

it with this Court. (Doc. 153.) Plaintiff acknowledged the reaffirmation letter in a subsequent filing and in its response to Defendants' Motion for Summary Judgment. (Doc. 155; Doc. 169, p.14.) Plaintiff thus has not asserted standing with respect to the 2016 Zoning Ordinance.

Any attempt on Plaintiff's part to hook its standing to its challenge to the 2017 Zoning Ordinance should be disregarded because this Court dismissed that claim. (Doc. 135, pp.41-50, 68-70.).

Plaintiff, however, appears to argue it has standing to pursue undetermined claims because its property was rezoned in 2017. Without dispute, the property was rezoned. Plaintiff has not filed an appeal of the rezoning. The propriety of that zoning is not enveloped in any claim before this Court. If Plaintiff's rights have vested prior to the adoption of that zoning ordinance as it contends, then under the equitable doctrine of vested rights, the County will not be permitted to require Plaintiff to have the property rezoned or otherwise comply with requirements in the ordinance that conflict with its project that were not in existence at the time its rights vested. The existence of vested rights does not require the County to never amend a zoning ordinance or never rezone property. It simply means a property owner is permitted to develop its property under the law as it existed previously. *Meeks v. City of Buford*, 275 Ga. 585, 587 (2002).[3]

**B.     The County's Conduct Did Not Impede EPD's Processing of the Permit.**

Plaintiff continues to erroneously allege it has standing due to the County purportedly delaying the EPD's issuance of the permit. It cites almost entirely to this Court's Order granting Plaintiff's Motion for Preliminary Injunction, (Doc. 114), which cannot support a factual position in a motion for summary judgment. Fed. R. Civ. P. 56. There is not a scintilla of evidence in the record that the County's actions delayed the EPD's processing of Plaintiff's application. Again,

---

[3] Defendants incorporate arguments regarding standing from previous briefs as additional reasons that Plaintiff lacks standing. (Doc. 48, pp8-13; Doc. 55, pp.3-7; Doc. 87, pp.6-9; Doc. 150, pp.3-8.)

a lot of these citations relate to the purported failure to issue reaffirmation letters, an issue which was cured a full *six months* before the EPD decided to issue Plaintiff a permit. (Doc. 153; Doc. 164.) Plaintiff cannot allege that the EPD was just waiting on the reaffirmation letter to make its decision.

Moreover, the *undisputed evidence* shows the County did *not* cause any delay in the EPD's processing of Plaintiff's application. (Doc. 88-5, p.35) ("Q. Do you have any knowledge of EPD hindering the application process? A. No."); (*id*. at 37) ("Q. Are you aware of any delay? A. No.") After Plaintiff submitted its required D&O Plan to the EPD on August 26, 2021, (Docs. 136, 136-1), the EPD went through its "involved" process of "thoroughly review[ing]" Plaintiff's D&O plan. (Doc. 88-5, pp. 39:12-24, 49:17-24.)  And on May 9, 2022, the EPD issued Plaintiff its desired solid waste handling permit. (Doc. 164-1.)

As the EPD itself testified, the County has *not* delayed the permit application review process and the County did *not* cause the EPD to require any extra expenditure. (Doc. 88-5, pp. 35:10-21,37:6-39:2.)  This makes sense, because the County has no input in the permit review process and the County clearly did not prevent Plaintiff from obtaining the permit.

Finally, Plaintiff alleges that it needs relief because the County's regulatory actions and other conduct "continue to hinder, thwart, frustrate and delay Plaintiff's permit." (Doc. 169, p.15.) Plaintiff has no support for this statement and the permit has already been issued.

**C.     Plaintiff Did Not Obtain Vested Rights**

The only way Plaintiff could have obtained the vested right to build a landfill is if the consistency letters were valid, because vested rights are based on the theory of estoppel. *See Union Cty. v. CGP, Inc.*, 277 Ga. 349, 589 S.E.2d 240, 242 (2003). A vested right is "the right to initiate or continue the establishment of a use or construction of a structure which, when completed, will be contrary to the restrictions or regulations of a recently enacted zoning ordinance. If a vested

right to initiate the use or complete construction is found to exist, the use or structure will generally be allowed to continue as a protected nonconforming use." 4 Rathkopf's The Law of Zoning and Planning § 70:2 (4th ed.).

The consistency letters were the only action the County ever took which could have constituted an approval or assurance by the County regarding Plaintiff's landfill, and the letters were only valid if the SWMP requirements were met. [4]

The SWMP requirements were not met. Therefore, the consistency letters were issued ultra vires and anything based on them, including the EPD permit application, could not create vested rights for Plaintiff.  The 2016 permit application could not confer vested rights because Plaintiff did not comply with the SWMP, which is state law.  *See* Doc. 167, pp.17-21.

The Georgia Supreme Court stated that the issuance of a building permit "results in a vested right only when the 'permit has been legally obtained and is valid in every respect,' and has been 'validly issued.' Where a permit is issued by a governing body in violation of an ordinance, *even under a mistake of fact*, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise an estoppel." *Matheson v. DeKalb Cty.*, 257 Ga. 48, 49, 354 S.E.2d 121 (1987) (emphasis added). The County never issued Plaintiff a building permit here.  But even if Defendants were mistaken that the theoretical landfill for which there were no written plans was in compliance with the SWMP, it was not. The consistency letters were issued in violation of the SWMP and thus created no vested rights.

The Georgia Supreme Court ruled the same way when a county approved building plans without realizing they violated flood ordinances. Unofficial and official approval of the landowner's plans without regard to the restrictions of the flood ordinances would "frustrate the

---

[4] Plaintiff incorporated previous arguments regarding vested rights. In response, Defendants hereby incorporate their own previous arguments. (Doc. 48, pp.15-18; Doc. 55, pp.10-12; Doc. 87, pp.17-23; Doc. 150, pp.8-16.)

County's duty to its residents to enforce the law," and the fact that the flood ordinance was in place when the landowner began development "prevented the accrual of vested rights to development free of the restrictions imposed by the ordinance." *Union Cty. v. CGP, Inc.*, 277 Ga. 349, 351-352, 589 S.E.2d 240 (2003). The SWMP was in place when Plaintiff sought the initial consistency letters from the County, and violation of the SWMP "prevented the accrual of vested rights to development free of the restrictions imposed by the ordinance."

This is because "[a] governing authority may not be estopped regarding an ultra vires act." *City of Warner Robins v. Rushing*, 259 Ga. 348, 348, 381 S.E.2d 38, 39 (1989). *See* O.C.G.A. § 45-6-5 ("Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power"). *See also Corey Outdoor Advertising v. Bd. of Zoning*, 254 Ga. 221, 224, 327 S.E.2d 178, 182 (1985) (stating that "equitable estoppel will not apply so as to frustrate or contravene a governmental function of a governmental unit"); *City of Calhoun v. Holland*, 222 Ga. 817, 819, 152 S.E.2d 752, 754 (1966) ("In dealing with public agents, every person must take notice of the extent of their powers at his peril.") (punctuation and citation omitted).

As Plaintiff noted in its brief, vested rights may exist when a "landowner, relying in good faith upon some act or omission of *the government*, has made a substantial change in position or incurred such extensive obligation and expenses that it would be highly inequitable and unjust to destroy the rights he has acquired." *North Ga. Mountain Crisis Network, Inc. v. City of Blue Ridge*, 248 Ga. App. 450, 452, 546 S.E.2d 850, 852 (2001) (citation omitted) (emphasis added). In other words, after a *local government* approves a development project, the *local government* is estopped from enforcing laws passed after such approval when the laws would prohibit the development. The "government" in this case is the County. Plaintiff did not send the EPD permit application to

the County, so the County could not have approved it. The County cannot be estopped based on Plaintiff's transmission of a document to an entity unrelated and unconnected to the County.

Plaintiff alleges that the County does not address its contention that Plaintiff gained a vested right by the submission of its EPD permit application on December 29, 2016. This is incorrect. The County has demonstrated how Plaintiff failed to comply with conditions precedent to filing for an EPD permit in its initial brief. With this failure, Plaintiff cannot obtain vested rights.

The EPD permit application could not create vested rights, thus estopping County action, unless it was connected to a valid approval of an application *to the County*. As discussed above, the EPD permit application could only create vested rights if the consistency letters were valid, because the consistency letters are the only purported "approval" by the County. Plaintiff did not present anything in writing to the Board of Commissioners before or after the February 5, 2015 vote on the consistency letters. (Doc. 88-4, p.134) ("Q. Have you, to this day, ever submitted anything to the county for the county's review? …A. In writing? No.") The County never issued anything related to Plaintiff's property other than the consistency letters.

The EPD permit issued on May 9, 2022 could not create vested rights, either, as it was not issued by or submitted to the County. The cases cited to in Plaintiff's brief that found vested rights all involve a local government granting a permit to a landowner and the *same local government* being estopped from interfering with the landowner's vested rights. The EPD permit application and EPD permit were not issued by the County. There is no basis in Georgia law to assert that a local government is estopped from acting because a property owner applied for a permit with a completely separate entity without ever seeking a permit from the government it seeks to be estopped.

Plaintiff did not obtain vested rights through informal approval. "A landowner has a right to develop property where the property was purchased in reliance upon the assurance of one county

commissioner that the property was zoned for the use intended, the development plan was in accordance with the existing zoning and was approved, albeit informally, by the county commissioners, and the landowner has expended money in reliance upon the development plan and the existing zoning." *WMM Properties, Inc. v. Cobb Cty.*, 255 Ga. 436, 439, 339 S.E.2d 252, 255 (1986).

Here, there was no "development plan" to speak of. (Doc. 88-4, p.133) ("Q. … Where is the documentation of your proposal that was considered on the 5th of February 2015? … [Y]ou didn't present anything in writing to the board, correct? [A.] That is correct."); (*id*. at 135) ("Q. You did not have any plans, specific plans as of the 5th of February 2015, for what you were going to do, specifically, on the Property, correct, other than you knew that, generally, you wanted a landfill somewhere? [A.] We had no concrete plans.")

And if there was any "use intended" by the consistency letters, it was the Magnolia Holdings Business Park referenced in the letters. (Doc. 100, Exs. 6-7.) These letters did not verify that Plaintiff's solid waste handling facilities as described in its EPD permit application were consistent with the County's zoning or SWMP, as Plaintiff's EPD permit application is not located at the former Magnolia Holdings Business Park. Magnolia Holdings Business Park is a 89.65-acre project site located <u>north</u> of Highway 82. (Doc. 87-8.) If the Court considers the consistency letters as creating vested rights, what would be vested is the Magnolia Holdings project.

Plaintiff also did not obtain vested rights through official assurances. In *Brown v. Carson*, 872 S.E.2d 695, 697 (2022), for example, a property owner showed a zoning official a proposed subdivision. Though the zoning official confirmed that the proposed development complied with then-existing zoning, and even though the property owner then purchased the property and spent money toward its development in reliance on those statements, the Georgia Supreme Court said there were no "official assurances" and no vested right to build the development. *Id*. at 698. To

gain a vested right through "official assurances," as Plaintiff attempts to do here, a landowner must show, in part, "'reliance upon *the probability* of the issuance of a building permit,' meaning that the alleged assurance requires a representation that a building permit *will likely issue* in the future." *Id*. (quoting *Cohn Cmtys., Inc. v. Clayton Cty.*, 257 Ga. 357, 358, 359 S.E.2d 887, 889 (Ga. 1987)) (emphasis in original). The court in *Brown* found "no assurance from Brown that a building permit would probably issue or that the county would not change the property's zoning." *Id*. Here, too, the County has never assured Plaintiff that a building permit would probably issue or that the county would not change the property's zoning. As discussed above, the County could not have assured Plaintiff that a building permit would probably issue, as Plaintiff has never submitted anything in writing, let alone specific development plans, to the County. (Doc. 88-4, p.133-134.) Plaintiff has admitted it had "no concrete plans" when the consistency letters were issued. (*Id*. at 135.) Plaintiff certainly never requested a building permit from the County.

### D. No Void for Vagueness Claim

Plaintiff asserts a facial void for vagueness claim as to the 2016 Zoning Ordinance, as it asserts that the absence of maps in the record[5] makes the 2016 Ordinance void in all applications. The adoption of the 2017 Zoning Ordinance makes this facial claim moot. "As the Eleventh Circuit has held, 'a challenge becomes moot when the challenged policy was repealed by the governmental authority and there was no reasonable expectation that the governmental authority would return to the prior policy.'" *Stardust, 3007 LLC v. City of Brookhaven,* 2016 U.S. Dist. LEXIS 196088, *55-*56 (N.D. Ga. Sept. 29, 2016) (quoting *Granite State Outdoor Adver. Inc. v. City of St. Pete Beach,* 322 F. Supp. 2d 1335, 1341 (M.D. Fla. 2004)).

---

[5] Defendants concede that its records do not show that a map was included in the records of the adoption of the 2016 Zoning Ordinance.

Plaintiff insists that the void for vagueness claim is not moot because the County continues to apply the 2016 Zoning Ordinance to its property. Plaintiff's only support is, again, to quote the Court's Order granting Plaintiff's Motion for Preliminary Injunction (Doc. 114, p.34) and the transcript of the hearing on Plaintiff's Motion for Preliminary Injunction. (Doc. 66, pp.79-80.) Neither of these are permissible for use as factual support in a motion for summary judgment. *See* Fed. R. Civ. P. 56.  And again, this portion of the transcript is not a statement that Plaintiff must comply with Heavy Industrial Zoning. Instead, it is a statement from Defendants' attorney that the County would be bound to whatever zoning Plaintiff was vested in *if* it were so vested, and that the problem involved is not the type of zoning. (Doc. 66, pp.79-80.)

Moreover, the standard for evaluating evidence at the preliminary injunction stage is quite different than the motion for summary judgment stage. At this stage, Plaintiff must point to evidence in the record to support its factual position.  There is *no evidence* in the record that the 2016 Zoning Ordinance has ever been applied to prevent Plaintiff from building a landfill.

### E.     Plaintiff's Desired Injunction Is Impermissibly Broad

Oddly, Plaintiff professes to supplement to its own motion for summary judgment[6] via its response memorandum of law.  The Court should not permit this sleight of hand.  Defendants address this supplemental argument out of an abundance of caution.  Plaintiff asks for a permanent injunction that the County be prohibited from applying the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 Zoning Ordinance, the 2017 SWMP, the 2020 SWMP, and the 2021 SWMP to Plaintiff's property.  Plaintiff essentially asks the Court to rule that the County may never regulate any part of Plaintiff's property in any way, presumably for eternity.  This request is premature, impermissibly broad, and is far beyond the bounds of Plaintiff's claims.

---

[6] Defendants respond to Plaintiff's supplement to its motion for summary judgment here.

Were an injunction to issue, it must be limited to Plaintiff's alleged vested right. Any injunction must therefore be limited to the portion of Plaintiff's property that constitutes the permitted landfill, and any limitations of what zoning and other regulations the County may enforce must also be limited to just those which would interfere with the permitted landfill. To the extent County regulations require pre-construction permitting, Plaintiff may have to comply. Any such speculation about what Plaintiff will build, when, and where make the Court's ruling on future events premature and beyond the scope of this litigation.

Additionally, Plaintiff only applied for and received an EPD permit to build a specific landfill on the south tract of its property. Under Plaintiff's requested injunction, it could decide to build a second or third landfill or any other project on some other part of its property ten or thirty years in the future, and the County could enforce no zoning or SWMP regulations on any part of the property. This is clearly too broad.

An injunction also could not prevent the property from being zoned. For instance, if Plaintiff were to later file bankruptcy or sell the property, the County is required to protect its citizens by having the property zoned now. If Plaintiff has a vested right, then it would be exempt from zoning restrictions to the extent of that vested right, but it would not prevent the property itself from being zoned.

## **CONCLUSION**

Plaintiff has one single federal claim – Fourteenth Amendment substantive due process related to the County's adoption of the 2016 Zoning ordinance that did not incorporate zoning maps by sufficient reference. There is absolutely no evidence in the record that the 2016 Zoning Ordinance have interfered with Plaintiff's singular goal of locating a landfill on its property in Brantley County. With no injury, Plaintiff lacks standing to have this Court render what essentially results in an advisory opinion. As for the only other remaining claim, one for state law vested

rights, if the Court determines it is appropriate to retain jurisdiction over the claim instead of returning this matter to the Superior Court where Plaintiff began this journey, the undisputed facts demonstrate Plaintiff did not acquire vested rights.  For the reasons discussed herein, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment.

This 6th day of July, 2022.

        **FREEMAN MATHIS & GARY, LLP**

        */s/ Dana K. Maine*
        DANA K. MAINE
        Georgia Bar No. 466580
        dmaine@fmglaw.com
        ROBERT P. MARCOVITCH
        Georgia Bar No. 469979
        Robert.Marcovitch@fmglaw.com
        RACHAEL SLIMMON
        Georgia Bar No. 831661
        rslimmon@fmglaw.com

        *Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT to the Clerk of Court using the *CM/ECF* system which will automatically send electronic mail notification of such filing and service to the following counsel of record:

| | |
|---|---|
| L. Robert Lovett<br>Lovett Law Group<br>5400 Riverside Drive, Suite 203<br>Macon, GA 31210<br>Bob@LovettLawGroup.com | George Rountree<br>Brown Rountree, P.C.<br>26 North Main Street<br>Statesboro, GA 30458<br>george@br-firm.com |
| Kyler L. Wise<br>Wilson Brock & Irby, LLC<br>2849 Paces Ferry Road, Suite 700<br>Atlanta, GA 30339<br>kwise@wbilegal.com | Mark D. Johnson<br>Gilbert, Harrell, Sumerford & Martin, PC<br>PO Box 190<br>Brunswick, GA 31521-0190<br>mjohnson@gilbertharrelllaw.com |

This 6th day of July, 2022.

/s/ Dana K. Maine
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
20095713