IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC | : : : |
| Plaintiff, | : : |
| vs. | : CASE NO. 5:19-CV-00109 : |
| BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners, | : : : : : : : : : : |
| Defendants. | : |

**PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Now Comes Plaintiff, Brantley County Development Partners, LLC ("Plaintiff"), by and through its undersigned counsel, and hereby moves pursuant to Fed. R. Civ. P. 54, L.R. 54.2 and 42 U.S.C. § 1988 for an award of attorney's fees against the Defendants. Plaintiff originally filed a Motion for Award of Attorney's Fees and Memorandum of Law in Support Thereof ("Motion for Attorney's Fees") on May 27, 2021. [Doc. 116]. On June 28, 2021, Plaintiff timely filed Fee Affidavits from counsel and the Expert Witness Report of James B. Durham in support of the Motion for Attorney's Fees. [Doc. 127].

The Motion for Attorney's Fees was based upon this Court's Order granting Plaintiff's Motion for Preliminary Injunction. [Doc. Nos. 114 & 159]. On May 27, 2021, Defendants filed an Appeal from the Order granting Plaintiff's Motion for Preliminary Injunction. [Doc. 117]. On

March 10, 2022, this Court denied the Motion for Attorney's Fees without prejudice, but stated "Plaintiff shall be permitted to re-urge its motion [for attorney's fees] upon resolution of the interlocutory appeal." [Doc. 159, p. 11]. As this Court knows, on July 27, 2022, the Eleventh Circuit Court of Appeals entered an order dismissing Defendants' appeal as moot, leaving undisturbed this Court's Order granting Plaintiff's Motion for Preliminary Injunction and remanding the case for further proceedings. [Doc. 172]. On July 28, 2022, this Court entered an order making the mandate of the Eleventh Circuit Court of Appeals the judgment of this Court. [Doc. 173]. Accordingly, Plaintiff hereby renews its Motion for Attorney's Fees and as grounds therefore, Plaintiff shows this Honorable Court as follows:

## BACKGROUND AND STATEMENT OF FACTS

With this suit, Plaintiff has challenged the constitutionality of various regulatory actions taken by Defendants which, among other things, have obstructed, hindered and delayed Plaintiff's EPD permit application and damaged Plaintiff's constitutionally protected vested property right. As a result, Plaintiff sought redress with this Court pursuant to 42 U.S.C. § 1983.

On May 14, 2021, this Court entered an Order granting Plaintiff's Motion for Preliminary Injunction. [Doc. 114]. With the Order, the Court found it undisputed that Plaintiff acquired vested rights no later than December, 2016, that Plaintiff demonstrated a substantial likelihood that the 2016 Zoning Ordinance is unconstitutionally vague and thus invalid from inception, that Defendants' regulatory actions beginning in 2017 and continuing through 2020 cannot be retroactively applied to impair Plaintiff's vested rights, and the Court entered injunctive relief forbidding Defendants from applying the 2016 Zoning Ordinance and subsequent regulatory actions to Plaintiff's land and ordering Defendants "to issue the reaffirmation of zoning

consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a)". [See Doc. 114, generally and p. 52 for quote].

Defendants filed a Notice of Appeal on May 27, 2021 and after briefing from both parties, Plaintiff filed a Motion to Dismiss the Interlocutory Appeal as Moot on May 10, 2022, after the Georgia Environmental Protection Division ("EPD") approved Plaintiff's EPD Application and issued Plaintiff a solid waste handling permit. With the interlocutory appeal now settled and on the basis of the Court's May 14, 2021 Order, Plaintiff now timely moves for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## ARGUMENT AND CITATION TO AUTHORTY

Section 1988(b) of 42 U.S.C. provides: "[i]n any action or proceeding to enforce a provision of sections … 1983 … of this title, … the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the cost…"

**A. Plaintiff is a "prevailing party" for purposes of triggering 42 U.S.C. § 1988.**

A prevailing party in a civil rights case is entitled to an award of attorney's fees under 42 U.S.C. § 1988 and the touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Bird v. Sumter Co., 1:12-CV-76 (M.D. Ga. April 3, 2014). The Eleventh Circuit "has interpreted this language to require either (1) a situation where a party has been awarded by the court at least some relief on the merits of the claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." Bird, p. 2 (citing Common Cause/Georgia v. Billups, 554 F.3d 1340, 1356 (11th Cir. 2009)). A preliminary injunction on the merits entitles one to prevailing

3

party status and an award of attorney's fees unless it is reversed, dissolved or otherwise undone by final decision. Id. (citing Common Cause, 554 F.3d at 1356). [1]

Here, Plaintiff is a "prevailing party" because this Court explicitly found a substantial likelihood that Plaintiff will ultimately prevail on its claims. [Doc., 114, pp. 20-44]. See Bird, p. 2 (citing Dahlem v. Bd. of Educ., 901 F.2d 1508 (10th Cir. 1990) (finding plaintiff was a prevailing party because the district court's order granting preliminary injunctive relief explicitly stated there was a substantial likelihood that the plaintiff would ultimately prevail on his claim)). In addition to its vested rights claims, this Court found a substantial likelihood that Plaintiff will prevail on its claims that the 2016 Zoning Ordinance is void for vagueness under the due process clause of both the United States and Georgia Constitutions. [Doc. 114 at 35-39]. Thus, contrary to Defendants' previous argument, this Court granted Plaintiff relief with respect to its Section 1983 claim that the 2016 Zoning Ordinance is unconstitutionality vague.

Because the Court found a substantial likelihood that the 2016 Zoning Ordinance is unconstitutionally vague and thus void from its inception, Plaintiff's Section 1983 void for vagueness claim was clearly addressed by the Preliminary Injunction, triggering Section 1988 for an award of attorney's fees. In addition, Section 1988 is applicable here because Plaintiff's vested rights claim and its claim that the 2016 Zoning Ordinance is unconstitutionally vague all arise from a common nucleus of operative facts. See Rogers Group, Inc. v. City of Fayetteville, 683 F.3d 903, 908 (8th Cir. 2012); Kimbrough v. Arkansas Activities Assoc., 574 F.2d 423, 426 (8th Cir. 1978); Southwestern Bell Tele. Co. v. City of El Paso, 346 F.3d 541, 551 (5th Cir. 2003).

---

[1] As noted, the Eleventh Circuit Court of Appeals left the Order granting preliminary injunction intact and undisturbed.

4

Moreover, Plaintiff is a prevailing party under 42 U.S.C. § 1988 because this Court's May 14, 2021 Order changed the legal position of the parties by its grant of injunctive relief. See Bird, pp. 4-5 (citing Rogers Group v. City of Fayetteville, 683 F.3d 903 (8th Cir. 2012) (finding that plaintiff was a prevailing party because the preliminary injunction blocked the defendant from enforcing an ordinance, a preliminary injunction is an appealable order under 28 U.S.C. § 1292(a)(1) and the plaintiff received the exact judicial relief it sought – a preliminary injunction that enjoined the implementation and enforcement of a particular ordinance).

Prior to the entry of the Preliminary Injunction, Plaintiff was in legal limbo as Defendants refused to issue the reaffirmation of zoning consistency to the Georgia EPD as required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a), a necessary step for the Georgia EPD to render a final decision on the permit. The Preliminary Injunction changed the relationship between the parties by, among other things, expressly ordering Defendants to issue the reaffirmation of zoning consistency and enjoining them from applying the July 9, 2020 Resolution, the 2016 Zoning Ordinance, the 2017 SWMP and the 2020 SWMP. After Defendants ultimately obeyed the Preliminary Injunction Order, Plaintiff successfully obtained issuance of the permit from the Georgia EPD. Thus, a substantial shift in the status quo between the parties occurred as a result of the issuance of the Preliminary Injunction, further triggering application of Section 1988.

Accordingly, as Plaintiff is a prevailing party under the Court's May 14, 2021 Order, and confirmed by the Eleventh Circuit's dismissal of Defendants' appeal of said order, this timely Motion for award of attorney's fees under 42 U.S.C. § 1988 is proper and Plaintiff is entitled to an award of attorney's fees against Defendants in an amount to be determined by the Court.

**B. Plaintiff adopts and incorporates herein by reference its Fee Affidavits and Expert Witness Report of James B. Durham in support of this Renewed Motion for Attorney's Fees.**

On June 28, 2021, with its Notice of Filing, Plaintiff filed the Affidavits of Kyler L. Wise, Mark D. Johnson, L. Robert Lovett and George H. Rountree as evidence in support of its Motion for Attorney's Fees. [Doc. 127]. Also on June 28, 2021, Plaintiff filed the Expert Witness Report of James B. Durham in support of the Motion for Attorney's Fees. [Id.]. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts and incorporates herein by this reference all of the filings located at Docket 127 as if fully set forth herein in support of Plaintiff's Renewed Motion for Attorney's Fees.

**C. Pursuant to Local Rule 54.2, Plaintiff will supplement this Renewed Motion for Attorney's Fees to provide evidence as to the amount of any additional attorney's fee due.**

Local Rule 54.2(c) says: "Within 30 days (or such other period as the Court may prescribe) after entry of the final judgment, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." [2]

Local Rule 54.2 does not supersede Fed. R. Civ. P. 54 and its fourteen (14) day deadline for filing a motion for attorney's fees. However, "[t]he thirty-day period described in Local Rule 54.2(c) applies not to the initial motion for attorney's fees, but to any supplemental documentation needed for an award of attorney fees." Ingram v. AAA Cooper Transp., Inc., 1:14-CV-142, p. 9 (S.D. Ga. September 26, 2016).

---

[2] Under the "lodestar" method, this evidence is needed to determine the appropriate amount of an award of attorney's fees. See Bird, pp. 5-6.

Accordingly, pursuant to Local Rule 54.2, Plaintiff will supplement the Renewed Motion for Attorney's Fees with the appropriate documentary evidence needed for the Court to determine the amount of any additional attorney's fees to be awarded, beyond those evidenced by the June 28, 2021 filings found at Docket No. 127.

WHEREFORE, Plaintiff respectfully requests that the Court inquire into and grant this Motion for Attorney's Fees. Plaintiff respectfully requests such other, further and different relief to which it may be entitled.

Respectfully Submitted, this 3rd day of August, 2022.

LOVETT LAW GROUP, LLC

By: /s/ L. Robert Lovett
L. Robert Lovett
Georgia Bar No. 459566
5400 Riverside Drive
Suite 203
Macon, Georgia 31210
(478) 476-4500
bob@LovettLawGroup.com

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: /s/ Mark D. Johnson
Mark D. Johnson
Georgia Bar No. 395041
Post Office Box 190
Brunswick, Georgia 31521-0190
(912) 265-6700
mjohnson@gilbertharrelllaw.com

BROWN ROUNTREE PC

By: */s/ George Rountree*
    George Rountree
    Georgia Bar No. 616205
    26 North Main St
    Statesboro, Georgia 30458
    (912) 489-6900
    georgia@br-firm.com

WILSON BROCK & IRBY, L.L.C.

By: */s/ Kyler L. Wise*
    Kyler L. Wise
    Georgia Bar No. 77128
    2849 Paces Ferry Road SE
    Suite 700
    Atlanta, Georgia 30339
    (404) 853-5050
    kwise@wbilegal.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing pleading via electronic service through the e-filing system and by placing a copy of same in the United States Mail, properly addressed with adequate postage thereon upon:

Dana K. Maine
Robert Markovitch
Rachael Slimmon
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

This 3rd day of August, 2022.

*/s/ Mark D. Johnson*
Mark D. Johnson