IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC, <br><br> Plaintiff, <br> v. <br><br> BRANTLEY COUNTY, GEORGIA, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 5:19-CV-00109-LGW-BWC |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES

COME NOW Defendants Brantley County, Georgia, Chris "Skipper" Harris, Randy Davison, Brian Hendrix, Jesse Mobley, and Ray Griffin[1] ("Defendants" or "County"), by and through the undersigned counsel, and file this Memorandum of Law in Opposition to Plaintiff's Renewed Motion for Attorneys' Fees and the supporting document it has submitted in support thereof.

Plaintiff initially filed a motion for attorney fees on May 27, 2021, (Doc. 116), after the Court granted Plaintiff's motion for preliminary injunction. (Doc. 114.) The Court denied Plaintiff's motion for attorney fees, but permitted Plaintiff to re-file the motion upon the resolution of the interlocutory appeal. (Doc. 159.) The interlocutory appeal of the preliminary injunction has since been dismissed as moot. (Docs. 172; 173.) Plaintiff has now filed a renewed motion for attorney fees, again based the motion for preliminary injunction being granted. (Doc. 174.)

**A.    Opposition to Renewed Motion for Attorney Fees**

Plaintiff is not a prevailing party for purposes of 42 U.S.C. § 1988. First, the County is

---

[1] Ray Griffin is no longer a Brantley County Commissioner.

entitled to have the basis of the preliminary injunction reviewed on appeal. Even though the interlocutory appeal was dismissed as moot because the EPD issued Plaintiff a permit, the County will still be able to appeal the underlying basis of the preliminary injunction decision at the conclusion of this litigation, should the Court deny the County's motion for summary judgment. Thus, issuing an order requiring the County to pay hundreds of thousands of dollars in fees right now is premature.

Second, Plaintiff is not a prevailing party because the Court's preliminary injunction order was based on a question of state law, which is unrelated to any right protected by 42 U.S.C. § 1983 or the other statutes listed in 42 U.S.C. § 1988(b). Therefore, Plaintiff is not entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

To receive an award of attorney fees pursuant to 42 U.S.C. § 1988, a party must be a "prevailing party" in a proceeding to enforce certain statutes, including 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). Without a doubt, the Court entered a preliminary injunction that benefited Plaintiff. However, this fact alone does not make Plaintiff a prevailing party, because Plaintiff did not prevail on any federal constitutional claim.

Plaintiff argues that it is entitled to attorney fees pursuant to 42 U.S.C. § 1988 because the Court found in its favor that the 2016 Zoning Ordinance was likely unconstitutionally vague. However, this discussion was not a determination the likelihood of success of Plaintiff's void for vagueness claim. Rather, it was a discussion of whether to order the County to issue re-affirmation letters based on Plaintiff's vested rights claim. (Doc. 114, p. 21-43.)

In reaching the conclusion in its order, the Court acknowledged that Plaintiff limited the basis of its motion for preliminary injunction to its assertion that it would prevail on its claim for vested rights and Dormant Commerce Clause of the United States Constitution. (Doc. 58, p. 14;

Doc. 114, p. 21.)  The Court found that Plaintiff was not likely to succeed on the Dormant Commerce Clause claim, and the Dormant Commerce Clause could not serve as a basis for Plaintiff's preliminary injunction. (Doc. 114, p. 45.)  Plaintiff did not seek a preliminary injunction based on an assertion that it would prevail on its void for vagueness claim.  Thus, the Court isolated its ruling to a finding that Plaintiff would likely prevail on its vested rights claim only. (Doc. 114, p. 44.)

As this Court acknowledged in its order, vested rights is a state law concept (Doc. 114, p. 21-22.)  As such, it cannot serve as the basis of an award of fees under § 1988. *Finch v. Vernon*, 877 F. 2d 1497, 1507-08 (1989); 10 Moore's Federal Practice - Civil § 54.171 (2021) ("A civil-rights plaintiff does not 'prevail' when it brings both federal constitutional claims and state-law tort claims, succeeds on a state-law claim, but loses on the merits of the federal constitutional claims").

The Court ruled that Plaintiff was likely to succeed on the merits of the vested rights claim with respect to three specific actions: (1) the July 9, 2020 resolution purporting to withdraw the 2015 verification letters; (2) the refusal to issue a zoning consistency reaffirmation letter; and (3) the alleged June 15, 2017 regulatory actions which purport to rezone Plaintiff's property under the new 2017 zoning ordinance and adopt the 2017 Solid Waste Management Plan. (*See* Doc. 114, pp.22-23.)

Although the zoning reaffirmation letter and the applicability of the 2017 zoning ordinance admittedly relate to the constitutional issue, they are not significant to the vested rights claim.  The County sent the EPD a zoning reaffirmation letter during the EPD's review process and the EPD granted Plaintiff's permit six months later. (Docs. 164, 164-1.)  Contrary to Plaintiff's argument and the Court's agreement with it, the preliminary injunction was not necessary to allow Plaintiff's

EPD application process to proceed without hindrance. (*See* Doc. 114, pp.23,44.) The County did not delay the review of Plaintiff's EPD permit, (*see* Doc. 88-5, pp. 35:10-21,37:6-39:2), and the EPD was not waiting on the reaffirmation letter to issue the permit six months later.

The foundation of the vested rights claim is completely unrelated to the constitutional issue. In evaluating the July 9, 2020 resolution, the Court ruled that Plaintiff was likely to succeed on the merits that the 2015 consistency letters were valid. (Doc. 114, p.31.) The County has consistently argued that Plaintiff did not gain vested rights because the 2014 and 2015 verification letters were improperly executed and because Plaintiff did not comply with the County's solid waste management plan. (*See* Doc. 63, p.5; Doc. 87, pp.19-20.) The ruling that the 2015 consistency letters were likely valid is the *only* reason the Court could even consider the constitutional claim which arose over a year later.

Defendants acknowledge that there are circumstances when prevailing on a state law claim can serve as the basis of a § 1988 claim, but those circumstances do not exist here. Pursuant to the Eighth Circuit in *St. Louis Effort for AIDS v. Lindley-Meyers*, 877 F.3d 1069 (8th Cir. 2017), in order to serve as the basis of the attorney's fees award, the constitutional claim must be substantial and must have arisen from a common nucleus of operative fact. In this case, the void for vagueness claim is not substantial and is based on different facts than the vested rights claim.

For the reasons described above, the constitutional claim is not "substantial" and is certainly not a substantial part of the vested rights claim. Rather, the core of the vested rights claim is the validity or invalidity of the consistency letters. The vested rights claim entirely depends on the validity of the consistency letters, as Plaintiff has no vested rights if the initial consistency letters are invalid. The letters were issued well over a year before the 2016 zoning ordinance was passed. The void for vagueness claim therefore did not arise from a common

nucleus of operative fact as the state law vested rights claim.

Moreover, the granting of the preliminary injunction does not serve as a basis for § 1988 attorney fees. Factually, the "substantial shift in the status quo" referenced by Plaintiff did not occur because of the injunction; it occurred because the EPD finally decided to issue Plaintiff a solid waste handling permit.

The *undisputed evidence* shows the County did *not* cause any delay in the EPD's processing of Plaintiff's application. (Doc. 88-5, p.35) ("Q. Do you have any knowledge of EPD hindering the application process? A. No."); (*id*. at 37) ("Q. Are you aware of any delay? A. No.") As the EPD itself testified, the County has *not* delayed the permit application review process and the County did *not* cause the EPD to require any extra expenditure. (Doc. 88-5, pp. 35:10-21,37:6-39:2.) This makes sense, because the County had no input in the permit review process and the County clearly did not prevent Plaintiff from obtaining the permit.

The fact that the preliminary injunction was not the impetus for the change in status quo is emphasized by the timeline of events. The Court granted the preliminary injunction on May 14, 2021. (Doc. 114.) Plaintiff submitted its required D&O plan to the EPD over three months later, on August 26, 2021. (Docs. 136, 136-1). The EPD then went through its "involved" process of "thoroughly review[ing]" Plaintiff's D&O plan. (Doc. 88-5, pp. 39:12-24, 49:17-24.) The County sent the reaffirmation letter during this EPD review period, on November 5, 2021. (Docs. 153; 153-1.) The EPD granted Plaintiff's permit on May 9, 2022, a full *six months* after the County sent the reaffirmation letter. (Docs. 164, 164-1.) Per EPD policy, affirmation letters are not requested until EPD has finished its review. (Doc. 88-5pp. 20:24-21:17.) EPD never asked for a reaffirmation letter before the County sent it.

Prior to receiving an EPD permit, the injunction did not help Plaintiff with its purported injury at all. The significant delay between the County's issuance of the reaffirmation letter as required by the preliminary injunction and the EPD's grant of the permit illustrates that the preliminary injunction did not change the parties' legal positions. Plainly, the EPD was never simply waiting on the reaffirmation letter to issue the permit.

For these reasons, the Court should deny Plaintiff's motion for § 1988 attorneys' fees.

**B.    Opposition to Supporting Documentation Regarding Renewed Motion for Attorney Fees**

The County opposes some of the itemized entries included in Plaintiff's Notice of Filing Supporting Documentation Regarding Award of Attorneys' Fees, (Doc. 127), which Plaintiff incorporated into its Renewed Motion for Attorneys' Fees. In response to the documentation Plaintiff has submitted thus far, Defendants adopt and incorporate herein their Memorandum of Law in Opposition to Supporting Documentation which was previously filed. (Doc. 132.) Defendants also intend to respond to any additional supporting documentation provided by Plaintiff in support of its Renewed Motion for Attorneys' Fees.

### Conclusion

Plaintiff is not entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. Even if Plaintiff is entitled to such award, it has requested an unreasonable attorney fee award in the documentation it has submitted thus far. For these reasons, the Court should deny Plaintiff's motion.

Respectfully submitted this 17th day of August, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

                    Rachael Slimmon
                    Georgia Bar No. 831661
                    rslimmon@fmlgaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES** to the Clerk of Court using the CM/ECF *e-filing* system which will automatically send electronic mail notification of such filing to the following counsel of record:

| | |
|---|---|
| L. Robert Lovett<br>Lovett Law Group<br>5400 Riverside Drive, Suite 203<br>Macon, GA 31210<br>Bob@LovettLawGroup.com | George Rountree<br>Brown Rountree, P.C.<br>26 North Main Street<br>Statesboro, GA 30458<br>george@br-firm.com |
| Kyler L. Wise<br>Wilson Brock & Irby, LLC<br>2849 Paces Ferry Road, Suite 700<br>Atlanta, GA 30339<br>kwise@wbilegal.com | Mark D. Johnson<br>Gilbert, Harrell, Sumerford & Martin, PC<br>PO Box 190<br>Brunswick, GA 31521-0190<br>mjohnson@gilbertharrelllaw.com |

This 17th day of August, 2022.

                                                */s/ Dana K. Maine*
                                                Dana K. Maine
                                                Georgia Bar No. 466580
                                                dmaine@fmglaw.com

                                                *Counsel for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)