IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 519-109 |
| BRANTLEY COUNTY, GEORGIA, et al., | ) ) | |
| Defendants. | ) | |

# O R D E R

Plaintiff renews its motion to file under seal the entirety of its Motion to Enforce Settlement and Exhibits A-T, arguing sealing is necessary because the documents contain confidential settlement negotiations. (Doc. no. 199.)

The public right of access to judicial records is well-established and extends to the inspection and the copying of court records and documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). However, this right of access is not absolute. BASF Corp. v. SNF Holding Co., Civil Action No., 4:17-cv-251, 2019 WL 2881594, at *4 (S.D. Ga. July 3, 2019) (citing Globe Newspaper Co v. Superior Court for Norfolk Cty., 457 U.S. 596 (1982)). "When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal." Id. (internal citations omitted). In balancing these interests, courts consider, among other things:

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

The Court will not seal the motion in its entirety because many of the facts do not relate directly to settlement communications, are not sensitive in nature, and/or can already be found on the public docket. The legal arguments do not appear to merit protection either, at least not in their entirety. Certainly, the Court will seal all communications between the parties concerning their settlement efforts, consistent with the mediation confidentiality protections already set in place by the Court. (See doc. no. 175.) Exhibits A to R qualify as such confidential communications and shall be filed under seal. With respect to the motion and remaining Exhibits S and T, Plaintiff shall, on or before Friday, January 20, 2023, email proposed redactions in yellow highlighter to opposing counsel and the Court at Courtnay_Capps@gas.uscourts.gov. The Court reserves a final ruling on the motion, (doc. no. 199), pending review of the proposed redactions.

SO ORDERED this 17th day of January, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA