IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT        :
PARTNERS, LLC                       :
                                    :
         Plaintiff,                 :
                                    :
vs.                                 :     CASE NO. 5:19-CV-00109
                                    :
BRANTLEY COUNTY, GEORGIA by and     :
through its Chairman and Members of the :
Brantley County Board of Commissioners; :
CHRIS "SKIPPER" HARRIS, RANDY       :
DAVIDSON, BRIAN HENDRIX, JESSE      :
MOBLEY AND RAY GRIFFIN, all in their :
individual and official capacities as :
Commissioners,                      :
                                    :
         Defendants.                :

## PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, MEMORANDUM OF LAW IN SUPPORT THEREOF AND REQUEST FOR EXPEDITED HEARING

Plaintiff, Brantley County Development Partners, LLC ("BCDP") moves this Court for an order to enforce the settlement agreement reached on December 2, 2022, by BCDP and Defendant, Brantley County, Georgia ("Brantley County" or "County"), showing as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

On September 11, 2020, BCDP filed a petition for preliminary injunctive relief in the United States District Court for the Southern District of Georgia. [Doc. No. 58.]. The petition sought to enjoin Brantley County's hindrance, delay and obstruction in regards to a municipal solid waste landfill permit ("Permit") application process. Id. After briefing and two hearings before this Court, Judge Wood entered an order granting BCDP's motion for preliminary injunctive relief, enjoining the County from: (1) withdrawing initial certification letters it provided to EPD, (2)

applying a subsequently enacted 2016 Zoning Ordinance, (3) applying a subsequently enacted 2017 Solid Waste Management Plan, and (4) applying a subsequently enacted 2020 Solid Waste Management Plan to the BCDP property and its Permit application ("Preliminary Injunction Order"). [Doc. No. 114.]. The County appealed the Preliminary Injunction Order to the Eleventh Circuit Court of Appeals on May 27, 2021 ("Eleventh Circuit Appeal"). [Doc. No. 117.].

BCDP moved for Summary Judgment and for a Permanent Injunction in this matter on October 8, 2021 and Brantley County counter-moved for Summary Judgment on June 1, 2022. [Doc. Nos. 141 & 167.].

During the course of this case, BCDP completed its application for the Permit and after thorough review, EPD issued the Permit on May 9, 2022. [Doc. No. 164.]. BCDP thereafter moved to dismiss the Eleventh Circuit Appeal as moot due to the Permit's issuance. [Doc. No. 172.]. The County petitioned EPD to appeal the Permit and an Administrative Appeal ensued, which is ongoing.

On July 27, 2022, the Eleventh Circuit granted BCDP's Motion to Dismiss as Moot, left the Preliminary Injunction Order in place, and remanded to the Southern District for further proceedings. [Doc. No. 172.].

After a status conference with counsel for the parties, on August, 9, 2022, Judge Wood referred the parties to U.S. Magistrate Judge Benjamin Cheesbro for court-ordered mediation. Judge Cheesbro entered an Order for Settlement Conference on August 11, 2022 with detailed instructions for the parties ("Settlement Conference Order"). [Doc. No. 175.]. The Settlement Conference Order mirrors the language in Local Rule 16.7.6(c), requiring the parties present for mediation to have full authority to bind their respective clients. [Id.].

The first settlement conference occurred on September 27, 2022. [Doc. No. 177.]. Members of the Plaintiff and representatives of Defendant, including members of the Board of Commissioners, the County Attorney, and outside counsel, with authority to bind the party attended the settlement conference. [Id.]. After eight hours and twenty-two minutes, no settlement was reached [Id.]. However, the parties made significant progress and agreed to continue negotiations.

██████████████████████████████████████████████████████████████

████████████ [**Exhibit A** – email]. The Court scheduled a telephonic status conference on October 13, 2022. [Doc. No. 178.]. ████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████ [Id.]. ████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████ [**Exhibit B** – email].

The Court set another status conference for October 21, 2022. [Doc. No. 179.]. ████████

██████████████████████████████████████████████████████████████

[**Exhibit C** – email]. The Clerk's Minutes filed the same day as the status conference note that counsel for the County relayed that they were unable to review the proposed counteroffer BCDP sent prior to the conference. [Doc. 179.].

On ████████████████, counsel for the County emailed counsel for BCDP ████████

████████████████████████████████████████ [**Exhibit D** – email]. BCDP responded hours later ████████████████████ [**Exhibit E** – email]. ████████████████

████████████████████████████████████████████████████ [**Exhibit F** – email].

The Court set another status conference for November 1, 2022. [Doc. No. 181.]. Members of BCDP, County Commissioners, and counsel for both parties attended and represented that negotiations were proceeding. [Id.]. Judge Cheesbro determined the appropriate next step was to reconvene an in-person settlement conference for November 17, 2022. [Id.]. ████████████ ████████████████████████████████████████████████████ ██████████████████████████████

The settlement conference on November 17, 2022 lasted nine hours and resulted in significant progress with the parties narrowing the remaining issues. [Doc. No. 182.]. The parties committed to continuing to exchange settlement offers in efforts to settle the case. [Id.]. During this settlement conference, BCDP was advised ██████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████

████████████████████████████████ BCDP emailed ████████ ████████████████████████████████████ [**Exhibit G** – email].  BCDP also sent a list of information discussed the day prior ████████████████████ ████████████████████████████████████████████████████ ████████████████████████ [**Exhibit H** – email].  Counsel for the County responded ████████████████ ██████████████████████████ ████████████████████████████████████████████████████ ████████████████████ [**Exhibit I** – email].  ██████████████████ ████████████████████████████████████████

████████████████████████████████████ [**Exhibit J** – email]. ████████████████

████████████████████████████████

Counsel for the County responded ███████████████████████████████

███████████████████████████████████████ [**Exhibit K** –

email]. ██████████████████████████████████████ [Id.]. ██████

████████████████████████████████████████

████████████████ [**Exhibit L** – email]. ████████████████████

████████████████████████████████████████

███████████████ [**Exhibit M** – email].  [A true and exact copy of the Settlement Agreement

███████████████████████████████████████ is attached

hereto as **Exhibit N**.] ███████████████████████████████████

████████████████████████████████████████

██████████████████████████████ [A true and exact copy of the Proposed

Consent Order ██████████████████████████ is attached hereto as **Exhibit O**.]

Counsel for the County responded to BCDP's email to the Court ████████████

████████████████████████████████████████

██████████████████████████ [**Exhibit P** – email]. ████████████  BCDP

responded to both counsel for the County and the Court █████████████████████

████████████████████████ [**Exhibit Q** – email]. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████ **[Exhibit R –**

emails].

The Brantley County Board of Commissioners met on December 8, 2022, the date that

counsel for the County represented that its client would formally approve the settlement agreement

reached by both parties, and the settlement agreement was not listed on the agenda. **[Exhibit S –**

agenda]. Counsel for BCDP was not notified that the agreement was not put on the agenda nor

that the Commissioners failed to vote to approve the agreement.

Judge Cheesbro scheduled a status conference on January 3, 2023, during which he

informed BCDP of the Board of Commissioners' intent to vote on the Agreement at its regularly

scheduled January meeting, which was postponed to January 12, 2023. The Board of

Commissioners rejected the Agreement (which they titled as a "Host Fee and Settlement

Agreement"). **[Exhibit T** – agenda]. For unknown reasons, the vote was split into two decisions:

1) to refer to the South Georgia Commission for DRI review and approval; and 2) to accept the

Host Fee and Settlement Agreement. Both items failed with no discussion.

## ARGUMENT

### I.     AUTHORITY, GOVERNING LAW AND STANDARD OF REVIEW.

A. The United States District Court for the Southern District of Georgia has authority to
enforce settlement agreements entered into by parties in a pending case.

The district court has the "inherent power to summarily enforce settlement agreements

entered into by parties litigant in a pending case." Ford v. Citizens & Southern National Bank,

928 F.2d 1118, 1131 (11th Cir. 1991) (quoting Cia Anon Venezolana de Navegacion v. Harris, 374

F.2d 33, 36 (5th Cir. 1967)).

B. The same standards apply to a motion to enforce settlement agreement as a motion for
summary judgment.

The Georgia Court of Appeals instructs in <u>Scott v. Carter</u>, that review of a Motion to Enforce Settlement is appropriate under the same standards applicable to a motion for summary judgment. 239 Ga. App. 870, 872, 521 S.E.2d 835, 837 (1999). <u>See also</u> <u>Superglass Windshield Repair v. Mitchell</u>, 233 Ga.App. 200, 504 S.E.2d 38 (1998).

> "Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

<u>Id</u>.

However, where the material facts are undisputed, "[w]hether a settlement is an enforceable agreement is a question of law for the trial court to decide." <u>USA Manufacturing Corp. v. Perfection–Schwank</u>, 271 Ga.App. 636, 638(1), 610 S.E.2d 600 (2005).

C. <u>The enforcement of settlement agreements is governed by Georgia state contract law</u>.

The United States Court of Appeals for the Eleventh Circuit holds that "the construction and enforcement of settlement agreements are governed by principles of the state's general contracts law." <u>Wong v. Bailey</u>, 752 F.2d 619, 621 (11th Cir. 1985).

> Under Georgia law, an agreement in settlement of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. Thus, there must be a meeting of the minds between the parties as to the terms of the contract. Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely.

<u>Id</u>. (citations omitted). <u>See</u> <u>Vinnett v. Gen. Elec. Co.</u>, 271 F. App'x 908, 912 (11th Cir. 2008) (holding that Federal Courts use the applicable state's contract law to construe and enforce settlement agreements).

O.C.G.A. § 13-3-1 states, "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."

## II.   THE SETTLEMENT AGREEMENT IS A BINDING CONTRACT.

A.  The County's Attorneys have authority to bind the County.

Georgia law is clear that attorneys have authority to bind their clients in any action or proceeding by any agreement in relation to the cause. See O.C.G.A. § 15-19-5. "Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." Brumbelow v. N. Propane Gas Co., 251 Ga. 674, 674, 308 S.E.2d 544, 546 (1983). (citations omitted).

> "Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party."

Id. ███████████████████████████████████████████████████████

████████████████████████████████████████████

The Settlement Conference Order and Local Rule 16.7.6(c) unambiguously set the requirement that the parties' efforts to settle be taken by representatives with authority. [Doc. 175.]. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

Consistent with the Settlement Conference Order and Local Rule 16.7.6(c), ████████████

████████████████████████████████████████████████████████.

[Doc. Nos. 178 & 179.]. ████████████████████████████████



See <u>Wilson v. Isaccson, Inc.</u>, 229 S.E. 2d 29 (1976) (agreement by counsel to resolve a case is binding upon the client, even if the client is unaware of the agreement and does not consent to it).

B. <u>A vote by the Board of Commissioners cannot destroy an existing settlement agreement.</u>

The Georgia Court of Appeals case, <u>Old Peachtree Partners, LLC et al v. Gwinnett County, Georgia et al.</u> closely parallels the facts and issues in this present matter.  315 Ga. App. 342, 726 S.E.2d 437 (2012).  In 2009, Old Peachtree Partners, LLC ("Old Peachtree") offered a settlement agreement to counsel for Gwinnett County to settle pending litigation over a real property purchase.  <u>Id</u> at 343.  The Board of Commissioners for Gwinnett County rejected the first offer and agreed to allow the County attorneys to make a counteroffer, which was made eight days later. <u>Id</u>.  Old Peachtree accepted the counteroffer and the parties developed a purchase and sale agreement and a mutual release which were the subject of the settlement agreement.  <u>Id</u>.  The Board of Commissioners thereafter held a public meeting regarding the approval of the purchase

and sale agreement and eventually, in an open session, the Board voted against the purchase of the property as set forth in the settlement agreement.  Id at 344.

Old Peachtree moved to enforce the settlement agreement and the trial court found that Gwinnett County's "counteroffer of settlement was conditioned upon the approval by the Board of Commissioners at a public meeting, and that since the Board never approved the settlement agreement, the parties are not bound by the proposed settlement."  Id at 345.  The Court of Appeals reversed, enforcing the settlement agreement.  Id at 348.

In Old Peachtree, the County argued, ███████████████████████ that the settlement agreement was conditioned upon approval in a public meeting.  Id at 346 and see Exhibit R.  However, the Court of Appeals in Old Peachtree found that

> "[t]he requirement that the Board approve the purchase at a public meeting, while provided for in the purchase agreement, was not a condition of the settlement agreement.  And it was the Board that in fact, authorized the county attorney to make a counteroffer of settlement with knowledge that the County's duty pursuant to that settlement would later require the Board's own approval of the purchase agreement by a Board vote in a public meeting."

Old Peachtree at 346.  The Court went on to say that "while a vote in a public meeting was a required formality to effectuate the purchase of the property, the Board's failure to complete that formality in good faith when voting in the public meeting cannot destroy an already existing settlement agreement."  Id.

BCDP understands the Georgia Open Meetings Act requirements and the County's obligations thereunder.  ███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████ is contrary to Georgia law and would be in violation of the Settlement Conference Order and Local Rule 16.7.6.

Like in Old Peachtree, ███████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████ [See Exhibit I & Exhibit L.]. ███████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████ [See Exhibit R.]. █████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████

On this point, the agreed upon settlement agreement states: █████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████

Similarly, the Court in Board of Regents of the University of Georgia v. Doe, held that where a professor was offered a position as the dean of Georgia Tech "tentative pending approval of the Board of Regents", a binding contract was formed and "the provision regarding the Board's approval created an implied duty for both parties to exercise good faith in securing such approval."

278 Ga. App. 878, 882, 630 S.E.2d 85, 89 (2006). ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████ [See

Exhibit R.].

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

C.  The Settlement Agreement meets all requirements for a valid contract.

    i.   Both parties participated in a meeting of the minds regarding each term of the
         Settlement Agreement and thereafter, both parties assented to the terms of the
         Settlement Agreement.

█████████████████████████████████████

███████████████████████████████.[1] ████████████

██████████████████████████. [See Exhibit A & Exhibit B.]. ████

████████████████ [See Exhibit C.]. ████████████████

████████████████████████████████████████

████████████████████████████ [See Exhibit I.]. ████████

---

[1] A recently decided Georgia Supreme Court case, State v. Federal Defender Program, Inc. held that government
attorneys (in this case, Assistant Attorney Generals) had authority to bind their client, the State of Georgia, in a
contract entered into by means of a string of emails between the parties.  No. S22A1099, 2022 WL 17813458, at *19
(Ga. Dec. 20, 2022) "…[i]f [the State] cannot be trusted to honor [its] agreements in these circumstances, it will
substantially undermine the public's confidence in its government…".  Id.

████████████████████████████████████ [See Exhibit J.].  Two eight-plus hour in-person settlement conferences, three status conference calls, ████████████████ ████████████ constitute the meeting of the minds by both parties in efforts to reach the final Settlement Agreement.

"The legal test for mutuality of assent to contract or meeting of the minds requires the application of 'an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestation of assent.'" North Georgia Elec. Membership v. Dalton, 197 Ga.App. 386, 398 S.E.2d 209 (1990).  In this case, both parties were required to submit confidential mediation statements to Judge Cheesbro reflecting their assent.  Thereafter, both parties participated in extensive negotiations and expended significant resources with the intent to reach a mutually beneficial result settling this litigation.  The Settlement Agreement produced as a result of the meeting of the minds satisfies the requirement of assent in Georgia contract law.

      ii.    The Settlement Agreement contains definite material terms.

Georgia courts have stated that "it is unnecessary that a contract state definitively and specifically all facts in detail to which the parties may be agreeing, but as to such matters, it will be sufficiently definite and certain if it contains matters which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves." Kerwood v. Dinero Solutions, LLC, 292 Ga.App. 742, 666 S.E.2d 40 (2008).

The Settlement Agreement provides for all material terms that constitute a definite, certain, and unambiguous agreement to settle, including, but not limited to: ████████████████████████ ████████████████████████████████████████████████

13

[See Exhibit N.].

The terms of the Settlement Agreement were negotiated ███████████████████

████████████████████████████████ The terms of the Settlement Agreement reflect the level of detail both parties offered during negotiations to reach a final agreement. The Settlement Agreement is a lengthy, detailed and well-crafted document which reflects the labor and drafting skill that went into its finalization. The Court should find the Settlement Agreement definite and specific enough to ascertain the terms and conditions on which the parties intended to bind themselves.

     iii.    The Settlement Agreement reflects bargained-for consideration.

As outlined above, the Settlement Agreement involves ███████████████████

Having met all requirements of a valid contract entered into by those with authority to bind the clients, the Court should enforce the Settlement Agreement against both parties and require the parties to abide by its terms.

## REQUEST FOR EXPEDITED HEARING

Judge Cheesbro called a status conference call for December 12, 2022, wherein he announced his intention to enter an Order lifting the stay on this matter. [Doc. No. 188.]. BCDP herein moves to enforce the Settlement Agreement reached by the parties during the court-ordered

settlement negotiations. Enforcement of the Settlement Agreement prevents both parties from expending unnecessary resources in this litigation. Resolving this issue consequentially impacts the posture of the case moving forward. BCDP respectfully requests the Court hold an Expedited Hearing on this Motion after the County responds informing the path forward as the parties resume the litigation track of resolution.

## CONCLUSION

For the reasons stated above, BCDP respectfully asks that this Court enter an Order:

a) That the settlement agreement by and between Brantley County and BCDP (in the form attached as Exhibit N) is valid and enforceable;

b) That the Proposed Consent Order (attached as Exhibit O) be considered by the Court and enforced against all parties;

c) That the parties be ordered to perform under the settlement agreement and consent order and to abide by the terms therein;

d) That the Court schedule an expedited hearing after the County has responded to provide the parties with a clear posture; and

e) Grant such other further relief as it deems proper.

Respectfully Submitted, this 13th day of January, 2023.


LOVETT LAW GROUP, LLC

By:___ */s/ L. Robert Lovett*_____
        L. Robert Lovett
        Georgia Bar No. 459566
        5400 Riverside Drive
        Suite 203
        Macon, Georgia 31210
        (478) 476-4500
        bob@LovettLawGroup.com

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: ___*/s/ Mark D. Johnson*_____
     Mark D. Johnson
     Georgia Bar No. 395041
     Amber M. Carter
     Georgia Bar No. 631649
     Post Office Box 190
     Brunswick, Georgia 31521-0190
     (912) 265-6700
     mjohnson@gilbertharrelllaw.com
     acarter@gilbertharrelllaw.com

BROWN ROUNTREE PC

By: ___*/s/ George Rountree*_____
     George Rountree
     Georgia Bar No. 616205
     26 North Main St
     Statesboro, Georgia 30458
     (912) 489-6900
     georgia@br-firm.com

WILSON BROCK & IRBY, L.L.C.

By: ___*/s/ Kyler L. Wise*_____
     Kyler L. Wise
     Georgia Bar No. 77128
     2849 Paces Ferry Road SE
     Suite 700
     Atlanta, Georgia 30339
     (404) 853-5050
     kwise@wbilegal.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing pleading via electronic service through the e-filing system and by placing a copy of same in the United States Mail, properly addressed with adequate postage thereon upon:

Dana K. Maine
Robert Markovitch
Rachael Slimmon
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

This 13th day of January, 2023.

*/s/ Mark D. Johnson*
Mark D. Johnson

**Exhibits A-R omitted pursuant to Court Order**

# Exhibit S

December 8, 2022
Brantley County Commission
Meeting Agenda

**BRANTLEY COUNTY COMMISSION**
**Regular Meeting 6:00 PM**
**December 8, 2022**
**County Commission Office**

Call Meeting to Order
Invocation & Pledge to Flag
Approve Minutes November 1st, 3rd, 15th, 2022
Approve Agenda

CONSENT AGENDA

Board Appointment-Development Authority – Wyatt Hutchinson
Christmas Bonus full time employees

AGENDA

1. TSPLOST Resolution

2. LOST tax distribution

3. Consideration of RFP for architectural services

4. Consideration of bids for relocation of airport fence

5. EMS Director's contract

6. Public Defender's 2023 indigent services agreement

7. 2023 Workers' Compensation renewal

8. Adjournment

# Exhibit T

January 12, 2023
Brantley County Commission
Meeting Agenda

**BRANTLEY COUNTY COMMISSION**
**Regular Meeting**
**January 12, 2023**
**6:00 PM**
**County Commission Office**

Call Meeting to Order
Invocation & Pledge to Flag
Approve Minutes – December 2022
Approve Agenda

<u>AGENDA</u>

1.  Appointment of Vice Chairman for 2023

2.  Appointment of County Attorney for 2023

3.  Resolution-Designate Southeastern Bank as Depository for County Funds

4.  Resolution-Authorization for the Establishment of Depository Accounts by Brantley County's Constitutional Officers

5.  Authorization for Constitutional Officers and Elected Officials to use County Federal ID Number & to accept checks, money orders, cash, and/or cashier's checks, electronic transactions and credit/debit card payments in their official duties

6.  Consideration of Special Exception–LCS Wireless- Parcel No B047 099

7.  Consideration of Fiscal Agent Designation and Acceptance Agreement Family Connection

8.  Consideration of the proposed settlement host agreement with Brantley County Development Partners, LLC

9.  Adjournment