IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT
PARTNERS, LLC,

    Plaintiff,

v.

BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners: CHRIS "SKIPPER" HARRIS; RANDY DAVIDSON; BRIAN HENDRIX; JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners.

    Defendants.

Civil Action No: 5:19-CV-00109

## DECLARATION OF BRANTLEY COUNTY COMMISSIONER RANDY DAVIDSON

1. My name is Randy Davidson. I am over 18 years of age, I am of sound mind, and the facts in this Declaration are based on my own personal knowledge. This declaration is given in response to Brantley County Development Partners, LLC's Motion to Enforce Settlement and under the terms of 28 U.S.C. § 1746.

2. At all relevant times related to the above-referenced case, I have been the duly elected commissioner for Post 3 in Brantley County, Georgia.

3. I participated in person at two settlement conferences held at the United States Courthouse in Brunswick, Georgia involving this case. One was held on September 27, 2002, and the other was held on November 17, 2022. Brantley County Commission Chairman Skipper Harris, former County Manager Bryan Singleton, County Attorney Deen Strickland, and outside counsel Dana Maine

and Kimberly Hale also attended these settlement conferences on behalf of Brantley County ("the County").

4. At no time was I, or any other county representative or attorney at these conferences, given the authority to enter into a binding agreement on behalf of the County. Only a public vote in a duly advertised public meeting by a quorum of the board of commissioners could bind the county with respect to any decision related to approval of the proposed settlement agreement.

5. It was important to the County to have the appropriate elected officials attend the settlement conferences without violating Georgia's Open Meetings Law. That is why only two commissioners attended the settlement conferences; me and the chairman. Had three commissioners attended, that would have constituted a quorum and that would have constituted an official, public meeting of the board. Such a meeting would have to have been advertised and made open to public participation.

6. As a Commissioner and participant in the settlement conferences, I understood that our purpose was to obtain what we considered the best possible agreement that we thought, in consultation with our lawyers, should be presented to the full board for consideration. And, if the appropriate motion was made concerning the settlement proposal, the motion would be voted on in a public meeting.

7. None of the County's representatives at the settlement conferences had the authority to execute the proposed settlement agreement or the authority to bind the County in any way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of January, 2023.

*/s/ Randy Davidson*
RANDY DAVIDSON