# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BRANTLEY COUNTY, GEORGIA, et al.,<br><br>    Defendants. | Civil Action No: 5:19-CV-00109 |

## DECLARATION OF DANA K. MAINE

1. My name is Dana K. Maine. I am over 18 years of age, I am of sound mind, and the facts in this Declaration are based on my own personal knowledge, except where stated on information and belief. I am an attorney admitted to the Georgia Bar and represent Defendant Brantley County as lead counsel in the above-captioned matter. This declaration is given in response to Plaintiff's Motion to Enforce Settlement and under the terms of 28 U.S.C. § 1746. [Doc. 204].

2. On August 11, 2022, the Court ordered the parties to attend a settlement conference with Magistrate Judge Cheesbro. [Doc. 175].

3. The Court's Order for settlement conference [Doc. 175] provided that "Counsel must ensure a client representative with full settlement authority is available in person or by telephone or video teleconference at all times from the beginning of the conference until the conference is concluded," and further directed counsel to contact Judge Cheesbro's office to request a waiver of any of the requirements in the settlement conference order. On September 22, 2022, I alerted Judge Cheesbro via email ████████████████████████████
████████████████████████████████████████████████████████████████

- 2 -

██████████████████████████████████████████████████

██████████████████████████ [See Exhibit No. 1]. I did not receive a response to the email from the Court.

4.   On the day of the settlement conference, September 27, 2022, after introducing the attendees, ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

5.   In addition to my appearance, on behalf of Brantley County, the following attended the settlement conferences: Attorney Kimberley Hale, County Attorney Deen Strickland, Chairman Chris "Skipper" Harris, Commissioner Randy Davidson, and County Manager Bryan Singleton.  Ms. Hale represents Brantley County in other matters related to Plaintiff's proposed landfill. ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

6.   ████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

- 3 -

7. During the two in-person settlement conferences, all communication between the party representatives was through Judge Cheesbro and the party representatives stayed in separate courtrooms.

8. At the conclusion of the first settlement conference, Judge Cheesbro asked the parties to continue working to see if we could arrive at a proposal to present to the County's Board of Commissioners.

9. Accordingly, and in an effort to fulfill the spirit of the Court's settlement conference order, following the in-person settlement conference and as a continuation of those discussions, ███████████████████████████████████████████████████████████████ [Doc. 204 at Exhibits "A" – "F"]. ████████████████████████████████ ████████████████████████████████████████ At no time during this exchange was any other member of the County's negotiating delegation granted authority by the Board of Commissioners to bind the County to any final settlement terms. ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████

10. On November 17, 2022, we attended a second settlement conference convened by Judge Cheesbro to discuss our progress with the terms of a Settlement Proposal. During this second settlement conference, ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████ That process included presenting the proposed Host Agreement to the full Board of Commissioners, discussing the terms, and having a vote at a public meeting.

11. █████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ She explained that DRI review is required for projects likely to generate impacts beyond the boundaries of the local government jurisdiction in which it is located, a process that gets initiated whenever a local government is considering action (e.g., contract with landfill owner) on a proposed project that meets the DRI thresholds (found at Ga. Comp. R. & Regs. r. 110-12-3-.05).  A new waste handling facility like the one the Plaintiff proposes clearly triggers the DRI review process when the County takes any action to approve such facility as confirmed in a call with a director of DRI.  Failure to complete the DRI process before such action is taken can result in suspension of the local government's Qualified Local Government status (i.e., potential loss of state funding) for up to a year.

12. At the beginning of this second day of negotiations, ███████████████████

████████████████████████████████████████████████████

████████████████████████████

13. At the end of the second negotiation day, ███████████████████

████████████████████████████████████ In continued good faith efforts to further the settlement negotiation process, ███████████████████████

████████████████████████████████████████████████████

██████████████████████████████

- 4 -

14. On November 18, 2022, the day after the in-person negotiation session, I emailed Plaintiff's counsel Mark Johnson ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Exhibit 6]. This communication unmistakably reflects the understanding that no binding agreement could be reached until the Board of Commissioners took up the issue and approved it.

15. With respect to Mr. Johnson's e-mail on November 21, 2022, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [See Doc. 204 at Exhibit "J"].

Pursuant to 28 U.S.C.A. § 1746, by my signature below, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 27th day of January, 2023.

*Dana K. Maine*
DANA K. MAINE