IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANTLEY COUNTY DEVELOPMENT
PARTNERS, LLC,

               Plaintiff,

v.

BRANTLEY COUNTY, GEORGIA, et al.,

               Defendants.

CIVIL ACTION FILE
NO. 5:19-CV-00109-LGW-BWC

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUPPORTING DOCUMENTATION REGARDING PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES

COME NOW Defendants Brantley County, Georgia, Chairman and members of the Brantley County Board of Commissioners ("Defendants" or "County"), by and through the undersigned counsel, and file this Memorandum of Law in Opposition to Plaintiff's Supporting Documentation for its Renewed Motion for Attorneys' Fees. The County opposes some of the itemized entries included in Plaintiff Brantley County Development Partners' supporting documentation.

Plaintiff Brantley County Development Partners ("Development Partners") initially filed a motion for attorney fees on May 27, 2021, on the basis that it prevailed on its motion for preliminary injunction.[Doc. 116.] The Court denied the initial motion for attorney fees but permitted Plaintiff to re-file the motion upon the resolution of the interlocutory appeal. [Doc. 159.] The interlocutory appeal of the preliminary injunction was later dismissed as moot. [Doc. 172.]

Plaintiff filed a Renewed Motion for Attorney Fees on August 3, 2022, again based the motion for preliminary injunction being granted. [Doc. 174.] The County has already filed a brief in opposition to Plaintiff's Renewed Motion. [Doc. 176.]

The Renewed Motion incorporates the Notice of Filing Supporting Documentation Regarding Award of Attorneys' Fees ("Notice of Filing") [Doc. 127], that was filed in support of Plaintiff's first motion for attorney fees. [Doc. 174, p.6.] The Notice of Filing included affidavits and bills from the following Plaintiff's counsel at different law firms: Kyler Wise, George Rountree, L. Robert Lovett, and Mark Johnson. (*See* Doc. 127, Doc. 127-1, Doc. 127-2, Doc. 127-3, Doc. 127-4.) The bills also include work done by additional attorneys, secretaries, and paralegals at the four law firms. *Id.* The Notice also includes a report from attorney James Durham, who analyzed Development Partners' bills and other case documents. [Doc. 127-5.]

Over four months after filing its Renewed Motion, Plaintiff filed the Second Affidavit of Mark D. Johnson and the Second Affidavit of Kyler L. Wise which adopt, incorporate, and supplement Mr. Johnson's and Mr. Wise's previous affidavits and fee bills contained in the Notice of Filing. [Doc. 192, p.2 (adopting and incorporating Doc. 127-4); Doc. 193, p.2 (adopting and incorporating Doc. 127-1).]

As stated in Defendants' brief in opposition to Plaintiff's Renewed Motion for Attorney Fees, the County opposes some of the itemized entries included in Plaintiff's Notice of Filing. [Doc. 176, p.6.] Defendants' opposition brief explicitly adopts and incorporates their Memorandum of Law in Opposition to Supporting Documentation which was previously filed. [Doc. 176, p.6 (incorporating Doc. 132).]

Defendants adopt and incorporate here their opposition to some of the entries in Plaintiff's Notice of Filing [Doc. 132], and herein respond to the additional supporting documentation provided by Plaintiff: the Second Affidavit of Mark D. Johnson and the Second Affidavit of Kyler L. Wise. [Doc. 192; Doc. 193.] Defendants provide these objections herein, though they explicitly do not concede that Development Partners is entitled to an attorney fee award at all. (*See* Doc. 176.)

1.      **Introduction**

Again, Defendants adopt and incorporate herein their objections and argument set out in their Memorandum of Law in Opposition to Supporting Documentation which was previously filed. [Doc. 132.] The instant Memorandum of Law supplements, and does not replace, the County's prior objections.

42 U.S.C. §1988(b) provides that "the court, in its discretion, may allow the prevailing party in a § 1983 suit "a reasonable attorney's fee as part of the costs."  Development Partners did not meet its burden of providing "specific and detailed evidence" of reasonable hourly rates and time spent on different claims. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Development Partners' additional bills do not indicate the time spent on different claims, but instead reference at most general motions or briefs.  (*E.g.*, Doc. 192, pp.9-43; Doc. 193, pp.7-11.) Some of these motions or briefs are not related to the preliminary injunction at all and are motions on which Plaintiff has not prevailed. For example, Development Partners submitted bills for work on the pending summary judgment motions. (Doc. 192, p.40; Doc. 193, p.10-11.) Though Development Partners used many attorneys on the same tasks, Development Partners provided no summary or grouping by activity or stage of the case. Many of the bills lack particularity and/or are redacted.  (*See generally* Doc. 192, pp.9-43; Doc. 193, pp.7-11.)

As Defendants previously discussed in their Memorandum of Law in Opposition to Supporting Documentation, the Court should adjust the lodestar downward based on various factors such as the sufficiency of documentation provided by the fee applicant, whether the types of tasks in the bills are appropriate for an attorney fee award, whether such tasks are "excessive, redundant, or otherwise unnecessary," and the particularity of the bills. *Hensley v. Eckerhart*, 461

U.S. 424, 434 (1983). After calculating the lodestar, the Court may then make adjustments based on the results obtained. *Id.*

Here, Development Partners' documentation in support of its fee request identifies numerous items with associated fees which are not reasonable and which the Court should not include in any attorney fee award to Development Partners.  First, additional counsel for Development Partners did not bill at reasonable rates for the Southern District of Georgia or in relation to their status as junior attorneys on the case. Development Partners also failed to provide the level of experience for additional attorneys who submitted bills. Second, Development Partners' additional submission falls short because its attorneys: (a) did not bill a reasonable number of total hours in light of the excessive number of attorneys involved and the fact that multiple attorneys often performed the same tasks, resulting in double billing; (b) often submitted bills with inadequate descriptions or extensive redactions; and (c) billed for inappropriate tasks, such as for administrative work and for work unrelated to the single vested rights claim on which Plaintiff prevailed in the preliminary injunction. The Court should also adjust Development Partners' fee downward due to the limited results obtained. Finally, the Court should reduce or cut the fees contained in the Second Affidavits because they were not timely filed under the Court's local rules.

## 2.     <u>Unreasonable Hourly Rate</u>

As discussed in Defendants' previous Memorandum of Law, (Doc. 132, pp. 4-7), Development Partners did not bill at a reasonable hourly rate for the Southern District of Georgia market, the "relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Martinez v. Hernando County Sheriff's Office*, 579 Fed. Appx. 710, 713 (11th Cir. 2014).

Defendants restate their previous objections to the rates charged by Kyler Wise ($415 per hour), Mark Johnson ($300 per hour), and Jordan Parks ($200 per hour) with respect to the bills contained in the Second Affidavits. [Doc. 132, pp. 4-6.] The rates are not reasonable for the relevant legal community, and Kyler Wise is an unnecessary non-local attorney whose excessive rate cannot be justified. Defendants also restate their previous objections to the rates charged by Mark Johnson's assistant Kim Kroscavage ($100 per hour) and Kyler Wise's assistant or paralegal Ellen Jugar ($125 per hour) for the bills contained in the Second Affidavits.[1]  Their fees should be cut or reduced since no evidence of their experience was provided. [Doc. 132, p. 7.]

Mark Johnson's Second Affidavit also includes bills from two additional attorneys: Judson Turner and Beth Blalock, both of whom bill at an hourly rate of $375 per hour. (*See* Doc. 192, pp. 15,20,24,28,34,38.)  This rate is unreasonable for four reasons. First, it is far above the market rate in the Southern District as discussed in Defendants' previous Memorandum of Law. (Doc. 132, pp. 4-6.) Second, Development Partners provides no evidence of Judson Turner's or Beth Blalock's experience at all, let alone experience which could justify their excessive rate. (*Id.*) Third, Mr. Turner and Ms. Blalock billed at 125% of the rate of their supervisor, Mark Johnson. [Doc. 192, p.2 & n.2 (stating that Judson Turner and Beth Blalock worked under Mark Johnson's supervision).] It is not reasonable for Mr. Turner and Ms. Blalock to bill at a higher rate than their supervising attorney, especially since there is no evidence of their experience. Fourth, Development Partners has not provided evidence, expert or otherwise, that the rates charged by Mr. Turner and Ms. Blalock are reasonable. (*See* Doc. 127; Doc. 192.)

---

[1] Defendants assume based on the hourly rate that Ellen Jugar is either a secretary or paralegal, but Development Partners has presented no evidence of this.

3.    **Hours Not Reasonably Expended**

Many hours billed by Plaintiff were not "reasonably expended" in the litigation, so the Court must "must exclude hours 'that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*.'" *Martinez v. Hernando Cnty. Sheriff's Office*, 579 Fed. Appx. 710 (11th Cir. 2014) (quoting *Barnes*, 168 F.3d at 428) (emphasis in original).

First, Plaintiff's additional bills now show that Plaintiff used eleven attorneys. (*See* Doc. 127; Doc. 192.) As the County noted in its initial Memorandum of Law, the nine attorneys whose bills were in Plaintiff's initial Notice of Filing was an excessive number of attorneys. (Doc. 132, pp. 8-9.) Mark Johnson's Second Affidavit includes bills from two additional attorneys, Judson Turner and Beth Blalock, bringing the total number of attorneys to eleven. (Doc. 192.) This is an even more excessive number of attorneys. As stated previously, Mark Johnson has practiced law for over 30 years and is well versed in relevant constitutional and land use issues. (Doc. 132, pp. 6, 8-9 (citing Doc. 127-4, p. 2; Doc. 127-5, p.6).) This case clearly was overstaffed.

Second, the additional bills evidence additional double (quadruple?) billing. (*See* Doc. 132, p. 8.) Many billing entries are for correspondence and discussions with other Plaintiff's attorneys at the same and different law firms. (Doc. 192, pp.9-14,17-19,21-23,27-28,30-33,35-37,40-43; Doc. 193, pp.7-11). Mark Johnson's Second Affidavit also literally includes double bills. Statement number 30, dated August 3, 2021, is included twice in the Second Affidavit. (Doc. 192, pp. 17-20, 21-24.)

The attorneys also worked on more of the same tasks. [Doc. 132, pp. 8-9.] They all worked on attorney fee affidavits for other attorneys and expert affidavits, including correspondence with other Plaintiff's counsel regarding the same affidavits [Doc. 192, pp.9-15; Doc. 193, pp.7-9]; the attorney fee motion [Doc. 192, pp. 10-11,14-15,18,22; Doc. 193, pp. 8-]); the motion to stay

[Doc. 192, pp. 14-15,17-18,21-22,27-28,38; Doc. 193, pp.9]; the motion for reconsideration [Doc. 192, pp. 41-42; Doc. 193, p.10]; the contempt motion [Doc. 192, pp. 27,30-33,35-36,40-43; Doc. 193, pp. 10-11]; and the motions for summary judgment [Doc. 192, pp. 35-36,40-41,43; Doc. 193, pp. 10-11].

Third, Plaintiff submitted additional bills for clerical tasks, which are not appropriate tasks for an attorney fee award. [*See* Doc. 132, p.10.] Mark Johnson billed for work such as a notice of appearance, adding up time, records requests, and preparing an agenda. (Doc. 192, pp. 11,17,19,21,23.) Jordan Parks billed for work such as a status updates of pending tasks for Mark Johnson's review, records requests, preparing a DropBox file, organizing the case file, and calendaring deadlines. (Doc. 192, pp. 13,41.) Kyler Wise billed for work such as scheduling a conference call, an entry of appearance, reviewing deadlines, open records requests, and reviewing newspaper articles. (Doc. 193, pp.7-9,11.) Ellen Jugar billed for work such as drafting a notice of appearance, drafting an appearance of counsel, calendaring deadlines, forwarding correspondence, and e-filing. (Doc. 193, pp. 7,9.) Ellen Jugar also billed for drafting the motion for summary judgment. (Doc. 193, p.10.) As she does not appear to be an attorney, and because Kyler Wise billed for drafting the same motion on previous days, Ellen Jugar's drafting work is likely clerical rather than substantive.

Fourth, Plaintiff submitted additional bills for tasks and claims unrelated to the vested rights claim, the only claim on which Plaintiff could have prevailed and the only claim on which Plaintiff could receive attorney fees under 42 U.S.C. §1988. (*See* Doc. 132, pp. 11,13; Doc. 176.)

As described above, the attorneys billed for work related to attorney fee and expert affidavits, the attorney fee motion, the motion to stay response, the motion for reconsideration response. Defendants acknowledge that some work related to attorney fee motion, motion to stay response, and the motion for reconsideration response relate to the preliminary injunction. If

Plaintiff were entitled to attorney fees (which Defendants do not concede), it would be entitled to some fees related to these motions to the extent that the motions sought to enforce the injunction or obtain attorney fees for the injunction.  But, it is Plaintiff's burden to demonstrate which of its fees pertain to the item on which it prevailed – and not include every minutiae of time its' eleven attorneys spent on the litigation.

Plaintiff's motions all contain content and argument which goes beyond the sole vested rights claim on which the Court ruled Plaintiff was likely to prevail. [Doc. 114, p. 44.] The initial attorney fee motion and the Notice of Filing [Doc. 116; Doc. 127], are incorporated into the Renewed Attorney Fee Motion. [Doc. 174, p.6.] The Notice of Filing includes bills for work done on the dormant commerce clause claim, on which the Court ruled Plaintiff was not likely to prevail. [Doc. 132, p. 11 (citing Doc. 114, p. 45).] It also contains extensive billing which the Court should reduce or cut for the reasons set out in Defendants' previous Memorandum of Law. (*See generally* Doc. 132.) Plaintiff's response to the motion to stay [Doc. 129], includes argument regarding a statute of limitations, an issue on which the Court did not rule Plaintiff was likely to prevail in the preliminary injunction order. [Doc. 114.] Plaintiff's response to the motion for reconsideration [Doc. 144], includes argument regarding void for vagueness, an issue on which Plaintiff did not even seek the preliminary injunction, let alone prevail. [Doc. 114.] Fees for work researching, preparing, and reviewing these motions should be reduced to account for work related to issues on which Plaintiff did not prevail.

Plaintiff also are asking this Court to award fees related to the motion for summary judgment and the appeal.  Plaintiff's and Defendants' motions for summary judgment remain pending. [*See* Doc. 141; Doc. 167.] Thus, Plaintiff *cannot* have prevailed on these motions and cannot receive attorney fees for work on the motions. The Eleventh Circuit appeal was dismissed

as moot. [Doc. 172.] Plaintiff therefore did not prevail in the appeal, either, even if Plaintiff could recover those fees in this matter.

Plaintiff also submitted additional bills for tasks completely unrelated to the preliminary injunction. Mark Johnson billed for work related to an extension of time, correspondence with the County attorney, website edits, a standby statement, admissibility of evidence, the administrative law proceeding with the EPD, and litigation strategy. [Doc. 192, pp. 10-13,19,23,33,38, 43.] Jordan Parks billed for work related to an extension of time, settlement, correspondence with the County attorney, demand letter, facility name, review of document production, and county meetings re: Magnolia Holdings. [Doc. 192, pp. 10-11,19,23,31-33,36.] Kyler Wise billed for work related to preliminary filings in the Eleventh Circuit, mediation notice, review of appellant's index, and the EPD's receipt of a letter from the County. [Doc. 193, pp.7-9,11.] This time should be cut from any attorney fee award.

Fifth, Plaintiff's attorney fee award should be reduced due to additional inadequate time descriptions, block billing, and redactions in the Second Affidavits. [*See* Doc. 132, pp. 11-12.] These make it difficult or impossible to determine whether the fees associated with these billing issues are appropriate in an attorney fee award. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Many of Mark Johnson's bills include redacted, and thus unknown, topics. Examples of such bills include, but are not limited to, "conference call with counsel re: [redacted]," read and respond to emails with counsel re: [redacted]," read/respond to emails with Betsey re: [redacted]," and read/respond to emails re: [redacted]." [Doc. 192, pp. 12,38,40-43.] There are bills for multiple "standing calls" and conference calls with no topic specified. [Doc. 192, pp. 13,17-19,21-23,32,41.)] Mark Johnson billed for unknown tasks such as: "finalize [redacted] letters" and "review and finalize follow-up [redacted] requests." [Doc. 192, pp. 14,18.] Kyler

Wise, similarly, billed for correspondence regarding redacted topics [Doc. 193, pp.7-11], and billed for conference calls with either no topic specified or redacted topics. [Doc. 193, pp. 8-9,11.]

Mark Johnson's and Kyler Wise's Second Affidavits also include additional extensive block billing, with many block bills partially redacted. [*See generally* Doc. 192, pp.9-43; Doc. 193, pp.7-11.] Since the block bills include unrelated tasks within the same billing entries, it is impossible to determine whether the redacted portions of the bills are potentially appropriate for an attorney fee award.

Development Partners has billed excessively and billed for tasks which are inappropriate for inclusion in an attorney fee award based on the preliminary injunction vested rights claim. The block billing and the heavy redactions also make it more difficult, if not impossible, to determine whether Plaintiff is entitled to the fee in many of the billing entries. Any attorney fee award should therefore be cut, or at least reduced, to account for the inappropriate and excessive billing entries.

**4.**   **Lodestar Adjustment**

The Court should also adjust any attorney fee award downward due to Plaintiff's failure to prevail on the dormant commerce clause claim raised in the preliminary injunction motion, the fact that a preliminary injunction provided Plaintiff only limited success in the litigation, and the lack of information in many of the bills presented by Development Partners.  "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434.  Additionally, "[w]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* at 434-435 (quoting *Davis v. Cnty. of Los Angeles*, 8 Empl. Prac. Dec. (CCH) P9444, 5049 (C.D. Cal. 1974)).

As discussed in Defendants' previous Memorandum of Law, many of Plaintiff's bills are for work done on tasks and subjects other than the vested rights claim for the preliminary injunction. (Doc. 132, pp. 11-13.) The vested rights claim in the motion for preliminary injunction is the only claim on which Plaintiff has prevailed and is therefore the only claim on which this Court may award attorney fees. [Doc. 114, p. 44.]  As discussed above, work related to the attorney fee and expert affidavits, the attorney fee motion, the motion to stay, and the motion for reconsideration include work on topics other than the vested rights claim. The time on these motions should be reduced accordingly.  Also as discussed above, Plaintiff did not prevail at all on the motions for summary judgment or the interlocutory appeal, so that time should be cut entirely. Work related to clerical issues and tasks and subject matters irrelevant to the preliminary injunction should also be cut, as discussed above.

The lodestar should also be adjusted downward due to the excessive number of attorneys involved, including unnecessary non-local attorneys, and excessive rates for the reasons discussed herein and in Defendants' previous Memorandum of Law. [Doc. 132.]  In addition, the lodestar should be adjusted downward due to the excessive block billing and redacted bills which make it impossible to determine whether the billing entry is appropriate for an attorney fee award.

Finally, the lodestar should be adjusted downward because Plaintiff only prevailed on part of a preliminary injunction motion, the vested rights claim. [Doc. 114, pp. 44-45.] Vested rights is a state law claim and is only one of Plaintiff's two remaining claims in this litigation, the other being a void for vagueness claim. [Doc. 135, pp. 70-71.] Plaintiff has obtained limited success; it obtained some relief on only one of its remaining claims and has not obtained final relief on any claim.

**5.**     **Timeliness of Submission**

The Court should decline to award attorney fees or reduce the attorney fee award for the fees contained in the Second Affidavit of Mark D. Johnson and the Second Affidavit of Kyler L. Wise, because the Affidavits and bills contained therein were untimely filed under the Court's local rules.[2] A request for attorney's fees in a civil rights action is untimely when it violates a local rule establishing a time limit. *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (discussing timeliness of attorney fee motion and supporting affidavits); *see also Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723 (11th Cir. 1992) (declining to award attorney fees under 42 U.S.C. § 1988 because attorney fee motion was untimely filed under the court's local rules).

The local rules of this Court impose a time limit specifically for filing the supporting documentation for attorney fee requests. Southern District Local Rule 54.2.2(c) states that the movant "shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation" within "30 days … after entry of the final judgment" or "such other period as the Court may prescribe." Moreover, Local Rule 54.2 explicitly applies to all attorney fee awards "authorized by statute," such as 42 U.S.C. § 1988. L.R. 54.2.

Plaintiff waited over four months after filing its Renewed Motion for Attorney Fees to file the Second Affidavits. Although the Court permitted Plaintiff to renew its attorney fee motion after the resolution of the interlocutory appeal, it did not grant a further extension for filing supporting documentation for the renewed motion. Furthermore, the Second Affidavits contain bills for work only up until October 2021 [Doc. 192] and November 2021. [Doc. 193.] As the supplemental documentation seeks attorney fees for work completed at least 9-10 months before the Renewed

---

[2] Defendants do not contest the timeliness of the Renewed Motion itself, as the Court permitted Plaintiff to re-file an attorney fee motion upon the resolution of the interlocutory appeal. [Doc. 159, p. 11.]

Motion was filed, Plaintiff has no justification for waiting over four months after filing the Renewed Motion to file the additional supporting documentation. Plaintiff did not comply with L.R. 54 in its untimely filing of the Second Affidavits and the Court should therefore cut or reduce the additional bills.

## **CONCLUSION**

Plaintiff is attempting to get the Court to award it every cent its eleven attorneys have written down as fees in this matter.  Neither law nor logic provide for such an award.  Plaintiff failed in its obligation to set out for the Court precisely which fees it's attorneys reasonably incurred as a result of prevailing on the narrow issue involved in the Court's order on the interlocutory judgment.  The Court need look no further than a partner charging for setting an agenda for a call with the eleven or so counsel representing Plaintiff to determine Plaintiff did not meet its burden.

Respectfully submitted, this 30th day of January, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com
RACHAEL SLIMMON
Georgia Bar No. 831661
rslimmon@fmglaw.com

*Attorney for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing DEFENDANTS'

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUPPORTING

DOCUMENTATION REGARDING PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS'

FEES to the Clerk of Court using the *CM/ECF* system which will automatically send electronic

mail notification of such filing and service to the following counsel of record:

L. Robert Lovett
LOVETT LAW GROUP
5400 Riverside Drive, Suite 203
Macon, GA 31210
Bob@LovettLawGroup.com

Kyler L. Wise
Jeffrey R. Davis
WILSON BROCK & IRBY, LLC
2849 Paces Ferry Road, Suite 700
Atlanta, GA 30339
kwise@wbilegal.com
jdavis@wbilegal.com

George Rountree
BROWN ROUNTREE, P.C.
26 North Main Street
Statesboro, GA 30458
george@br-firm.com

Mark D. Johnson
Amber M. Carter
GILBERT, HARRELL, SUMERFORD
  & MARTIN, PC
PO Box 190
Brunswick, GA 31521-0190
mjohnson@gilbertharrelllaw.com
acarter@gilbertharrelllaw.com

Paul H. Threlkeld
Amelia C. Stevens
OLIVER MANER, LLP
PO Box 10186
Savannah, GA 31412
pht@olivermaner.com
astevens@olivermaner.com

This 30th day of January, 2023.

/s/ Dana K. Maine
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
21422449