IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC<br><br>　　Plaintiff,<br><br>vs.<br><br>BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners,<br><br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  CASE NO. 5:19-CV-00109<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES AND ITS SUPPORTING DOCUMENTATION THEREFOR

　　Brantley County Development Partners, LLC ("Plaintiff"), by and through the undersigned counsel, files this Reply Brief in Support of its Renewed Motion for Attorney's Fees and the supporting documentation filed therefor.

### INTRODUCTION

　　On May 14, 2021, this Court issued an Order ("Preliminary Injunction Order") enjoining Defendants from applying County decisions retroactively to a prior-approved action by a previous Board of Commissioners. [Doc. 114]. Plaintiff thereafter filed a Motion for Award of Attorney's Fees and Memorandum of Law in Support Thereof ("Initial Motion") on May 27, 2021. [Doc. 116]. On June 28, 2021, Plaintiff filed Fee Affidavits ("Initial Fee Affidavits") from counsel and an Expert Witness Report of James B. Durham in support of the Initial Motion. [Doc. 127].

Defendants appealed the Preliminary Injunction Order and this Court thereafter denied Plaintiff's Initial Motion, without prejudice, with a note for Plaintiff to refile after the appeal concluded. [Doc. 159, p. 11]. Ultimately, Defendant's appeal was unsuccessful and the Preliminary Injunction Order was left in place allowing Plaintiff's to file a Renewed Motion for Attorney's Fees on August 3, 2022 ("Renewed Motion").[1]

Plaintiff's Renewed Motion adopted and incorporated by reference the Initial Fee Affidavits, previously filed on June 28, 2021. [Doc. 127 & 174]. On December 23, 2022, Plaintiff filed its supplemental fee affidavits in support of the Renewed Motion ("Supplemental Fee Affidavits") in order to capture additional fees which accrued after June 28, 2021. [Doc. 192 & 193]. . Between the filing of the Renewed Motion for Attorney's Fees and the filing of the Supplemental Fee Affidavits, a nearly four-month Court-ordered stay was in place expressly delaying all filing deadlines until further order of the Court while the parties participated in Court-ordered mediation. [Doc. 175]. In accordance with the Court-ordered stay and from a position of good-faith settlement negotiations, Plaintiff timely filed its Supplemental Fee Affidavits after the stay was lifted by Court order on December 12, 2022. [Doc. 185]. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ But, after Defendants denied and disputed that any settlement was entered into and the Court lifted the stay on December 12, 2022, Plaintiff timely filed the Supplemental Fee Affidavits pursuant to the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the Southern District Court of Georgia, and the Court's August 11, 2022 Order staying all deadlines.

The Initial Fee Affidavits and Supplemental Fee Affidavits have both garnered objections from Defendants. This Brief discusses the specific issue of timeliness raised in Defendants'

---

[1] Plaintiff adopts and incorporates herein arguments made in its Initial Motion [Doc. 116], its Reply Brief in support of its Initial Motion [Doc. 125], its Initial Fee Affidavits [Doc. 127], and its Renewed Motion [Doc. 174].

2

Memorandum of Law in Opposition to Plaintiff's Supporting Documentation Regarding Plaintiff's Renewed Motion for Attorney's Fees ("Defendants' Supplemental Response"). Both the Initial Fee Affidavits and the Supplemental Fee Affidavits represent reasonable fees accrued, which were necessary for the proper and appropriate handling of this case relative to Plaintiff's Motion for Preliminary Injunction.[2] As pointed out by the various Affidavits, the fees sought were incurred obtaining the Preliminary Injunction.

Defendants state their frustration with Plaintiff's organization of their fees in the Supplemental Fee Affidavits, by work completed and not by claim raised by Defendants. [Doc. 207, p. 3]. Plaintiff's Initial Fee Affidavits and Supplemental Fee Affidavits detail the services provided by counsel (i.e., "Review and edits to brief in opposition to defendant's motion for stay of injunction…" [Doc. 192, p. 18]. Appropriate redactions were made and the Affidavits clearly point out that fees not related to obtaining the Preliminary Injunction are not included within the fee award sought.

Plaintiff is prepared to answer any questions the Court may have in a hearing on the Renewed Motion.

## TIMING OF SUBMISSION

### I. Stay extended deadlines to file fee affidavits.

Plaintiff filed a Motion for Award of Attorney's Fees and Memorandum of Law in Support Thereof ("Initial Motion") on May 27, 2021 after the Court issued its Preliminary Injunction in Plaintiff's favor. [Doc. 116]. On June 28, 2021, Plaintiff filed Fee Affidavits ("Initial Fee Affidavits") from counsel and an Expert Witness Report of James B. Durham in support of the Initial Motion. [Doc. 127].

---

[2] See Doc. 127-5, the Expert Witness Report of James B. Durham discussing the reasonableness of the time accrued and the rates charged in the Initial Fee Affidavits.

As discussed, on May 27, 2021, Defendants filed an Appeal from the Order granting Plaintiff's Motion for Preliminary Injunction. [Doc. 117]. Judge Wood denied the Initial Motion without prejudice and stated that "Plaintiff shall be permitted to re-urge its motion [for attorney's fees] upon resolution of the interlocutory appeal." [Doc. 159, p. 11]. On July 27, 2022, the Eleventh Circuit Court of Appeals entered an order dismissing Defendants' appeal as moot, leaving undisturbed this Court's Preliminary Injunction Order. [Doc. 172]. On July 28, 2022, this Court entered an order making the mandate of the Eleventh Circuit Court of Appeals the judgment of this Court ("Renewed Final Judgment"). [Doc. 173]. Utilizing the Court's direction, Plaintiff filed a Renewed Motion for Attorney's Fees ("Renewed Motion") on August 3, 2022. [Doc. 174]. Within the Renewed Motion, Plaintiff expressly adopted and incorporated by reference all of the Initial Fee Affidavits. [Doc. 174, p. 6]. Pursuant to Local Rule 54.2, Plaintiff also reserved the ability to supplement the Renewed Motion "to provide evidence as to the amount of any additional attorney's fees due". [Doc. 174, p. 6].

Judge Wood held a telephonic status conference on August 9, 2022, with all parties during which she referred the matter to mediation to be facilitated by Magistrate Court Judge Benjamin Cheesbro. Judge Cheesbro entered an Order for Settlement Conference, which stayed all deadlines ("Stay Order") until further order of the Court on August 11, 2022. [Doc. 175]. Judge Cheesbro entered an Order lifting the stay on December 12, 2022. [Doc. 185]. Pursuant to the Stay Order, all deadlines were stayed between August 11, 2022 and December 12, 2022.

FRCP Rule 54 provides a fourteen (14) day deadline for filing a Motion for Attorney's Fees. Plaintiff timely filed the Renewed Motion only six (6) days after the Renewed Final Judgment and, as noted, the Renewed Motion expressly adopted and incorporated all of the Initial Fee Affidavits in support of Plaintiff's request for attorney's fees. [Doc. 174]. Within

the Renewed Motion, Plaintiff also reserved the ability under Local Rule 54.2 to supplement its evidence of attorney's fees in order to capture additional fees accrued after submission of the Initial Fee Affidavits.

Local Rule 54.2(c) says: "Within 30 days (or such other period as the Court may prescribe) after entry of the final judgment, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation."

Local Rule 54.2 does not supersede Fed. R. Civ. P. 54 and its fourteen (14) day deadline for filing a motion for attorney's fees. However, "[t]he thirty-day period described in Local Rule 54.2(c) applies not to the initial motion for attorney's fees, but to any supplemental documentation needed for an award of attorney fees." Ingram v. AAA Cooper Transp., Inc., 1:14-CV-142, p. 9 (S.D. Ga. September 26, 2016).

Accordingly, under Local Rule 54.2, the deadline to submit supplemental supportive materials for the attorney's fees motion would have been August 27, 2022, h\had the Stay Order not been in place. Fourteen (14) days elapsed between the Renewed Final Judgment and the date the Stay Order was entered staying all deadlines until December 12, 2022. At that time, using simple math the clock began running again allowing Plaintiff sixteen (16) additional days from December 12, 2022 to file the Supplemental Fee Affidavits. Plaintiff filed the Supplemental Fee Affidavits on December 23, 2016, well within the remaining sixteen (16) days. [Doc. 192].

**II. Plaintiff was negotiating a settlement in good faith and therefore abstained from filing the Supplemental Fee Affidavits during the mediation process.**

Pursuant to the Stay Order, Plaintiff halted all filings in pursuit of resolution. Plaintiff participated in two in-person mediation sessions with Magistrate Court Judge Benjamin Cheesbro and Defendants' representatives, each lasting more than eight (8) hours. [Docs. 177, 182].

5

██████████████████████████████████████

██████████████████████████████████████

████████████████████ [3] Plaintiff was fully committed to an amiable resolution in the Court-ordered mediation and in reliance on the Stay Order, abstained from filing the Supplemental Fee Affidavits. However, Plaintiff timely filed the Supplemental Fee Affidavits after the Stay Order was lifted.

## HOURLY RATE AND QUANTITY OF HOURS EXPENDED

The magnitude of consequences resulting from the outcome of this lawsuit required Plaintiffs to seek experts in zoning and regulatory law as well as environmental and local counsel. The team representing Plaintiffs reflects the complexity of issues involved in this matter and all serve unique and important purposes for adjudicating the issues presented in the Motion for Preliminary Injunction.

I.   **Plaintiff's Attorneys billed at a reasonable rate for comparable services.**

Defendants' Response incorporates the arguments made in their Memorandum of Law in Opposition to Plaintiff's [Initial] Supporting Documentation Regarding Plaintiff's [Initial] Motion for Attorney's Fees ("Defendants' Initial Response"). [Doc. 207, p. 5]. Defendants' Initial Response makes various unsupported claims that Plaintiff's legal team billed at unreasonable rates for the Southern District of Georgia. [Doc. 132, pp. 4-7]. They cite to one case in the Southern District, which lists a variety of past fee awards, but sets no binding precedent for the Court to follow, especially where the matter discussed in the case involves a commonly litigated challenge under a fee-shifting statute. Milie v. City of Savannah, No. 4:18-CV-117, 2020 WL 4041118, at

---

[3] Unfortunately, Defendants now allege that all the time, work, and resources expended were for an academic exercise, as evidenced by their opposition to the settlement agreement reached on December 2, 2022. [Doc. 206].

*1 (S.D. Ga. July 16, 2020). The Milie case does not present comparable facts where the case before this court has required a variety of expertise in numerous areas of the law.

Where Defendants' claim that Plaintiff has made no defense of its fee affidavits, Defendants ignore the affidavit testimony of experienced litigation counsel and further dismiss Plaintiff's Expert Report explaining why the Initial Fee Affidavits were reasonable. James Durham, a Georgia attorney with over thirty-eight (38) years of experience practicing law provided his reasoned opinion on the billing rates of the attorneys which submitted documentation in the Initial Fee Affidavits. [Doc. 127-5]. Mr. Durham is clear that the rates used to determine the Initial Fee Affidavits are reasonable within the Southern District of Georgia.

The Supplemental Fee Affidavits include the same rates of Mr. Wise, Mr. Johnson, Ms. Parks, and Ms. Kroscavage. [Doc. 192]. Additional fees were included for Mr. Jud Turner and Ms. Beth Blalock who work with Mr. Johnson's firm. [Id.]. Mr. Turner brings twenty-three (23) years of environmental regulatory experience to this matter. Mr. Johnson, as the billing attorney on this case, sought guidance and involvement from Mr. Turner from time to time, for a total of 5.60 hours as depicted in the Supplemental Fee Affidavits. Mr. Turner's billable rate is reasonable for someone with the nuanced experience he has in environmental law, and in particular, in state regulatory practice. His assistance was used sparingly, in comparison to Mr. Johnson and Mr. Wise, but was necessary at times where his experience proved invaluable to the success of the Preliminary Injunction Motion. Mr. Turner served as the Director of the Environmental Protection Division from 2012-2016 and later served as Special Assistant Attorney General for environmental matters.

Ms. Blalock was also consulted in this matter based on her extensive experience in the acquisition and development of property with environmental impacts. She is also an expert in state

environmental regulations and provided 1.4 hours of service to the clients in this matter as documented by the Supplemental Fee Affidavits. Ms. Blalock has been practicing for nineteen (19) years after serving as the Assistant Branch Chief for the Land Branch of the Environmental Protection Division. She has served as counsel for the Georgia Conservancy and as an environmental attorney with King and Spalding and the Southern Environmental Law Center.

## II. Plaintiff's attorneys' work was necessary for effective representation regarding the complexity of issues involved in this matter.

Defendants also claim that Plaintiff sought counsel from an excessive number of attorneys who worked too hard to secure the Preliminary Injunction Order. [Doc. 207, pp. 6-10].[4] On this point, this Court should take Defendants' litigation tactics into consideration when assessing the reasonableness of the fees sought. Defendants' constant shifting and contradictory positions unnecessarily expanded these proceedings, with resultant increased costs and fees to Plaintiff. To remind the Court, Defendants asserted that Plaintiff's claims were both too early and too late. [Doc. 48, at 5-8; 8-13]. Defendants argued that their challenged zoning decisions were both quasi-judicial (non-legislative) and legislative (so as to invoke "legislative immunity"). [Doc. 48, at 26-27; 33-34]. Defendants unanimously voted to issue the February 6, 2015 verification letters and then sent the signed letters to Matt Roper. [Doc. No. 100 at 36, Plaintiff's Ex. "3"]. Yet, years later, Defendants claimed that the letters were not validly signed, necessitating a full-blown evidentiary hearing before this Court adding great cost and expense to Plaintiff. Perhaps even worse, after previously conceding, as they must, that Plaintiff acquired vested rights in December 2016 by virtue of becoming a permit applicant, Defendants then argued Plaintiff has no vested rights. [Compare Doc. 66 at 79-80; Doc. 85 at 5 With Doc. 150 at 8-12]. This Court has ruled

---

[4] Defendants point out that Mr. Johnson's August 2021 bill was included twice in the Supplemental Fee Affidavit. [Doc. 207, p.6]. This was done by accident and the August 2021 bill was not doubled when calculating the total attorney's fees requested.

that Plaintiff has standing to bring this action, yet the Defendants continue to stubbornly argue that Plaintiff lacks standing. Defendants' stubborn, contradictory and constantly shifting positions have unnecessarily expanded these proceedings at significant cost to Plaintiff.

All of the action taken by Plaintiff's attorneys, of which Defendants claim as excessive, was necessary for effective representation in this complicated matter, particularly considering Defendants' litigation tactics. Defendants pull fee descriptions out of context to make a point that some work supported other attorney's work or supported larger tasks related to the Preliminary Injunction and arbitrarily say these fees should be reduced simply because they say so.

> "Defendants acknowledge that some work related to attorney fee motion, motion to stay response, and the motion for reconsideration response relate to the preliminary injunction. If Plaintiff were entitled to attorney fees (which Defendants do not concede), it would be entitled to some fees related to these motions to the extent that the motions sought to enforce the injunction or obtain attorney fees for the injunction. But, it is Plaintiff's burden to demonstrate which of its fees pertain to the item on which it prevailed – and not include every minutiae of time its' eleven attorneys spent on the litigation."

[Doc. 207, pp. 7-8]. Plaintiff clearly redacted many of its time entries where the time billed was unrelated to the Initial or Renewed Motions. [See Docs. 192, 193]. The time entries are detailed and Plaintiff is prepared to answer any questions the Court has regarding any individual time entry, which is reflective of the work necessary to adequately defend its interests and prosecute the Preliminary Injunction. As the Court knows, this matter is ongoing where Plaintiff has moved for a Permanent Injunction. Redactions were made to the Initial Fee Affidavits and Supplemental Fee Affidavits where attorney-client privilege requires, especially while this case proceeds and litigation strategies were developed.

## CONCLUSION

Plaintiff's Initial Motion, Reply in support of the Initial Motion, Initial Fee Affidavits, Expert Report, Renewed Motion, and Supplemental Fee Affidavits all support the fees sought for its representation in this complicated legal matter. Plaintiff asks the Court to inquire into and award attorney's fees and costs in the amounts set forth in the above mentioned briefing.

Respectfully Submitted, this 16th day of February, 2023.

LOVETT LAW GROUP, LLC

By: ____/s/ L. Robert Lovett_____
      L. Robert Lovett
      Georgia Bar No. 459566
      5400 Riverside Drive
      Suite 203
      Macon, Georgia 31210
      (478) 476-4500
      bob@LovettLawGroup.com

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: ___/s/ Mark D. Johnson_____
      Mark D. Johnson
      Georgia Bar No. 395041
      Amber M. Carter
      Georgia Bar No. 631649
      Post Office Box 190
      Brunswick, Georgia 31521-0190
      (912) 265-6700
      mjohnson@gilbertharrelllaw.com
      acarter@gilbertharrelllaw.com

BROWN ROUNTREE PC

By: */s/ George Rountree*
    George Rountree
    Georgia Bar No. 616205
    26 North Main St
    Statesboro, Georgia 30458
    (912) 489-6900
    georgia@br-firm.com

WILSON BROCK & IRBY, L.L.C.

By: */s/ Kyler L. Wise*
    Kyler L. Wise
    Georgia Bar No. 77128
    2849 Paces Ferry Road SE
    Suite 700
    Atlanta, Georgia 30339
    (404) 853-5050
    kwise@wbilegal.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a copy of the foregoing pleading via the Court's CM/ECF system which will electronically notify all counsel of record of the filing.

This 16th day of February, 2023.

*/s/ Mark D. Johnson*
Mark D. Johnson
