# In the United States District Court for the Southern District of Georgia Waycross Division

```
BRANTLEY COUNTY DEVELOPMENT
PARTNERS, LLC

     Plaintiff,

     v.

BRANTLEY COUNTY, GEORGIA by and          No. 5:19-CV-109
through its Chairman and
Members of the Brantley County
Board of Commissioners; CHRIS
"SKIPPER" HARRIS, RANDY
DAVIDSON, BRIAN HENDRIX, JESSE
MOBLEY, and RAY GRIFFIN, all in
their individual and official
capacities as Commissioners

     Defendants.
_____
```

**ORDER**

After a careful *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Dkt. Nos. 213, 217, 218. The Magistrate Judge recommended denying Plaintiff's Motion to Enforce the Settlement Agreement, dkt. nos. 204, 205, because a settlement agreement negotiated by Defendant Brantley County's legal counsel and only two Commissioners cannot bind the County unless such settlement is approved by a quorum of the Board of Commissioners at a public hearing that complies with Georgia law. Dkt. No. 213

at 1. Many of Plaintiff's objections restate arguments Plaintiff previously made in its motion and briefings or seemingly deny admissions Plaintiff made on the record at the January 30, 2022 motion hearing. E.g., Compare Dkt. No. 218 at 5-6 (Plaintiff's Objections 1-5) with Court's recording system, *For the Record* ("FTR"), Jan. 30, 2023, 2:31:00-2:33:13 (Plaintiff conceding it understood there "had to be a formal open meeting on the record for the County to formally approve it").

What's more, Plaintiff's contention that the Magistrate Judge omitted certain "salient" facts ignores the Magistrate Judge's conclusion—that, regardless, Georgia law mandates a quorum's vote, or a quorum's delegation of settlement authority, for the Settlement Agreement to be binding, and here there never was one. Dkt. No. 217 at 9. All of Plaintiff's objections regarding these facts are immaterial to that conclusion and instead advance arguments previously made and considered; the objections also cut against Plaintiff's own admission that it understood there "had to be a formal open meeting on the record for the County to formally approve [the Settlement Agreement]." FTR 2:31:00-2:33:13; see also FTR 2:12:27-2:13:54; 2:41:17-2:42:49; 3:03:47-3:04:21. Moreover, Plaintiff's argument that Georgia law *allows* a Board to consider settlement agreements in executive sessions does not change the reality that there is no indication that executive sessions occurred here until the day of the public meeting. Dkt.

No. 218 at 5 (citing Schoen v. Cherokee Cnty., 530 S.E.2d 226 (Ga. Ct. App. 2000)); Dkt. No. 205 at 6 & Ex. T.  While it is unknown exactly what happened in executive session, the Board's consideration of the settlement agreement and its subsequent vote in open session squares directly with the law set forth in Schoen.

Furthermore, Plaintiff incorrectly characterizes the Magistrate Judge's citation to City of Atlanta v. Black, 457 S.E.2d 551, 554 (Ga. 1995).  While Plaintiff correctly notes the facts of Black, namely the limitations on the negotiating attorney's powers as proscribed by the applicable municipal code, the Magistrate Judge did not equate the applicable law in this case to the legal limitations relied upon in Black.  Rather, the Magistrate Judge cites Black only for the general proposition that any party negotiating with an attorney representing a governmental entity is presumed to understand the limitations of that attorney's authority as prescribed by Georgia law and local ordinances. Dkt. No. 213 at 6.  Here, the applicable laws and ordinances mandated a quorum of the Board to vote to approve the Settlement Agreement at a public meeting, or, for a quorum to, at least, delegate the legal authority to bind the County.  See Old Peachtree Partners, LLC v. Gwinnett Cnty., 726 S.E.2d 437, 440 (Ga. Ct. App. 2012) ("And it was the Board that in fact, authorized the county attorney to make a counter-offer of settlement with knowledge that the County's duty pursuant to that settlement would later require the

3

Board's own approval of the purchase agreement by a Board vote in a public meeting."). No reading of Black, nor any other authority to which Plaintiff points in either its briefings or objections changes that requirement under Georgia law.

Accordingly, the Court **OVERRULES** Plaintiff's objections, dkt. no. 217, **ADOPTS** the Magistrate Judge's Report and Recommendation, dkt. no. 213, and **DENIES** Plaintiff's motion to enforce the settlement agreement, dkt. nos. 204, 205.[1]

**SO ORDERED** this 22nd day of February, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Further, Plaintiff's motion for an expedited hearing, dkt. nos. 204, 205, is **DENIED as moot.** See Dkt. No. 210.

4