IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners: CHRIS "SKIPPER" HARRIS; RANDY DAVIDSON; BRIAN HENDRIX; JESSEE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners.<br><br>　　Defendants. | Civil Action No: 5:19-CV-00109 |

**DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. 221)**

Defendants Brantley County, Georgia, Chairman, and members of the Brantley County Board of Commissioners ("Defendants" or "County"), file this Surreply to Plaintiff's Reply Brief in Support of Its Renewed Motion for Award of Attorney's Fees [doc. 221]. Defendants file this Surreply to address two points: (1) Plaintiff's complaints about the failed mediation are irrelevant to its Motion for Award of Attorney's Fees; and (2) the basis for Plaintiff's Motion for Preliminary Injunction and thus its Motion for Attorney's Fees is now moot.

First, the Motion for Award of Attorney's Fees must be limited only to the preliminary injunction granted on May 14, 2021. In their renewed motion for attorney's fees, Plaintiff takes issue with the "academic exercise" of the mediation and otherwise infers that somehow it was a waste of time because the Board of Commissioners rejected the proposed settlement. [Doc. 221 at 5-6]. Plaintiff insinuates that this has added to its frustration and caused additional trouble and

1

expenses. Any complaints from Plaintiff about the mediation or the circumstances surrounding Plaintiff's failed Motion to Enforce Settlement attempt only to poison the well and muddy the waters as it relates to the Motion for Award of Attorney's Fees and should be disregarded.

Second, the post-injunction administrative proceedings have rendered the results of preliminary injunction moot. See Norman Bridge Drug Co. v. Banner, 529 F.2d 822 (5th Cir. 1976) (holding that an administrative hearing and decision, which occurred after the issuance of a preliminary injunction in the corresponding federal lawsuit, settled the subject matter and the result involved in the issuance of the preliminary injunction, rendering that aspect of the case moot). In her Final Decision issued on February 27, 2023, the Office of State Administrative Hearings (OSAH) Administrative Law Judge (ALJ) reversed the decision by the Director of the Environmental Protection Division ("EPD") of the Georgia Department of Natural Resources to issue a Solid Waste Handling Permit (the "Permit") to Brantley County Development Partners. (See Exhibit 1, OSAH Final Decision Feb. 27, 2023 at 1-2). The ALJ held that "the Permit was wrongfully issued because BCDP failed to submit a valid [Solid Waste Management Plan ("SWMP")] consistency letter[1] for the proposed facility." (Id. at 47).

Effectively, this holding "reverses" the issuance of the permit, making it as though the permit was never issued. (Id.). The SWMP consistency letter was limited to a landfill to be located on the north side of Highway 82 in Brantley County, and BCDP's application and the approved Permit were for a landfill to be located on the south side of Highway 82. (Id. at 3). Thus, the administrative law judge determined that the Permit was wrongfully issued because a valid SWMP consistency letter was not submitted for the proposed site that was the subject of the permit application. (Id.). EPD will now require that BCDP get a new SWMP consistency letter that relates

---

[1] The SWMP consistency letter is different from the reaffirmation of zoning consistency that this Court ordered Defendants to issue in the preliminary injunction.

to the southern portion of the BCDP property before EPD will reconsider whether to issue a permit for the solid waste facility.

Even if the County had provided the necessary reaffirmation of zoning consistency that Plaintiff had requested without Court intervention [see doc. 114 at 7], consistency was not the issue—the OSAH court determined that the facility covered by the County's February 2015 SWMP consistency letter was not the same as the facility proposed in BCDP's permit application presented to EPD. (See Exhibit 1, OSAH Final Decision Feb. 27, 2023 at 39). That is, the OSAH court found that the site contemplated in the letter was on the north side of Highway 82, not the south side, where BCDP's planned facility was proposed to be located. (Id.). The OSAH court concluded that the February 2015 consistency letter does not constitute written verification of SWMP consistency of BCDP's proposed facility on the south side of Highway 82. (Id. at 42). Therefore, because EPD may not issue a permit without a valid SWMP consistency letter, the issuance of the Permit to BCDP was improper. (Id.).

Thus, the preliminary injunction and resulting Motion for Award of Attorney's Fees are moot; regardless of whether the zoning consistency was valid or needed to be reaffirmed, according to the OSAH Administrative Law Judge, standing in the shoes of EPD, none of the consistency letters, particularly the SWMP letter, would allow for a landfill at the southern site. Plaintiff's Permit has been revoked and they have suffered no harm as a result of any action of the County as it relates to the preliminary injunction. Thus, the County respectfully requests that Plaintiff's Motion for Award of Attorney's Fees be denied.

Respectfully submitted this 16th day of March, 2023.

                                    OLIVER MANER LLP

                                    **/s/ PAUL H. THRELKELD**

P.O. Box 10186                       PAUL H. THRELKELD
Savannah, GA 31412            Georgia Bar No. 710731
(912) 236-3311                     AMELIA C. STEVENS
pht@olivermaner.com         Georgia Bar No. 758771
astevens@olivermaner.com

                                    FREEMAN MATHIS & GARY, LLP

                                    **/s/ DANA K. MAINE**

100 Galleria Parkway, Suite 1600    DANA K. MAINE
Atlanta, GA 30339              Georgia Bar No. 466580
(770) 8181-0000                RACHAEL SLIMMON
dmaine@fmglaw.com          Georgia Bar No. 831661
rslimmon@fmglaw.com

                                    *Attorneys for Defendant Brantley County, Georgia, Chairman, and members of the Brantley County Board of Commissioners*

4

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing on all parties and counsel of record in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Respectfully submitted this 16th day of March, 2023.

                                          OLIVER MANER LLP

                                        **/s/ PAUL H. THRELKELD**

| | |
|---|---|
| P.O. Box 10186 | PAUL H. THRELKELD |
| Savannah, GA 31412 | Georgia Bar No. 710731 |
| (912) 236-3311 | AMELIA C. STEVENS |
| pht@olivermaner.com | Georgia Bar No. 758771 |
| astevens@olivermaner.com | |

                                        FREEMAN MATHIS & GARY, LLP

                                        **/s/ DANA K. MAINE**

| | |
|---|---|
| 100 Galleria Parkway, Suite 1600 | DANA K. MAINE |
| Atlanta, GA 30339 | Georgia Bar No. 466580 |
| (770) 8181-0000 | RACHAEL SLIMMON |
| dmaine@fmglaw.com | Georgia Bar No. 831661 |
| rslimmon@fmglaw.com | |

*Attorneys for Defendant Brantley County, Georgia, Chairman, and members of the Brantley County Board of Commissioners*