IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:19-CV-00109 |
| | : | |
| BRANTLEY COUNTY, GEORGIA by and through its Chairman and Members of the Brantley County Board of Commissioners; CHRIS "SKIPPER" HARRIS, RANDY DAVIDSON, BRIAN HENDRIX, JESSE MOBLEY AND RAY GRIFFIN, all in their individual and official capacities as Commissioners, | : : : : : : : : | |
| | : | |
| Defendants. | | |

## PLAINTIFF BRANTLEY COUNTY DEVELOPMENT PARTNERS, LLC'S POST-STATUS CONFERENCE BRIEF

Plaintiff Brantley County Development Partners, LLC ("Plaintiff") respectfully submits this Post-Status Conference Brief to address succinctly the Court's question concerning whether new evidence and arguments came before the Administrative Law Judge. Upon further reflection on this question, new evidence and arguments were presented as discussed below:

### RELEVANT FACTS

On February 6, 2015, Brantley County Commissioner Charlie Summerlin signed and issued two letters to the Georgia EPD stating in pertinent part: "the proposed private Solid Waste Handling Facility proposed by the Brantley County Development Partners, LLC at the **former Magnolia Holdings Business Park** is consistent with Brantley County's local land use plan" and that "the solid waste handling facilities being proposed by Brantley County Development Partners,

LLC to be located on a site **formerly known as Magnolia Holdings Business Park** is consistent [with SWMP]". [Dkt. No. 100, Plaintiff's Exs. "6" and "7"].

On May 14, 2021, this Court granted Plaintiff's Motion for Preliminary Injunction and, among other things, ordered Defendants: "to issue the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a)". [Dkt. No. 114, p. 52].

EPD Rule 391-3-4-.05(1), which this Court ordered the Defendants to comply with, states as follows:

> The following criteria must be met for a site proposed as a solid waste handling facility:
>
> (a) **Zoning**. The site must conform to all local zoning/land use ordinances. Written verification must be submitted to the Division by the applicant demonstrating that the **proposed site complies with local zoning and land use ordinances, if any**. This verification shall include a letter from the local governmental authority stating that the **proposed site** complies with local zoning or land use ordinances, if any. This verification shall be provided at the time of submission of a permit application and reaffirmed by the governmental authority prior to permit issuance.

To obey this Court's May 14, 2021 Order requiring issuance of the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a), on November 4, 2021 Defendant Chris Harris, Chairman of the Brantley County Board of Commissioners, signed and issued a letter to Georgia EPD stating in pertinent part that: "the private Solid Waste Handling Facility proposed by Brantley County Development Partners, LLC at the **former Magnolia Holdings Business Park** was consistent with Brantley County's local land use plan…." [Dkt. No. 153-1].

As of November 4, 2021 when Defendants issued this zoning reaffirmation letter, everyone knew exactly where Plaintiff's proposed facilities were to be sited on Plaintiff's land and that the facilities would be sited on a portion of Plaintiff's land to the south of Highway 82. Plaintiff's application with the Georgia EPD for solid waste handling facilities had been pending for years.

As of November, 2021, Defendants continued to describe the proposed site exactly as they had described it in February, 2015, as the "**former Magnolia Holdings Business Park**".

On December 13, 2021, a little over one month after issuance of the Court-ordered zoning reaffirmation letter, Defendants' outside counsel argued **for the first time** that "**Magnolia Holdings Business Park**" referred only to the **north side** of Highway 82, not the south side where Plaintiff proposed to site its solid waste handling facilities. [See ALJ Final Decision, Dkt. No. 225-1, p. 26].

This argument, made for the first time in December, 2021, appears to contradict this Court's May 14, 2021 Order that Defendants issue the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a). Indeed, it also appears to contradict the content of the November 4, 2021 zoning reaffirmation letter Defendants issued to comply with this Court's May 14, 2021 Order wherein Brantley County continues to describe the site as the "**former Magnolia Holdings Business Park**".

When the 11th Circuit Court of Appeals dismissed Defendants' appeal from the May 14, 2021 Order, this Court's Order granting preliminary injunction was specifically left intact and undisturbed. [Dkt. No. 172, p. 3]. Defendants are under a continuing obligation to obey this Court's order. Yet, before the ALJ, Defendants argued that the consistency letters they issued fail to sufficiently describe the location of the facility. More to the point, for the first time in December, 2021, Defendants asserted that "Magnolia Holdings Business Park" somehow only refers to the north side of Highway 82. This argument appears to conflict with this Court's May 14, 2021 Order requiring Defendants to issue the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a) because within the November 4, 2021 zoning reaffirmation letter Defendants continued to describe the proposed site as the "**former Magnolia Holdings Business**

**Park**", exactly as they had described it within the initial February, 2015 consistency letters. Interestingly, the ALJ did not address the November 4, 2021 zoning affirmation letter in her ruling.

Plaintiff respectfully requests that this evidence weighs against staying this case. Final ruling from this Court is needed, among other things, to clarify and confirm whether Defendants complied with this Court's May 14, 2021 Order to issue the reaffirmation of zoning consistency required by Ga. Comp. R. & Regs. 391-3-4-.05(1)(a). Plaintiff respectfully requests that this Court decline to stay the case and proceed with issuance of final ruling.

Respectfully submitted this 22nd day of March, 2023.

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: ___/s/ Mark D. Johnson_____
     Mark D. Johnson
     Georgia Bar No. 395041
     Post Office Box 190
     Brunswick, Georgia 31521-0190
     (912) 265-6700
     mjohnson@ghsmlaw.com

LOVETT LAW GROUP, LLC

5400 Riverside Drive
Suite 203   By: ___/s/ L. Robert Lovett_____
Macon, Georgia 31210        L. Robert Lovett
(478) 476-4500        Georgia Bar No. 459566
bob@LovettLawGroup.com

|  |  |
|---|---|
|  | WILSON BROCK & IRBY, L.L.C. |
| 2849 Paces Ferry Road SE |  |
| Suite 700 | By: /s/ Kyler L. Wise |
| Atlanta, Georgia 30339 | Kyler L. Wise |
| (404) 853-5050 | Georgia Bar No. 771285 |
| kwise@wbilegal.com |  |
|  |  |
|  | BROWN ROUNTREE PC |
| 26 North Main St. | By: /s/ George Rountree |
| Statesboro, GA 30458 | GEORGE ROUNTREE |
| (912) 489-6900 Office | GA Bar No. 616205 |
| (912) 764-2251 Facsimile |  |
| george@br-firm.com |  |
|  | *Attorneys for Plaintiff* |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading via electronic service through the CM/ECF e-filing system upon:

Dana K. Maine
Rachael Slimmon
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339

Paul H. Threlkeld
Amelia C. Stevens
Oliver Maner LLP
P.O. Box 10186
Savannah, Georgia 31412

This 22nd day of March, 2023.

/s/ Mark D. Johnson
Mark D. Johnson